IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| AARON GANT, et al. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| FORD MOTOR COMPANY, INC., | ) | Honorable |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Ford Motor Company, Inc., ("Ford") gives notice that the case captioned *Aaron Gant, et al. v. Ford Motor Company, Inc.,* Case No. 2019-010455-NZ, is removed to the United States District Court for the Eastern District of Michigan, from the Third Circuit Court for the County of Wayne, Michigan, where Plaintiffs originally filed it on or about August 2, 2019. Ford was served on August 8, 2019. True and correct copies of all process and pleadings served on Ford are attached as **Exhibit 1 – Complaint and Jury Demand.**

### Statement of Grounds for Removal

1.  Ford bases this Notice of Removal in part on 28 U.S.C. § 1441(a), which allows removal of any state-court civil action over which the district courts of the United States have original jurisdiction.

2. The District Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d), commonly known as the Class Action Fairness Act ("CAFA"). Pursuant to 28 U.S.C. §1332(d)(2)(A), the district courts shall have original jurisdiction over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class or mass action[1] in which any of the plaintiffs is a citizen of a State different from any defendant.

3. Pursuant to 28 U.S.C. §1332(d)(11)(B)(i), the term "mass action" means "any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)."

4. This Complaint identifies 373 named Plaintiffs[2] who are citizens and residents of Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana,

---

[1] Pursuant to 28 U.S.C. §1332(d)(11)(A), a mass action shall be deemed to be removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.

[2] Ford reserves its right to challenge the form and content of the Plaintiffs' improper pleading, including their misjoinder.

Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wisconsin. (Compl. ¶¶ 5–379.)

5. Ford is a corporation organized and existing under the laws of Delaware, with its principal place of business in Dearborn, Michigan. (Compl. ¶ 3.)

6. Thus, for purposes of CAFA removal, the requisite minimal diversity exists because at least one Plaintiff is a resident of a different state than Ford. 28 U.S.C. §1332(d)(2)(A).

7. There are also more than 100 named plaintiffs, thereby satisfying this requirement for mass-action removal. *Id.* §1332(d)(11)(B)(i).

8. Moreover, the amount in controversy exceeds $5,000,000 because each of the 373 Plaintiffs "seeks damages in excess of $25,000," which in the aggregate is at least $9,325,000 (i.e., 373 x $25,000). And as explained below, each Plaintiff individually is more likely than not seeking damages exceeding $75,000.

9. In particular, Plaintiffs allege they each purchased or leased certain 2010 to 2017 Ford Fusion vehicles. (Compl. ¶ 1.)

10. Plaintiffs seek damages for, *inter alia*, (1) "significant diminution in the value of their vehicles," (2) revocation of acceptance, (3) damages incurred in

revoking acceptance, (4) damages in excess of $25,000, (5) a refund of the purchase or lease price paid, (6) indemnification of each Plaintiff and to hold each Plaintiff harmless with respect to any lease or finance contact covering each of Plaintiffs' vehicles,[3] (7) incidental damages, (8) consequential damages, (9) actual damages, (10) statutory damages, (11) actual attorney fees, (12) reasonable attorney fees,[4] and (13) disgorgement and restitution of "profits, revenue, [and] benefits" in an amount deemed appropriate by the Court. (*Id.* ¶¶ 445, 455(a–e), 463(a–e), 470(a–e) 478, 482, & 505.) Additionally, Plaintiffs ask the Court to "strike any contractual limitations on Plaintiffs' remedies . . . ." (*Id.* ¶ 482.)

---

[3] The Court should consider Plaintiffs' claim for indemnification in determining the amount in controversy. *See Seaway Painting Co. v. Burlington Ins. Grp., Inc.*, No. 12-CV-15496, 2013 WL 3817422, at *2 (E.D. Mich. July 23, 2013) ("The cost of indemnification alone for three separate suits also appears to be sufficient to satisfy the amount in controversy requirement.").

[4] The Court should also consider Plaintiffs' demand for attorney fees in calculating the amount in controversy, but only with respect to claims for which Plaintiffs have a colorable basis to recover attorney fees. *See Backs v. One Beacon Am. Ins. Co.*, No. 15-12083, 2015 WL 13039639, at *5 (E.D. Mich. Sept. 3, 2015) ("Attorneys' fees, however, are not included in diversity jurisdiction calculations unless they are included in the contract or are mandated by statute."). While Plaintiffs demand attorney fees in five of their seven counts, the only count that could arguably support such an award is the count under the Michigan Consumer Protection Act ("MCPA"). (Compl. ¶¶ 471–78.) Ford does not concede either the viability of this count, nor that Plaintiffs would be entitled to recover attorney fees. Nor does Ford concede that all Plaintiffs—i.e., non-Michigan Plaintiffs—can properly assert claims under the MCPA. Nonetheless, given Plaintiffs' universal assertion of claims under the MCPA and their demand for attorney fees, such fees may properly be considered when determining the amount in controversy.

11. "Generally, because the plaintiff is the 'master of the claim,' a claim specifically less than [$75,000] should preclude removal." *Halsey v. AGCO Corp.*, 755 F. App'x 524, 526–27 (6th Cir. 2018) (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)). Removal "becomes more complicated," however, "when the plaintiff claims an unspecified amount of damages." *Id.* (citing *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016)). Moreover, "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

12. Here, Plaintiffs do not specifically assert they are seeking less than $75,000. Rather, they each demand an unspecified amount *above* $25,000.

