UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON GANT, et al.,

        Plaintiffs,                      Civil Action No. 19-12533
                                                Honorable Sean F. Cox
v.                                        Magistrate Judge David R. Grand

FORD MOTOR COMPANY,

        Defendant.
_____/

## ORDER ON PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO RESPOND TO DISCOVERY (ECF No. 30)

This case concerns allegedly defective transmissions in 2010-2017 Ford Fusion vehicles. Before the Court is Plaintiffs' Motion to Compel Defendant to Respond to Discovery, which was filed on March 18, 2020. (ECF No. 30). An Order of Reference was entered on March 19, 2020, referring this motion to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 31). Having reviewed the motion, and in light of the dispositive motion briefing that was taking place in this case at the time, and the impact of the coronavirus outbreak, the Court entered an Order staying the briefing deadlines on the instant motion and instructed the parties to meet and confer regarding the issues raised therein. On March 30, 2020, the Court held an informal telephone conference with counsel for the parties to discuss Plaintiffs' motion.

Plaintiffs served their discovery requests on Ford on December 20, 2019. Ford responded on January 21, 2020, but contended that the discovery requests were premature because the parties had yet to hold a Rule 26(f) conference. Under Rule 26(d)(1), parties "may not seek discovery from any source before [they] have conferred as required by Rule 26(f) . . . or by court order." Fed. R. Civ. P. 26(d)(1). Here, the parties have not yet held a Rule 26(f) conference, as Ford's motion to dismiss and Plaintiffs' motion for leave to file a second amended complaint are both pending. Both have been fully briefed and are set for hearing on June 4, 2020.

Given the nature of this case and its unusual procedural history and posture,[1]

---

[1] Plaintiffs commenced the instant *Gant* action on August 2, 2019, in the Wayne County Circuit Court, by filing a 439-page complaint, asserting various claims on behalf of more than 370 different individual plaintiffs related to allegedly defective transmissions on their Ford Fusion vehicles. (ECF No. 1-1). Ford removed the case to this federal district court on August 28, 2019, and, on October 4, 2019, it filed its initial motion to dismiss, explaining that the removed complaint in this *Gant* action was actually Plaintiffs' second "go-around" because more than 200 of the Plaintiffs "were plaintiffs in the largely identical mass-action filed in this Court in February 2019," that was voluntarily dismissed. (ECF No. 9, PageID.504). Ford filed a motion to dismiss the complaint in this action, and Judge Cox, while noting he was not expressing any opinion as to the merits of the initial *Gant* complaint, offered Plaintiffs an opportunity to cure the defects alleged by Ford in that pleading by filing an amended complaint. (ECF No. 10). On November 22, 2019, Plaintiffs responded by filing a 376-page amended complaint, accompanied by more than six hundred pages of exhibits, asserting more or less the same claims as before, this time on behalf of slightly fewer persons. (ECF Nos. 12-15). On January 17, 2020, Ford filed a 71-page motion to dismiss Plaintiffs' amended complaint, arguing that it is an improper "shotgun" pleading, as well as a plethora of more merits-based arguments. Earlier on January 17th, Plaintiffs filed a motion for leave to file a second amended complaint that is 829-pages long. (ECF No. 19). Because Plaintiffs beat Ford to the punch on January 17th, Ford was able to briefly address that complaint in its motion to dismiss, arguing, "Aside from restructuring their claims to assert them generically under the various states' laws, the SAC continues to ignore numerous pleading defects—it still provides no Rule 9(b) particularity, still asserts patently baseless claims, still fails to plead the plaintiffs' claims individually, and still fails to provide even the most basic of facts for scores of plaintiffs, among other flaws." (ECF No. 29, PageID.3204). Judge Cox has recently re-scheduled hearings on Ford's motion to dismiss and Plaintiffs' motion for leave to file a second amended

and the extreme challenges posed by the coronavirus outbreak, the Court is disinclined to order Ford to embark at this time on the type of discovery sought by Plaintiffs: largescale, time-consuming, expensive discovery that will likely require coordination amongst many in-house employees.[2] Even if Ford were to prevail only on certain of its dispositive motion arguments, or only with respect to certain of the Plaintiffs, many of Plaintiffs' discovery requests could become moot or significantly narrowed in scope.

Finally, Plaintiffs do not make a meaningful effort to explain in their motion to compel why they *need* discovery now, while Ford's motion to dismiss is pending. Instead, they devote only *a few lines* to this issue (as opposed to *the ten pages* they devote to discussing various court orders dating back decades regarding Ford's discovery practices that those courts found problematic), and assert, in wholly conclusory terms, that Ford's motion relies on "fact-intensive arguments Ford can only hope to succeed on because it has withheld from Plaintiffs the discovery they need to completely and effectively respond: purchase records, detailed repair

---

complaint for June 4, 2020. (ECF No. 33).

