UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AARON GANT, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>   Defendant. | Case: 2:19-cv-12533<br><br>Honorable Sean F. Cox<br><br>Magistrate Judge David R. Grand |

## **STIPULATED PROTECTIVE ORDER**

In order to preserve and maintain the confidentiality of certain confidential, commercial and/or proprietary documents and information produced or to be produced by Ford Motor Company ("Ford"), Plaintiffs or by any party in this action, the parties, by their undersigned Counsel, Stipulate and Agree that this "Stipulated Protective Order" be entered as an Order of this Court:

1.     Documents or information to be produced or provided by Ford, Plaintiffs or any party in this litigation that contain confidential, commercially sensitive, private personal information and/or proprietary information may be designated as confidential by marking or placing the applicable notice "Subject to Protective Order," or "Confidential," or substantially similar language on media containing the documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document.

2.     As used in this Order, the terms "documents" or "information" mean all written material, electronic data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic,  digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

3.     Documents or information designated as "Subject to Protective Order," or "Confidential" or substantially similar language in accordance with the provisions of this Order ("Protected Documents" or "Protected Information") shall only be used, shown or disclosed as provided in this Order.  However, nothing in this Order shall limit a party's use or disclosure of its, his or her own information designated as a Protected Document or Protected Information.

4.     If a receiving party disagrees with the "Protected" designation of any document or information, the party will notify the producing party in a written letter and identify the challenged document(s) with specificity, including Bates-number(s) where available, and the specific grounds for the objection to the designation.  If the parties are unable to resolve the issue of confidentiality regarding the challenged document(s), the producing party will thereafter timely apply to the Court to set a hearing for the purpose of establishing that the challenged document(s) or information is/are confidential.  Protected Documents will continue to be treated as such pending determination by the Court as to the confidential status.

5.    Protected Documents and any copies thereof shall be maintained confidential by the persons authorized to receive the documents pursuant to paragraph 6 and shall be used only for prosecuting, defending, or attempting to settle this litigation, subject to the limitations set forth herein.

6.    Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a.    Counsel of Record for the parties, and the parties;

    b.    Paralegals and staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c.    A vendor hired by a party to host data and maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case;

    d.    Experts and non-attorney consultants retained by the parties for the preparation and/or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford; and

    e.    The Court, the Court's staff, witnesses, and the jury in this case.

7.    The receiving party must make reasonable efforts to ensure the individuals described in paragraphs 6(b), 6(c) and 6(d) above are Qualified Persons.

8.      Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(d) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. The receiving party shall retain each such executed Written Assurance and shall keep a list identifying (a) all persons described in paragraphs 6(b), 6(c) and 6(d) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed Written Assurance and list shall be submitted to counsel for the producing party at the termination of this litigation or upon Order of the Court requiring production, whichever comes first. However, for consulting experts who were not designated as testifying experts, the receiving party may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A and document list for that person. To the extent the "Qualified Persons" described in paragraph 6(d) above include privileged non-testifying expert consultants, the receiving party shall retain each such executed Exhibit A and shall keep a list identifying (a) all such non-testifying expert consultants described in paragraphs 6(d) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. In the event that the producing party seeks to compel the production of each unredacted and executed Exhibit A for good cause, the receiving party shall submit each unredacted and executed Exhibit A and list to the Court for *in camera* inspection.

Persons described in paragraph 6(b) shall be covered under the signature of Counsel of Record.

9.     As the Protected Documents may only be distributed to Qualified Persons, Qualified Persons may not post Protected Documents on any website or internet accessible document repository, excepting a vendor hosted review platform for the sole purpose of reviewing the information for the subject case and not for any other purpose, and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained the producing party's Protected Documents and confidential information.

10.    To the extent that Protected Documents or information obtained therefrom are used in written discovery or in the taking of depositions (including exhibits) or other pretrial discovery or testimony and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, including any transcript pages of the deposition testimony and/or trial testimony dealing with, referring to or referencing the Protected Documents or information. Designation of the portion of the transcript (including exhibits) which contains references to Protected Documents or information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty

(30) business days after the receipt of the final transcript of such proceeding (as used herein).  However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Protected Documents.

11.     If any party disagrees with the designation of all or part of a deposition transcript designated as "Protected" pursuant to Paragraph 10 above, such party must notify the designating party in a written letter and identify the testimony (by line and page designation) and the specific grounds for the objection to the designation.  If the parties are unable to resolve the issue of confidentiality regarding the challenged deposition testimony, the designating party will thereafter timely apply to the Court to set a hearing for the purpose of establishing that the challenged deposition testimony is confidential.  The designated deposition testimony at issue, and any related exhibits, will continue to be treated as a Protected Document pending determination by the Court as to the confidential status.

12.     All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed under seal by following the protocols for sealed filings in this Court.  The parties agree that there is good cause and there exist compelling reasons to seal the requested information.  However, if a party believes that documents designated as Protected Documents cannot or should not be sealed, pursuant to the protocols and

6

rules in this Court, then the party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the producing party, in writing.  The parties will then meet and confer, in a good faith effort to resolve the dispute.  Failing agreement, the party wishing to file the materials must request a ruling from the Court on whether the Protected Documents in question must be submitted under seal.  The producing party shall have the burden of justifying that the materials must be submitted under seal.  Absent written permission from the producing party or a court Order denying a motion to seal, a receiving party may not file in the public record any Protected Documents.

13.     Within one hundred and twenty (120) days after the conclusion of this case, counsel for the parties who received Protected Documents, including any documents that any such party disclosed to any person described in paragraph 6(b), (c) or (d) above, shall either (a) return to Ford (or the producing party) the Protected Documents; or (b) securely destroy the Protected Documents and certify such destruction to Ford (or the producing party) within one hundred and fifty (150) days after the conclusion of this case.

14.     Submission to regulatory agency or governmental entity:

a.     This protective order shall not be construed to prohibit Ford's disclosure or production of safety-related information to a regulatory agency or governmental entity with an interest in the

7

safety-related information.  Material subject to this protective order may only be disclosed to a regulatory agency or governmental entity with an interest in the safety-related information by Ford, and such disclosure shall be made pursuant to 49 CFR 512 or similar applicable rules.

b.     If other parties to this protective order have a reasonable belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, they are not prohibited from advising the regulatory agency or governmental entity that they believe such documents were produced in this case, however, any disclosure of such documents shall adhere to the procedure described in Paragraph 14(a).

15.     Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

16.     The parties may disclose and produce responsive documents to each other in this litigation, and seek to do so without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection.  As such,

the parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

a.   The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

b.   If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party.  The producing party will provide a privilege log providing information, upon request or if required by the Federal Rules of Civil Procedure and applicable case law, to the receiving party at the time the producing party provides the receiving party notice of the Identified Materials if the materials are responsive in the first instance.  If the receiving party has any notes or other work

product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

c.      The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.  The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected.

d.      The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.  The receiving party must take reasonable steps to retrieve the Identified Materials if the receiving party disclosed the Identified Materials before being notified.

e.      If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the

production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

    f.    The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed, but the basis for such motion may not be based on the fact or circumstances of the production.

    g.    The disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding, pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this Court's Local Rules.

17.    No provision of this stipulated order shall constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine.  No provision of this stipulated order is intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent set forth herein.

18.     In the event that a party produces a document containing confidential, commercially sensitive, private personal information and/or proprietary information without a confidentiality designation as permitted by this Order, the following procedures shall apply:

a.     The producing party shall, within fourteen (14) days of the discovery of the disclosure, notify the other party in writing.  The party receiving such notice shall promptly destroy the document, including any copies it has, or return the document on request of the producing party.  Within ten (10) days after such document is returned or its destruction certified, the producing party will produce a new version of any such document that was returned or destroyed, which will contain the appropriate confidentiality designation.

b.     If the receiving party disputes the producing party's claim of confidentiality, that party may move the Court to challenge the confidential designation in accordance with Paragraph 4 of this Order.  If the receiving party elects to file such a motion, the receiving party may retain possession of the document, but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion.  If the receiving party's motion

12

is denied, the parties shall promptly comply with Paragraph 18(a) of this Order.

c.   The production of such document does not constitute a waiver of any claim of confidentiality as set forth in this order or any other matter in any other jurisdiction, unless otherwise ordered by the Court.

19.   This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

20.   After termination of this litigation, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

21.   This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

This matter having come before the Court by Stipulation and Agreement of the parties, and the Court being otherwise fully advised in the premises;

**IT IS ORDERED** that the terms stated above in the parties Stipulation and Agreement shall serve as a Confidentiality Protective Order in this Case.

Dated: April 24, 2020                                   s/Sean F. Cox
                                                         HONORABLE SEAN F. COX
                                                         United States District Judge


**I STIPULATE TO ENTRY OF THE ABOVE ORDER:**


/s/ Kenneth A. Stern (with consent)          /s/ Brandon M. Pellegrino
Kenneth A. Stern (P30722)                    Brandon M. Pellegrino (P79112)
Attorney for Plaintiff                       Attorneys for Defendant

## EXHIBIT A

**DECLARATION   OF**   _____,

who hereby declares and certifies, pursuant to 28 U.S.C. § 1746, and under penalty

of perjury under the laws of the United States of America, that the following

statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto, and I understand

its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United

States District Court, Eastern District of Michigan, Southern Division, in the above

captioned case and binds me to the provisions of the Stipulated Protective Order,

including to all promises undertaken in the Order, as if originally agreed by me.

Further Declarant sayeth not.


Executed on this _____ day of _____, 2020.


                                    _____
                                    **DECLARANT**