13. As the party seeking removal, Ford needs to show only "by a preponderance of the evidence that the amount in controversy requirement has been met." *Id.* (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Dart Cherokee Basin Operating Co. v. Owens*, ⎯⎯ U.S. ⎯⎯, 135 S. Ct. 547, 190 L.Ed.2d 495 (2014)). The Sixth Circuit recognizes "this is not a 'daunting burden' that requires the defendants to 'research, state and prove the plaintiff's claim for damages.'" *Id.* (citing *Hayes*, 266 F.3d at 572; *Gafford v. Gen. Elec. Co.*, 997 F.2d 150,158 (6th Cir. 1993)). Instead, a defendant need only "show that it is 'more likely than not' that the plaintiff's claims" seek damages satisfying the amount-in-controversy requirement. *Id.* (citing *Rogers*, 230 F.3d at 871).

5

14. For this analysis, 204 of the current 373 Plaintiffs were named plaintiffs in a prior action filed in the United States District Court for the Eastern District of Michigan, in which they explicitly asserted an amount in controversy ***over*** $75,000 as to ***each of their claims individually***. *See Kinner v. Ford Motor Co.*, No. 2:19-cv-10583-SFC-DRG (Dkt. 1) (E.D. MI.), ¶ 264 ("The amount in controversy of Plaintiffs' individual claims meets or exceeds $75,000 in value.").

15. The *Kinner* action was filed earlier this year, in this Court, and involved virtually identical factual allegations with respect to the claims of the 204 overlapping Plaintiffs.[5] For purposes of this analysis, the main difference between this action and *Kinner* are 1) the number of named Plaintiffs has increased from 204 to 373; and 2) Plaintiffs here are not asserting a claim under the Magnuson-Moss Warranty Act ("MMWA"), as they did in *Kinner*, and instead pursue two separate counts for breach of express and implied warranty, respectively. (Compl. ¶¶ 440–63.) However, it is well established that the MMWA does not create any independent cause of action, and merely provides a vehicle to pursue warranty- or contract-based claims under existing state law.

---

[5] *Kinner* was assigned to the Honorable Sean F. Cox, and Ford submits this action should likewise be assigned to Judge Cox. Should it not be, Ford reserves the right to file a Motion for Reassignment pursuant to Local Rule 83.11.

16. Here, while Plaintiffs replaced the MMWA count from the *Kinner* complaint with two counts for breach of express and implied warranty, respectively, the substance of their claims remains the same—i.e., alleged breach of warranty and damages for the same. *Compare Kinner* Compl. ¶ 274 (MMWA count seeking compensatory and other damages plus attorneys' fees), *with Gant* Compl. at 427–29 (breach of warranty counts seeking same); *also Gant* Compl. at 430, 432, 437 (additional counts seeking various forms of damages plus attorneys' fees). As a result, the underlying nature of the claims has not changed since the 204 overlapping Plaintiffs alleged in *Kinner* that their claims each individually *exceeded* $75,000—there are now just more Plaintiffs in this current action. *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (recognizing the numerous sources of information that can support the amount in controversy, including the plaintiff's own demands outside of the complaint itself); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006) (same).

17. On these facts, it is more likely than not that each of these Plaintiffs seeks more than $75,000, just as the majority of them expressly alleged in their prior *Kinner* action.

18. This Notice of Removal is also timely under 28 U.S.C. §1446(b)(1), as it is filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon

which such action or proceeding is based . . . ." *Id.* Plaintiffs filed this action in the Third Circuit Court for the County of Wayne, Michigan, on August 2, 2019; Ford was served on August 8, 2019.

19. Ford has not answered or otherwise responded yet, nor made any appearance or argument before the Circuit Court for the County of Wayne, Michigan about this matter, and therefore has not waived removal.

20. In accordance with 28 U.S.C. §1446(d), concurrently with filing this Notice of Removal, Ford will give written notice of the removal to Plaintiffs and will file a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court for the County of Wayne, Michigan.

21. Ford submits this Notice without waiving any of its rights and defenses to Plaintiffs' claims or conceding that Plaintiffs have pleaded claims upon which relief can be granted. Nor does Ford waive any other procedural objections with respect to Plaintiffs' Complaint.

22. Ford also does not admit the substance of any of the factual allegations in the Complaint, and instead reserves the right to contest those allegations—including any and all claims for alleged damages—at the appropriate time. By responding in this Court as required by Rule 81 of the Federal Rules of Civil Procedure, Ford does not consent to venue in this Court and specifically reserves its

right to challenge venue; a responsive filing in this Court would be only to prevent the entry of a default.

23.    Ford further reserves the right to raise any proper basis to assert and maintain any positions regarding the continued exercise of—including any additional bases for—federal jurisdiction over any or all of this matter, once removed, as well as all other defenses to the allegations in Plaintiffs' Complaint.

24.    All of the other prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

WHEREFORE, Ford gives notice that the referenced action now pending in the Third Circuit Court for the County of Wayne, Michigan, has been removed to this Court.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

BY: /s/ Thomas P. Branigan
THOMAS P. BRANIGAN (P41774)
JODI MUNN SCHEBEL (P55889)
MATTHEW G. BERARD (P77024)
41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304-4132
Telephone:  248.205.3300
Facsimile:  248.205.3309
Email:  tom.branigan@bowmanandbrooke.com
Email: jodi.schebel@bowmanandbrooke.com
Email: matthew.berard@bowmanandbrooke.com

*Attorneys for Defendant,*
*Ford Motor Company, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 28, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

### BOWMAN AND BROOKE LLP

BY:   /s/ Thomas P. Branigan
THOMAS P. BRANIGAN (P41774)
JODI MUNN SCHEBEL (P55889)
MATTHEW G. BERARD (P77024)
41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304-4132
Telephone:  248.205.3300
Facsimile:   248.205.3309
Email:  tom.branigan@bowmanandbrooke.com
Email: jodi.schebel@bowmanandbrooke.com
Email: matthew.berard@bowmanandbrooke.com

*Attorneys for Defendant,*
*Ford Motor Company, Inc.*