[2] Plaintiffs served Ford with 141 Requests for Production, 25 Interrogatories, and 14 Requests for Admission. While the Court has certainly seen cases with significantly more total discovery requests, particularly given the number of Plaintiffs in this case, responding to many of the requests will plainly take a Herculean effort. (ECF Nos. 30-2, 30-3, 30-4). Moreover, although they recognize that they are asking for "early" discovery, Plaintiffs make no attempt in their motion to narrow the categories of discovery to those that would be most beneficial to advancing the case at this stage, and instead ask the Court to "order Ford to respond fully" to their discovery requests, and award sanctions against Ford. (ECF No. 30, PageID.3900).

histories, defect and root cause analyses, and warranty-based claim history—information which remains uniquely or mainly available to Ford and which it refuses to produce." (ECF No. 30, PageID.3880). But in their response to Ford's motion to dismiss, Plaintiffs contend that their factual assertions are sufficient to state the claims plead, and that "[w]hether any specific individual will ultimately be successful on its claims is an issue to be addressed after sufficient discovery has been conducted, not at the motion to dismiss stage." (ECF No. 27, PageID.3719). The closest Plaintiffs come to raising the need for discovery is with respect to their fraud claims. But even there, Plaintiffs largely stand on their allegations, asserting they:

> have pled the FAC to achieve a harmony between Fed. R. Civ. P. 8, by keeping its pleading simple and concise, and Fed. R. Civ. P. 9(b), by pleading with enough particularity to allow Ford sufficient notice of the fraud, and to allow Ford to answer, addressing in an informed way Plaintiffs' claims of fraud. Plaintiffs' FAC has provided Ford with "fair notice" of the substance of Plaintiffs' claims. Moreover, Fed. R. Civ. P. 9(b) may be relaxed where information is only within the opposing party's knowledge. *Id.* It is a principle of basic fairness that a plaintiff should have an opportunity to flesh out its claim through evidence unturned in discovery. *Id.*"

> \*   \*   \*

> In a lawsuit as complex as this, Plaintiffs have attempted to plead the FAC with enough particularity to put Ford on notice of the allegations against it, but with enough simplicity to allow the FAC to be workable and not convoluted and confusing. Discovery may be used in this instance as a tool to clarify any allegations in the FAC.

(*Id.*, PageID.3730-31) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d

4

674 (6th Cir. 1988)). Again, whether a relaxed pleading standard applies to some or all of Plaintiffs' fraud claims, *see, e.g., Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 750 (E.D. Mich. 2017), the point is that Plaintiffs assert their claims are sufficiently pled, as is.

In light of all of the foregoing, the Court is disinclined to order Ford to provide, at this time, the largescale discovery Plaintiffs seek in their motion. On the other hand, there are almost two full months before the hearing on Ford's motion to dismiss and Plaintiffs' motion for leave to file a second amended complaint, and there are at least certain categories of discovery and certain discovery disputes on which progress can and should be made, which will not involve dozens of hands on deck to search for, gather, review, and produce reams of paper, terabytes of data, and extensive interrogatory answers. For instance, this case concerns alleged transmission defects in certain Ford Fusion models, yet the parties appear miles apart on the definition of the term "Transmission Defects" used throughout Plaintiffs' discovery requests. (ECF No. 30-6, PageID.4023). Without commenting on the appropriateness of Plaintiffs' definition, this is clearly an area where additional discussion between counsel will be necessary should any of Plaintiffs' claims survive Ford's motion to dismiss. And, it may be that Ford's responses to discovery requests that have a more global focus (as opposed to those which seek information about particular Plaintiffs' vehicles) may aid the parties in that regard.

5

Accordingly, the choice is the parties'; they can either litigate Plaintiffs' instant motion to compel – in which case Ford's response brief shall be due by **April 27, 2020**, and Plaintiffs' reply brief shall be due by **May 8, 2020** – or they can agree on sensible early discovery that results in Plaintiffs withdrawing their instant motion to compel, the latter course seeming to be a much more productive use of the parties' time and resources.

Accordingly, **IT IS ORDERED** that counsel shall confer in good faith in an effort to agree as to the categories of discovery Ford will provide at this time. If the parties are unable to reach such agreement, and Plaintiffs' motion to compel is not withdrawn by **April 27, 2020**, Ford's response to that motion shall be due by that date, and Plaintiffs' reply shall be due by **May 8, 2020**.

**SO ORDERED.**

Dated: April 6, 2020  　　　　　　　　　　s/David R. Grand  
Ann Arbor, Michigan  　　　　　　　　　　DAVID R. GRAND  
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2020.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager