**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AARON GANT, *et al*.,

Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware Corporation,

Defendant.

Case: 2:19-cv-12533

Honorable Sean F. Cox
Magistrate Judge David R. Grand

**FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant, Ford Motor Company (Ford), by its attorneys, Bowman and Brooke LLP, submits the following as its Answer to Plaintiffs' Second Amended Complaint (SAC), Affirmative Defenses, and Jury Demand[1].

**PRELIMINARY STATEMENT**

1. Ford admits only that the SAC alleges various warranty, fraud, and other counts against Ford over allegedly defective transmissions. Ford denies the remaining allegations as stated in paragraph 1.

[1] As Ford has consistently maintained, the plaintiffs' claims are not properly joined and cannot properly be tried in one action. Ford therefore reserves the right to seek severance for this misjoinder and to seek separate trials for any actions that may advance to trial.

2. Ford admits only that the SAC alleges various counts against Ford over allegedly defective transmissions. Ford denies the remaining allegations as stated in paragraph 2.

**PARTIES**

3. Ford admits that it is a Delaware corporation with is principal place of business in Dearborn, Michigan. Ford also admits that it is in the business of designing and manufacturing, in part, assembling, marketing, distributing, and importing motor vehicles and that it engages in these activities in Michigan, among other places.

4. The allegations in paragraph 4 are vague and ambiguous, thereby depriving Ford of sufficient information to either admit or deny the allegations in paragraph 4. Therefore, Ford denies the allegations as stated in paragraph 4.

5. The allegations in paragraph 5 do not require a response from Ford. To the extent a response is required, Ford denies any allegation that the plaintiffs' vehicles are defective or that Ford is in any way liable to them on any ground.

**FACTUAL ALLEGATIONS**

6. Ford admits only that, assuming the plaintiffs have provided accurate Vehicle Identification Numbers, it may have access to certain information about that respective vehicle. However, Ford denies that it has superior information with respect to all plaintiffs and as to all categories of information listed in paragraph 6.

For example, where vehicles have been serviced by non-Ford-affiliated entities, Ford may not have any notice or records of such service.  Therefore, Ford denies the broad allegations as stated in paragraph 6.

7.    Ford specifically denies that this action is properly brought as a "consolidated" or mass action, and further denies the characterization of these claims as "the same or substantially similar," including on the grounds as state in its motions to dismiss.  Ford also denies any allegations as to the vehicles being defective or posing "an unreasonable risk of death or serious bodily injury."  Ford further denies the remaining allegations in paragraph 7.

8.    Ford lacks the knowledge or information sufficient at this time to form a belief as to the truth of the allegations related to plaintiffs' reasons for purchase in paragraph 8.  Ford admits only that it manufactured and/or distributed the vehicles at issue in the SAC.  Ford denies all allegations of defect and non-conformities to warranty in paragraph 8.  Ford further denies any remaining allegations in paragraph 8.

9.    Ford denies the allegations in paragraph 9, and specifically denies that the transmissions in plaintiffs' vehicles are defective.

10.    Ford denies the allegations in paragraph 10, and specifically denies that the transmissions in plaintiffs' vehicles are defective.

11.     Ford denies the allegations in paragraph 11, and specifically denies that the transmissions in plaintiffs' vehicles are defective, that Ford breached any warranties, and that Ford is liable to the plaintiffs in any way.

12.     Ford states that no plaintiff has alleged to have sold their respective vehicle.  Regardless, Ford denies the allegations in paragraph 12, and specifically denies that the transmissions in plaintiffs' vehicles are defective and that Ford is liable to the plaintiffs in any way.

13.     Ford admits only that is vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves.  Ford denies any allegation in paragraph 13 that is inconsistent with the express terms of Ford's NVLW.

14.     The allegations in paragraph 14 are vague, ambiguous, and fail to identify any specific vehicle or consumer, thereby depriving Ford of sufficient information to either admit or deny the allegations in paragraph 14.  Therefore, Ford denies the allegations as stated in paragraph 14.

15.     Ford denies the allegations in paragraph 15, and specifically denies that the plaintiffs' vehicles are defective, that the vehicles failed of their essential purpose, and that Ford breach any warranty obligations owed to the plaintiffs.

16.     Ford admits only that the SAC contains allegations of and claims for alleged breach of warranty as well as purported concealment, but Ford denies these

allegations in paragraph 16.  Ford also denies any remaining allegations in paragraph 16.

17.     Ford admits only that, generally, certain 2010 to 2017 Ford Fusion vehicles came equipped with 6F35 transmissions, while others came equipped with hybrid HF35 transmissions for the model years in which that transmission was available.  Ford also admits that other transmissions were available in certain 2010 to 2017 Ford Fusion vehicles.  Beyond that, Ford lacks sufficient information either to admit or deny any remaining allegations the plaintiffs may be making in paragraph 17 and its subparts, and therefore denies the same.

18.     The allegations in paragraph 18 do not require a response from Ford. To the extent a response is required, Ford is unclear as to what specifically the plaintiffs are alleging, and therefore lacks sufficient information to either to admit or deny such allegations and as such, must deny the same.

19.     The allegations in paragraph 19 concerning misjoinder of plaintiffs' claims is a legal conclusion to which no response is required.  To the extent a response is required, Ford denies that the plaintiffs' claims are properly joined and reserves its right to seek severance, including for both pretrial and trial.  Beyond that, Ford denies that the plaintiffs' vehicles are defective, that the 2010 to 2017 Ford Fusions in general are defective, denies any liability to the plaintiffs in any way, and denies any remaining allegations in paragraph 19.

20. Ford denies the allegations in paragraph 20, and specifically denies that the plaintiffs' vehicles are defective, and that Ford is liable to them in any way.

21. Ford denies the allegations in paragraph 21.

22. Ford denies the allegations in paragraph 22.

23. Ford denies the allegations in paragraph 23.

24. Ford denies the allegations in paragraph 24.

25. Ford denies the allegations in paragraph 25.

26. Ford denies the allegations in paragraph 26.

27. Many, if not most, of the plaintiffs allege no facts whatsoever supporting any purported notice to Ford of any alleged concern, while many others allege no facts whatsoever supporting that they ever experienced any concern with their vehicles. Therefore, Ford denies the allegations in paragraph 27, and specifically denies that the plaintiffs' and that Ford breached any warranty or other obligations.[2]

28. Ford admits that the 6F35 transmission was preceded by the 6F50 transmission, and that Ford worked with General Motors in the development of the latter. Beyond that, the exhibit referenced in paragraph 28 speaks for itself, and

---

[2] The SAC contains various subheaders in unnumbered form which are not properly considered allegations requiring a response, and which Ford has not repeated in its Answer. To the extent the subheaders are intended as allegations or deemed to require a response, Ford denies the content of such subheaders.

Ford denies any allegations inconsistent with the statements expressly contained within the exhibit. Moreover, Ford further denies any implication or suggestion that the 6F35 and 6F50 transmissions are the same or substantially similar.

29.    The exhibit referenced in paragraph 29 speaks for itself, and Ford denies any allegations inconsistent with the statements expressly contained within the exhibit.

30.    The exhibit referenced in paragraph 30 speaks for itself, and Ford denies any allegations inconsistent with the statements expressly contained within the exhibit.  Ford denies any remaining allegations in paragraph 30 and its subparts, including the plaintiffs' characterization of the cited exhibit.

31.    The allegation in paragraph 31 is generally accurate as far as it goes, but Ford denies any implication or suggestion that the 6F35 and 6F50 transmissions are the same or substantially similar.

32.    The exhibits referenced in paragraph 32 speak for themselves, and Ford denies any allegations inconsistent with the statements expressly contained within those exhibits.  Ford denies any remaining allegations in paragraph 32, including the plaintiffs' characterizations of the cited exhibits. Ford further denies any implication or suggestion that the 6F35 and 6F50 transmissions are the same or substantially similar.

33.     The exhibit referenced in paragraph 33 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 33 and its subparts, including the plaintiffs' characterizations of the cited exhibit. Ford further denies any implication or suggestion that the 6F35 and 6F50 transmissions are the same or substantially similar.

34.     To the extent paragraph 34's reference to "CVT" intends to refer solely to the continuously variable transmission for the hybrid vehicle (HF35), as defined in paragraph 35, Ford admits the allegations in paragraph 34. Otherwise, Ford denies the allegations in paragraph 34 as written.

35.     The exhibit referenced in paragraph 35 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 35, including the plaintiffs' characterization of the cited exhibit.

36.     Ford denies the allegations in paragraph 36, and specifically denies any allegations that the plaintiffs' vehicles are defective, that Ford breached any warranty or other obligations to the plaintiffs, and that Ford is liable to them in any way. Beyond that, the exhibit referenced in paragraph 36 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit.

Ford denies any remaining allegations in paragraph 36, including the plaintiffs' characterizations of the cited exhibit.

37.    Ford admits only that it marketed the Ford Fusion, but denies the remaining allegations and characterizations in paragraph 37, including in the header above paragraph 37.

38.    The exhibit referenced in paragraph 38 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 38, including the plaintiffs' characterization of the cited exhibit.

39.    The exhibit referenced in paragraph 39 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 39, including the plaintiffs' characterization of the cited exhibit.

40.    The exhibit referenced in paragraph 40 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 40, including the plaintiffs' characterization of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective.

41.    The exhibit referenced in paragraph 41 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit.

Ford denies any remaining allegations in paragraph 41, including the plaintiffs' characterization of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective.

42.     The exhibit referenced in paragraph 42 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 42, including the plaintiffs' characterization of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective.

43.     The exhibit referenced in paragraph 43 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 43, including the plaintiffs' characterization of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective.

44.     The exhibit referenced in paragraph 44 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 44, including the plaintiffs' characterization of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective.

45.     The exhibit referenced in paragraph 45 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit.

Ford denies any remaining allegations in paragraph 45, including the plaintiffs' characterization of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective, or that Ford made any false or misleading statements.

46.    The exhibit referenced in paragraph 46 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 46, including the plaintiffs' characterization of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective.

47.    The exhibit referenced in paragraph 47 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 47, including the plaintiffs' characterization of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective, or that Ford made any false or misleading statements.

48.    The allegations in paragraph 48 require no response from Ford.  To the extent a response is required, Ford denies the allegations in paragraph 48, including that the plaintiffs' vehicles are defective and that Ford is liable in any way.

49.    Ford denies the allegations in paragraph 49, including in the header above paragraph 49.

50.    Ford admits only that federal law imposes certain requirements and obligations on automobile manufacturers, which requirements are contained, in part,

in the law cited in paragraph 50. Beyond that, Ford denies any allegations or characterization of those requirements and obligations inconsistent with that law and denies any remaining allegations in paragraph 50.

51.    Ford admits only that federal law imposes certain requirements and obligations on automobile manufacturers, which requirements are contained, in part, in the law cited in paragraph 51. Beyond that, Ford denies any allegations or characterization of those requirements and obligations inconsistent with that law and denies any remaining allegations in paragraph 51, including any allegations and legal conclusions of purported defect in the plaintiffs' vehicles or Ford's alleged knowledge of the same.

52.    Ford admits that the ODI is an office within NHTSA and it conducts defect investigations and administers safety recalls to support NHTSA's mission to improve safety on the Nation's highways. Ford neither admits nor denies the allegation that "automobile manufacturers are required by law to report any potential safety defects to the United States government and its consumer protection entities" because it is a conclusion of law to which no response is required. To the extent a response is required, Ford denies the allegation as an inaccurate or incomplete statement of law. Ford neither admits nor denies remaining allegations in paragraph 52 because Ford lacks the knowledge or information sufficient at this time to form a belief as to the truth of the remaining allegations in paragraph 52.

53.    The exhibits referenced in paragraph 53 speak for themselves, and Ford denies any allegations inconsistent with the statements expressed in those exhibits. Ford denies any remaining allegations in paragraph 53, including the plaintiffs' characterizations of the cited exhibits, as well as any allegation that the plaintiffs' vehicles are defective, that Ford had knowledge of any such defect, or that Ford made ay misleading statements.

54.    Ford denies the allegations in paragraph 54.

55.    Ford denies the allegations in paragraph 55, including in the header above paragraph 55.

56.    Ford denies the allegations in paragraph 56.

57.    Ford admits only that it is knowledgeable in the design and manufacture of its vehicles, and that it conducts reasonable and appropriate testing on its vehicles consistent with or in excess of industry standards and government regulations. Ford denies the remaining allegations in paragraph 57, and specifically denies any allegation that the plaintiffs' vehicles are defective or dangerous.

58.    Ford admits only that it communicates with and collects certain information from independent authorized Ford dealerships concerning field performance data. Beyond that, Ford denies the allegations in paragraph 58, including any allegations or insinuations that such monitoring alerted Ford to the plaintiffs' alleged "Transmission Defects."

59.   Ford admits only that it maintains a customer contact center in Melbourne, Florida, including to address certain consumer concerns regarding its products.   However, Ford denies the allegations of any purported defect in the plaintiffs' vehicles and Ford's purported knowledge thereof, as well as that data concerning customer concerns in general is in Ford's "exclusive possession" (certain data is in Ford's possession and/or in the possession of its vendors or suppliers, as well as in the consumers' possession, among possibly others).   Ford denies any remaining allegations in paragraph 59.

60.   Paragraph 60 is vague and unclear as to its reference to any alleged "public's concerns regarding defects" and "the sheer number of online postings made about the topic," thereby depriving Ford of the information necessary to admit or deny the allegations in this paragraph, and they are therefore denied. Beyond that, while Ford admits that it has, at times, monitored certain social media concerning its customers and products, Ford denies the allegations in paragraph 60 to the extent they intend to refer to the plaintiffs here and their alleged "Transmission Defect."

61.   Ford admits the allegations in paragraph 61 are generally accurate, but beyond that, the allegations in paragraph 61 lack sufficient details for Ford to either admit or deny the allegations in paragraph 61, and therefore Ford denies the same.

62.   The exhibit referenced in paragraph 62 and the materials contained therein speak for themselves, and Ford denies any allegations or characterizations

inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 62, including the plaintiffs' characterizations of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective, or that Ford made any false or misleading statements.

63.     Ford denies the allegations in paragraph 63.

64.     Ford admits only that it is knowledgeable about its vehicles' transmissions. Beyond that generality, the allegations in paragraph 64 lack sufficient clarity and detail to allow Ford to admit or deny any such allegations in paragraph 64, and Ford must therefore deny the same.

65.     The exhibit referenced in paragraph 65 speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 65, including plaintiffs' characterizations of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective, or that Ford made any false or misleading statements.

66.     The exhibit referenced in paragraph 66 and its subparts speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 66 and its subparts, including plaintiffs' characterizations of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective, or that Ford made any false or misleading statements.

67. The exhibit referenced in paragraph 67 and its subparts speaks for itself, and Ford denies any allegations inconsistent with the statements expressed in that exhibit. Ford denies any remaining allegations in paragraph 67 and its subparts, including plaintiffs' characterizations of the cited exhibit, as well as any allegations that the plaintiffs' vehicles are defective, or that Ford made any false or misleading statements.

68. Ford admits only that, in general, it approves the TSBs that it issues. Beyond that, Ford denies the allegations contained in paragraph 68.

69. The allegations in paragraph 69 pertaining to alleged defects and the safety of the transmission are legal conclusion to which no response is required. To the extent a response is required, Ford admits only that reasonable consumers may have various expectations and knowledge concerning their vehicles, that may or may not relate to safety and design. Ford neither admits nor denies the allegations in paragraph 69 about plaintiffs' expectations because Ford lacks sufficient information to form a belief about the truth or falsity of those allegations. Ford denies the remaining allegations contained in paragraph 69.

70. Ford denies the allegations in paragraph 70, including in the header above paragraph 70, including the legal conclusion that Ford owed any such duty of disclosure, and that the vehicles' transmissions were defective.

71.     Ford has no knowledge of what any individual plaintiffs knew or were told, and therefore must deny the allegations contained in the second sentence of paragraph 71.   Beyond that, Ford denies any remaining allegations contained in paragraph 71, including that the plaintiffs' vehicles were defective, that Ford breached any duties owed, or that Ford is in any way liable to plaintiffs.

72.     Ford denies the allegations in paragraph 72.

73.     Ford denies the allegations and insinuations in paragraph 73.

74.     Ford denies the allegations in paragraph 74.

75.     Ford denies the allegations in paragraph 75.

76.     Ford denies the allegations in paragraph 76 and all subparts, including in the header above paragraph 76.

77.     Ford denies the allegations in paragraph 77.

78.     Ford denies the allegations in paragraph 78.

79.     Ford denies the allegations in paragraph 79, including in the header above paragraph 79.

80.     The allegations in paragraph 80 are entirely immaterial, irrelevant, and impertinent, as they deal with different vehicles and different alleged issues, and Ford objects on that basis.  Beyond that, Ford denies the allegations and insinuations in paragraph 80.

81.     Ford denies the allegations in the first sentence of paragraph 81. The allegations in paragraph 81 dealing with different vehicles and different alleged issues are entirely immaterial, irrelevant, and impertinent, and Ford objects on that basis. Beyond that, the exhibits referenced in paragraph 81 speak for themselves and require no response from Ford. To the extent a response is required, Ford denies any allegations or insinuations in those referenced exhibits inconsistent with the actual content, and further denies any allegations in paragraph 81 or in the referenced materials as to any defect in the plaintiffs' vehicles or any liability by Ford with respect to plaintiffs' vehicles. Ford further denies any remaining allegations contained in paragraph 81.

82.     Ford admits only that the cited hyperlinks in paragraph 82 and its subparts say what they say, but denies any allegation that plaintiffs' vehicles are defective or that Ford is in any way liable to the plaintiffs.

83.     Ford denies the allegations in paragraph 83.

84.     Ford admits only that it has, from time to time, initiated Customer Satisfaction Programs with respect to certain vehicles for certain issues, including the CSPs referenced in paragraph 84, which speak for themselves. Beyond that, Ford denies any remaining allegations—as well as the plaintiffs' characterizations of the cited exhibits—in paragraph 84.

85.     Ford denies the allegations in paragraph 85.

86.    Ford denies the allegations in paragraph 86, including in the header above paragraph 86.

87.    Ford denies the allegations in paragraph 87.

88.    Ford denies the allegations in paragraph 88.

89.    Ford admits that it has agreements with its authorized dealerships which, generally speaking, are independently owned and operated businesses and not agents of Ford (as the agreements expressly state).  Ford acknowledges that the exhibit referenced in paragraph 89 is an example of one of those agreements. Beyond that, the allegations in paragraph 89 are vague, non-specific, and generalized and thereby deprive Ford of the ability to either admit or deny them with respect to any particular plaintiff(s), and they are therefore denied.  Ford further denies any allegation or characterization of those agreements and the parties' respective rights and responsibilities thereunder that are inconsistent with the terms of those agreements.  Ford denies any remaining allegations in paragraph 89.

90.    Ford denies the allegations in paragraph 90.

91.    Ford denies the allegations in paragraph 91.

92.    Ford denies the allegations in paragraph 92, including the header above paragraph 92.

93.    Ford denies the allegations in paragraph 93.

94.    Ford denies the allegations in paragraph 94.

95.     Ford admits only that certain TSBs were issued by Ford for certain Ford Fusion vehicles, that TSBs are publicly available, and those TSBs speak for themselves.  Ford denies the remaining allegations in paragraph 95.

96.     Ford denies the allegations in paragraph 96.

97.     Ford denies the allegations in paragraph 97.

98.     Ford admits only that it published a marketing brochure for the 2010 and 2011 Ford Fusions, which contained the phrase "smooth-shifting 6-speed automatic," but denies any remaining allegations or insinuations in paragraph 98, including that this brochure provides an example of a representation that imposed any alleged duty on Ford.

99.     The allegations in paragraph 99 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations and legal conclusions contained in paragraph 99.

100.    Ford neither admits nor denies the allegations in paragraph 100 because it lacks sufficient information for Ford to form a belief about the truth or falsity of those allegations.

101.    Ford denies the allegations in paragraph 101.

102.    Ford denies the allegations in paragraph 102.

103.    Ford denies the allegations in paragraph 103.

104.    Ford denies the allegations in paragraph 104, and specifically denies any allegation of a purported defect.

105.    The allegations in paragraph 105 and its subparts contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies all allegations and legal conclusions contained in paragraph 105 and its subparts.

106.    Ford denies the allegations in paragraph 106.

107.    Ford denies the allegations in paragraph 107.

108.    Ford denies the allegations in paragraph 108.

109.    Ford denies that the plaintiffs' vehicles were defective, that Ford many any misrepresentations concerning their vehicles, that Ford breached any duties with respect to the plaintiffs, or otherwise acted as alleged in paragraph 109.  Therefore, Ford denies the allegations in paragraph 109.

110.    Ford denies the allegations in paragraph 110.

111.    Ford denies the allegations in paragraph 111.

112.    Ford denies the allegations in paragraph 112, including the header above paragraph 112.

113.    Ford denies the allegations in paragraph 113.

114.    Ford denies the allegations in paragraph 114.

115.    Ford denies the allegations in paragraph 115.

116.   Ford neither admits nor denies the allegations in paragraph 116 because they raise statements of law or legal conclusions regarding the applicability, timing, and triggering of alternative dispute resolution programs that may be required in this case under certain state laws raised by plaintiffs' allegations to which no response is required.   To the extent a response is required, Ford denies the allegations in paragraph 116 because they are incomplete or incorrect statements and conclusions of law.   Ford also denies any allegation of waiver or inadequacy of remedy in paragraph 116.

117.   Ford neither admits nor denies the allegations in paragraph 117 because they raise statements of law or legal conclusions regarding the applicability, timing, and triggering of alternative dispute resolution programs that may be required in this case under certain state laws raised by plaintiffs' allegations to which no response is required.   To the extent a response is required, Ford denies the allegations in paragraph 117 because they are incomplete or incorrect statements and conclusions of law.   Ford also denies any allegation of waiver or inadequacy of remedy in paragraph 117.

118.   Ford denies the allegations of paragraph 118.   Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

119. Ford admits that, in general, it maintains databases and information platforms, including those identified in paragraph 119. However, beyond that, the allegations in paragraph 119 are vague, non-specific, and generalized and thereby deprive Ford of the ability to either admit or deny them with respect to any particular plaintiff(s), and they are therefore denied. Moreover, Ford further denies the plaintiffs' characterization of the "ultimate purpose" for which data and information are collected, maintained, shared, and used concerning its products.

120. Paragraph 120 contains no allegations requiring a response from Ford.

**Alabama**

121. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 121. Beyond this, Ford specifically denies all allegations of a purported defect.

122. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 122. Beyond this, Ford specifically denies all allegations of a purported defect.

123. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 123. Beyond this, Ford specifically denies all allegations of a purported defect.

124. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 124. Beyond this, Ford specifically denies all allegations of a purported defect.

125. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 125. Beyond this, Ford specifically denies all allegations of a purported defect.

126. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 126. Beyond this, Ford specifically denies all allegations of a purported defect.

127. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 127. Beyond this, Ford specifically denies all allegations of a purported defect.

128. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 128. Beyond this, Ford specifically denies all allegations of a purported defect.

**Arkansas**

129. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 129. Beyond this, Ford specifically denies all allegations of a purported defect.

130. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 130. Beyond this, Ford specifically denies all allegations of a purported defect.

131. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 131. Beyond this, Ford specifically denies all allegations of a purported defect.

132. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 132. Beyond this, Ford specifically denies all allegations of a purported defect.

133. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 133. Beyond this, Ford specifically denies all allegations of a purported defect.

**Arizona**

134–37. The Court dismissed all claims asserted by Arizona plaintiffs (ECF No. 50), and these allegations therefore require no response.

**California**

138. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 138. Beyond this, Ford specifically denies all allegations of a purported defect.

139. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 139. Beyond this, Ford specifically denies all allegations of a purported defect.

140. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 140. Beyond this, Ford specifically denies all allegations of a purported defect.

141. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 141. Beyond this, Ford specifically denies all allegations of a purported defect.

142. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 142. Beyond this, Ford specifically denies all allegations of a purported defect.

**Colorado**

143. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 143. Beyond this, Ford specifically denies all allegations of a purported defect.

144. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 144. Beyond this, Ford specifically denies all allegations of a purported defect.

145. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 145. Beyond this, Ford specifically denies all allegations of a purported defect.

146. Paragraph 146 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Meleesa Genereux's claims should be dismissed pursuant to Rule 41.

147. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 147. Beyond this, Ford specifically denies all allegations of a purported defect.

**Delaware**

148. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 148. Beyond this, Ford specifically denies all allegations of a purported defect.

149. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 149. Beyond this, Ford specifically denies all allegations of a purported defect.

**Florida**

150. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 150. Beyond this, Ford specifically denies all allegations of a purported defect.

151.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 151.  Beyond this, Ford specifically denies all allegations of a purported defect.

152.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 152.  Beyond this, Ford specifically denies all allegations of a purported defect.

153.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 153.  Beyond this, Ford specifically denies all allegations of a purported defect.

154.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 154.  Beyond this, Ford specifically denies all allegations of a purported defect.

155.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 155.  Beyond this, Ford specifically denies all allegations of a purported defect.

156.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 156.  Beyond this, Ford specifically denies all allegations of a purported defect.

157.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 157.  Beyond this, Ford specifically denies all allegations of a purported defect.

158.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 158.  Beyond this, Ford specifically denies all allegations of a purported defect.

159.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 159.  Beyond this, Ford specifically denies all allegations of a purported defect.

160.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 160.  Beyond this, Ford specifically denies all allegations of a purported defect.

161.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 161.  Beyond this, Ford specifically denies all allegations of a purported defect.

162.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 162.  Beyond this, Ford specifically denies all allegations of a purported defect.

163.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 163.  Beyond this, Ford specifically denies all allegations of a purported defect.

164.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 164.  Beyond this, Ford specifically denies all allegations of a purported defect.

165.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 165.  Beyond this, Ford specifically denies all allegations of a purported defect.

166.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 166.  Beyond this, Ford specifically denies all allegations of a purported defect.

167.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 167.  Beyond this, Ford specifically denies all allegations of a purported defect.

168.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 168.  Beyond this, Ford specifically denies all allegations of a purported defect.

169.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 169.  Beyond this, Ford specifically denies all allegations of a purported defect.

170.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 170.  Beyond this, Ford specifically denies all allegations of a purported defect.

171.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 171.  Beyond this, Ford specifically denies all allegations of a purported defect.

172.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 172.  Beyond this, Ford specifically denies all allegations of a purported defect.

173.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 173.  Beyond this, Ford specifically denies all allegations of a purported defect.

174.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 174.  Beyond this, Ford specifically denies all allegations of a purported defect.

175.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 175.  Beyond this, Ford specifically denies all allegations of a purported defect.

176.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 176.  Beyond this, Ford specifically denies all allegations of a purported defect.

177.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 177.  Beyond this, Ford specifically denies all allegations of a purported defect.

178.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 178.  Beyond this, Ford specifically denies all allegations of a purported defect.

179.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 179.  Beyond this, Ford specifically denies all allegations of a purported defect.

180.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 180.  Beyond this, Ford specifically denies all allegations of a purported defect.

181. Paragraph 181 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Trent Turner's claims should be dismissed pursuant to Rule 41.

182. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 182. Beyond this, Ford specifically denies all allegations of a purported defect.

**Georgia**

183. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 183. Beyond this, Ford specifically denies all allegations of a purported defect.

184. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 184. Beyond this, Ford specifically denies all allegations of a purported defect.

185. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 185. Beyond this, Ford specifically denies all allegations of a purported defect.

186. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 186. Beyond this, Ford specifically denies all allegations of a purported defect.

187.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 187.  Beyond this, Ford specifically denies all allegations of a purported defect.

188.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 188.  Beyond this, Ford specifically denies all allegations of a purported defect.

189.   Paragraph 189 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Rene Musslewhite's claims should be dismissed pursuant to Rule 41.

190.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 190.  Beyond this, Ford specifically denies all allegations of a purported defect.

191.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 191.  Beyond this, Ford specifically denies all allegations of a purported defect.

192.   Paragraph 192 contains no actual allegations and instead states the plaintiffs' claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiffs Tamara Neal and Peggy Pelfrey's claims should be dismissed pursuant to Rule 41.

193. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 193. Beyond this, Ford specifically denies all allegations of a purported defect.

**Iowa**

194. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 194. Beyond this, Ford specifically denies all allegations of a purported defect.

195. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 195. Beyond this, Ford specifically denies all allegations of a purported defect.

196. Paragraph 196 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Rooroo Belpoze's claims should be dismissed pursuant to Rule 41.

**Illinois**

197. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 197. Beyond this, Ford specifically denies all allegations of a purported defect.

198. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 198. Beyond this, Ford specifically denies all allegations of a purported defect.

199.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 199.  Beyond this, Ford specifically denies all allegations of a purported defect.

200.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 200.  Beyond this, Ford specifically denies all allegations of a purported defect.

201.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 201.  Beyond this, Ford specifically denies all allegations of a purported defect.

202.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 202.  Beyond this, Ford specifically denies all allegations of a purported defect.

203.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 203.  Beyond this, Ford specifically denies all allegations of a purported defect.

204.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 204.  Beyond this, Ford specifically denies all allegations of a purported defect.

205.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 205.  Beyond this, Ford specifically denies all allegations of a purported defect.

206.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 206.  Beyond this, Ford specifically denies all allegations of a purported defect.

207.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 207.  Beyond this, Ford specifically denies all allegations of a purported defect.

208.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 208.  Beyond this, Ford specifically denies all allegations of a purported defect.

209.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 209.  Beyond this, Ford specifically denies all allegations of a purported defect.

210.   Paragraph 210 contains no actual allegations and instead states the plaintiffs' claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiffs Scott and Katlin Adams' claims should be dismissed pursuant to Rule 41.

211. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 211. Beyond this, Ford specifically denies all allegations of a purported defect.

212. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 212. Beyond this, Ford specifically denies all allegations of a purported defect.

213. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 213. Beyond this, Ford specifically denies all allegations of a purported defect.

**Indiana**

214. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 214. Beyond this, Ford specifically denies all allegations of a purported defect.

215. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 215. Beyond this, Ford specifically denies all allegations of a purported defect.

216. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 216. Beyond this, Ford specifically denies all allegations of a purported defect.

217. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 217. Beyond this, Ford specifically denies all allegations of a purported defect.

218. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 218. Beyond this, Ford specifically denies all allegations of a purported defect.

219. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 219. Beyond this, Ford specifically denies all allegations of a purported defect.

220. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 220. Beyond this, Ford specifically denies all allegations of a purported defect.

221. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 221. Beyond this, Ford specifically denies all allegations of a purported defect.

222. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 222. Beyond this, Ford specifically denies all allegations of a purported defect.

**Kansas**

223. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 223. Beyond this, Ford specifically denies all allegations of a purported defect.

224. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 224. Beyond this, Ford specifically denies all allegations of a purported defect.

225. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 225. Beyond this, Ford specifically denies all allegations of a purported defect.

226. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 226. Beyond this, Ford specifically denies all allegations of a purported defect.

227. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 227. Beyond this, Ford specifically denies all allegations of a purported defect.

**Kentucky**

228. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 228. Beyond this, Ford specifically denies all allegations of a purported defect.

229.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 229.   Beyond this, Ford specifically denies all allegations of a purported defect.

230.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 230.   Beyond this, Ford specifically denies all allegations of a purported defect.

231.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 231.   Beyond this, Ford specifically denies all allegations of a purported defect.

232.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 232.   Beyond this, Ford specifically denies all allegations of a purported defect.

233.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 233.   Beyond this, Ford specifically denies all allegations of a purported defect.

234.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 234.   Beyond this, Ford specifically denies all allegations of a purported defect.

235.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 235.  Beyond this, Ford specifically denies all allegations of a purported defect.

236.   Paragraph 236 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Machelle Hall's claims should be dismissed pursuant to Rule 41.

237.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 237.  Beyond this, Ford specifically denies all allegations of a purported defect.

238.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 238.  Beyond this, Ford specifically denies all allegations of a purported defect.

239.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 239.  Beyond this, Ford specifically denies all allegations of a purported defect.

240.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 240.  Beyond this, Ford specifically denies all allegations of a purported defect.

**Louisiana**

241. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 241. Beyond this, Ford specifically denies all allegations of a purported defect.

242. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 242. Beyond this, Ford specifically denies all allegations of a purported defect.

243. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 243. Beyond this, Ford specifically denies all allegations of a purported defect.

244. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 244. Beyond this, Ford specifically denies all allegations of a purported defect.

245. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 245. Beyond this, Ford specifically denies all allegations of a purported defect.

**Massachusetts**

246. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 246. Beyond this, Ford specifically denies all allegations of a purported defect.

247. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 247. Beyond this, Ford specifically denies all allegations of a purported defect.

248. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 248. Beyond this, Ford specifically denies all allegations of a purported defect.

249. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 249. Beyond this, Ford specifically denies all allegations of a purported defect.

250. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 250. Beyond this, Ford specifically denies all allegations of a purported defect.

251. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 251. Beyond this, Ford specifically denies all allegations of a purported defect.

252. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 252. Beyond this, Ford specifically denies all allegations of a purported defect.

**Maryland**

253. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 253. Beyond this, Ford specifically denies all allegations of a purported defect.

254. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 254. Beyond this, Ford specifically denies all allegations of a purported defect.

255. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 255. Beyond this, Ford specifically denies all allegations of a purported defect.

256. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 256. Beyond this, Ford specifically denies all allegations of a purported defect.

257. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 257. Beyond this, Ford specifically denies all allegations of a purported defect.

258. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 258. Beyond this, Ford specifically denies all allegations of a purported defect.

**Maine**

259. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 259. Beyond this, Ford specifically denies all allegations of a purported defect.

260. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 260. Beyond this, Ford specifically denies all allegations of a purported defect.

261. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 261. Beyond this, Ford specifically denies all allegations of a purported defect.

262. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 262. Beyond this, Ford specifically denies all allegations of a purported defect.

**Michigan**

263. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 263. Beyond this, Ford specifically denies all allegations of a purported defect.

264. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 264. Beyond this, Ford specifically denies all allegations of a purported defect.

265.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 265.  Beyond this, Ford specifically denies all allegations of a purported defect.

266.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 266.  Beyond this, Ford specifically denies all allegations of a purported defect.

267.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 267.  Beyond this, Ford specifically denies all allegations of a purported defect.

268.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 268.  Beyond this, Ford specifically denies all allegations of a purported defect.

269.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 269.  Beyond this, Ford specifically denies all allegations of a purported defect.

270.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 270.  Beyond this, Ford specifically denies all allegations of a purported defect.

271.   Paragraph 271 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from

Ford. Plaintiff Harlene McKinney's claims should be dismissed pursuant to Rule 41.

272.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 272.  Beyond this, Ford specifically denies all allegations of a purported defect.

273.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 273.  Beyond this, Ford specifically denies all allegations of a purported defect.

274.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 274.  Beyond this, Ford specifically denies all allegations of a purported defect.

275.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 275.  Beyond this, Ford specifically denies all allegations of a purported defect.

276.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 276.  Beyond this, Ford specifically denies all allegations of a purported defect.

277.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 277.  Beyond this, Ford specifically denies all allegations of a purported defect.

278. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 278. Beyond this, Ford specifically denies all allegations of a purported defect.

279. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 279. Beyond this, Ford specifically denies all allegations of a purported defect.

280. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 280. Beyond this, Ford specifically denies all allegations of a purported defect.

**Minnesota**

281. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 281. Beyond this, Ford specifically denies all allegations of a purported defect.

282. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 282. Beyond this, Ford specifically denies all allegations of a purported defect.

283. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 283. Beyond this, Ford specifically denies all allegations of a purported defect.

284. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 284. Beyond this, Ford specifically denies all allegations of a purported defect.

285. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 285. Beyond this, Ford specifically denies all allegations of a purported defect.

286. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 286. Beyond this, Ford specifically denies all allegations of a purported defect.

287. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 287. Beyond this, Ford specifically denies all allegations of a purported defect.

288. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 288. Beyond this, Ford specifically denies all allegations of a purported defect.

**Missouri**

289. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 289. Beyond this, Ford specifically denies all allegations of a purported defect.

290.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 290.  Beyond this, Ford specifically denies all allegations of a purported defect.

291.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 291.  Beyond this, Ford specifically denies all allegations of a purported defect.

292.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 292.  Beyond this, Ford specifically denies all allegations of a purported defect.

293.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 293.  Beyond this, Ford specifically denies all allegations of a purported defect.

294.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 294.  Beyond this, Ford specifically denies all allegations of a purported defect.

295.   Paragraph 295 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Jessica Jones' claims should be dismissed pursuant to Rule 41.

296.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 296.  Beyond this, Ford specifically denies all allegations of a purported defect.

297.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 298.  Beyond this, Ford specifically denies all allegations of a purported defect.

298.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 298.  Beyond this, Ford specifically denies all allegations of a purported defect.

299.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 299.  Beyond this, Ford specifically denies all allegations of a purported defect.

300.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 300.  Beyond this, Ford specifically denies all allegations of a purported defect.

301.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 301.  Beyond this, Ford specifically denies all allegations of a purported defect.

302. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 302. Beyond this, Ford specifically denies all allegations of a purported defect.

**Mississippi**

303. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 303. Beyond this, Ford specifically denies all allegations of a purported defect.

304. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 304. Beyond this, Ford specifically denies all allegations of a purported defect.

305. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 305. Beyond this, Ford specifically denies all allegations of a purported defect.

306. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 306. Beyond this, Ford specifically denies all allegations of a purported defect.

307. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 307. Beyond this, Ford specifically denies all allegations of a purported defect.

308. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 308. Beyond this, Ford specifically denies all allegations of a purported defect.

309. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 309. Beyond this, Ford specifically denies all allegations of a purported defect.

310. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 310. Beyond this, Ford specifically denies all allegations of a purported defect.

311. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 311. Beyond this, Ford specifically denies all allegations of a purported defect.

**North Carolina**

312. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 312. Beyond this, Ford specifically denies all allegations of a purported defect.

313. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 313. Beyond this, Ford specifically denies all allegations of a purported defect.

314.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 314.  Beyond this, Ford specifically denies all allegations of a purported defect.

315.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 315.  Beyond this, Ford specifically denies all allegations of a purported defect.

316.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 316.  Beyond this, Ford specifically denies all allegations of a purported defect.

317.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 317.  Beyond this, Ford specifically denies all allegations of a purported defect.

318.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 318.  Beyond this, Ford specifically denies all allegations of a purported defect.

319.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 319.  Beyond this, Ford specifically denies all allegations of a purported defect.

320.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 320.  Beyond this, Ford specifically denies all allegations of a purported defect.

321.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 321.  Beyond this, Ford specifically denies all allegations of a purported defect.

322.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 322.  Beyond this, Ford specifically denies all allegations of a purported defect.

323.   Paragraph 323 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Jessica Sailor's claims should be dismissed pursuant to Rule 41.

324.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 324.  Beyond this, Ford specifically denies all allegations of a purported defect.

325.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 325.  Beyond this, Ford specifically denies all allegations of a purported defect.

326. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 326. Beyond this, Ford specifically denies all allegations of a purported defect.

327. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 327. Beyond this, Ford specifically denies all allegations of a purported defect.

328. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 328. Beyond this, Ford specifically denies all allegations of a purported defect.

329. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 329. Beyond this, Ford specifically denies all allegations of a purported defect.

330. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 330. Beyond this, Ford specifically denies all allegations of a purported defect.

331. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 331. Beyond this, Ford specifically denies all allegations of a purported defect.

**North Dakota**

332. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 332. Beyond this, Ford specifically denies all allegations of a purported defect.

**Nebraska**

333. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 333. Beyond this, Ford specifically denies all allegations of a purported defect.

**New Hampshire**

334. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 334. Beyond this, Ford specifically denies all allegations of a purported defect.

**New Jersey**

335. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 335. Beyond this, Ford specifically denies all allegations of a purported defect.

336. Paragraph 336 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Ernest Hanaway's claims should be dismissed pursuant to Rule 41.

337.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 337.  Beyond this, Ford specifically denies all allegations of a purported defect.

338.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 338.  Beyond this, Ford specifically denies all allegations of a purported defect.

339.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 339.  Beyond this, Ford specifically denies all allegations of a purported defect.

340.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 340.  Beyond this, Ford specifically denies all allegations of a purported defect.

341.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 341.  Beyond this, Ford specifically denies all allegations of a purported defect.

342.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 342.  Beyond this, Ford specifically denies all allegations of a purported defect.

343. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 343. Beyond this, Ford specifically denies all allegations of a purported defect.

**New Mexico**

344. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 344. Beyond this, Ford specifically denies all allegations of a purported defect.

345. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 345. Beyond this, Ford specifically denies all allegations of a purported defect.

**Nevada**

346. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 346. Beyond this, Ford specifically denies all allegations of a purported defect.

347. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 347. Beyond this, Ford specifically denies all allegations of a purported defect.

**New York**

348.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 348.  Beyond this, Ford specifically denies all allegations of a purported defect.

349.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 349.  Beyond this, Ford specifically denies all allegations of a purported defect.

350.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 350.  Beyond this, Ford specifically denies all allegations of a purported defect.

351.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 351.  Beyond this, Ford specifically denies all allegations of a purported defect.

352.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 352.  Beyond this, Ford specifically denies all allegations of a purported defect.

353.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 353.  Beyond this, Ford specifically denies all allegations of a purported defect.

354.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 354.  Beyond this, Ford specifically denies all allegations of a purported defect.

355.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 355.  Beyond this, Ford specifically denies all allegations of a purported defect.

356.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 356.  Beyond this, Ford specifically denies all allegations of a purported defect.

357.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 357.  Beyond this, Ford specifically denies all allegations of a purported defect.

358.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 358.  Beyond this, Ford specifically denies all allegations of a purported defect.

359.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 359.  Beyond this, Ford specifically denies all allegations of a purported defect.

360.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 360.  Beyond this, Ford specifically denies all allegations of a purported defect.

361.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 361.  Beyond this, Ford specifically denies all allegations of a purported defect.

362.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 362.  Beyond this, Ford specifically denies all allegations of a purported defect.

363.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 363.  Beyond this, Ford specifically denies all allegations of a purported defect.

364.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 364.  Beyond this, Ford specifically denies all allegations of a purported defect.

365.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 365.  Beyond this, Ford specifically denies all allegations of a purported defect.

366. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 366. Beyond this, Ford specifically denies all allegations of a purported defect.

**Ohio**

367. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 367. Beyond this, Ford specifically denies all allegations of a purported defect.

368. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 368. Beyond this, Ford specifically denies all allegations of a purported defect.

369. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 369. Beyond this, Ford specifically denies all allegations of a purported defect.

370. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 370. Beyond this, Ford specifically denies all allegations of a purported defect.

371. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 371. Beyond this, Ford specifically denies all allegations of a purported defect.

372.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 372.  Beyond this, Ford specifically denies all allegations of a purported defect.

373.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 373.  Beyond this, Ford specifically denies all allegations of a purported defect.

374.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 374.  Beyond this, Ford specifically denies all allegations of a purported defect.

375.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 375.  Beyond this, Ford specifically denies all allegations of a purported defect.

376.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 376.  Beyond this, Ford specifically denies all allegations of a purported defect.

377.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 377.  Beyond this, Ford specifically denies all allegations of a purported defect.

378.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 378.  Beyond this, Ford specifically denies all allegations of a purported defect.

379.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 379.  Beyond this, Ford specifically denies all allegations of a purported defect.

380.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 380.  Beyond this, Ford specifically denies all allegations of a purported defect.

381.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 381.  Beyond this, Ford specifically denies all allegations of a purported defect.

382.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 382.  Beyond this, Ford specifically denies all allegations of a purported defect.

383.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 383.  Beyond this, Ford specifically denies all allegations of a purported defect.

384.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 384.  Beyond this, Ford specifically denies all allegations of a purported defect.

385.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 385.  Beyond this, Ford specifically denies all allegations of a purported defect.

386.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 386.  Beyond this, Ford specifically denies all allegations of a purported defect.

387.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 387.  Beyond this, Ford specifically denies all allegations of a purported defect.

388.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 388.  Beyond this, Ford specifically denies all allegations of a purported defect.

389.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 389.  Beyond this, Ford specifically denies all allegations of a purported defect.

390. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 390. Beyond this, Ford specifically denies all allegations of a purported defect.

**Oklahoma**

391. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 391. Beyond this, Ford specifically denies all allegations of a purported defect.

392. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 392. Beyond this, Ford specifically denies all allegations of a purported defect.

393. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 393. Beyond this, Ford specifically denies all allegations of a purported defect.

394. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 394. Beyond this, Ford specifically denies all allegations of a purported defect.

395. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 395. Beyond this, Ford specifically denies all allegations of a purported defect.

396. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 396. Beyond this, Ford specifically denies all allegations of a purported defect.

397. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 397. Beyond this, Ford specifically denies all allegations of a purported defect.

398. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 398. Beyond this, Ford specifically denies all allegations of a purported defect.

**Oregon**

399. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 399. Beyond this, Ford specifically denies all allegations of a purported defect.

400. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 400. Beyond this, Ford specifically denies all allegations of a purported defect.

401. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 401. Beyond this, Ford specifically denies all allegations of a purported defect.

**Pennsylvania**

402.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 402.  Beyond this, Ford specifically denies all allegations of a purported defect.

403.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 403.  Beyond this, Ford specifically denies all allegations of a purported defect.

404.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 404.  Beyond this, Ford specifically denies all allegations of a purported defect.

405.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 405.  Beyond this, Ford specifically denies all allegations of a purported defect.

406.   Paragraph 406 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Christine Taylor's claims should be dismissed pursuant to Rule 41.

407.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 407.  Beyond this, Ford specifically denies all allegations of a purported defect.

408.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 408.  Beyond this, Ford specifically denies all allegations of a purported defect.

409.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 409.  Beyond this, Ford specifically denies all allegations of a purported defect.

410.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 410.  Beyond this, Ford specifically denies all allegations of a purported defect.

411.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 411.  Beyond this, Ford specifically denies all allegations of a purported defect.

412.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 412.  Beyond this, Ford specifically denies all allegations of a purported defect.

413.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 413.  Beyond this, Ford specifically denies all allegations of a purported defect.

414. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 414. Beyond this, Ford specifically denies all allegations of a purported defect.

415. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 415. Beyond this, Ford specifically denies all allegations of a purported defect.

416. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 416. Beyond this, Ford specifically denies all allegations of a purported defect.

417. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 417. Beyond this, Ford specifically denies all allegations of a purported defect.

418. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 418. Beyond this, Ford specifically denies all allegations of a purported defect.

419. Paragraph 419 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Zakk Agentowicz's claims should be dismissed pursuant to Rule 41.

**South Carolina**

420.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 420.  Beyond this, Ford specifically denies all allegations of a purported defect.

421.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 421.  Beyond this, Ford specifically denies all allegations of a purported defect.

422.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 422.  Beyond this, Ford specifically denies all allegations of a purported defect.

423.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 423.  Beyond this, Ford specifically denies all allegations of a purported defect.

424.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 424.  Beyond this, Ford specifically denies all allegations of a purported defect.

425.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 425.  Beyond this, Ford specifically denies all allegations of a purported defect.

426. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 426. Beyond this, Ford specifically denies all allegations of a purported defect.

**South Dakota**

427. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 427. Beyond this, Ford specifically denies all allegations of a purported defect.

428. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 428. Beyond this, Ford specifically denies all allegations of a purported defect.

**Tennessee**

429. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 429. Beyond this, Ford specifically denies all allegations of a purported defect.

430. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 430. Beyond this, Ford specifically denies all allegations of a purported defect.

431. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 431. Beyond this, Ford specifically denies all allegations of a purported defect.

432.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 432.  Beyond this, Ford specifically denies all allegations of a purported defect.

433.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 433.  Beyond this, Ford specifically denies all allegations of a purported defect.

434.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 434.  Beyond this, Ford specifically denies all allegations of a purported defect.

435.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 435.  Beyond this, Ford specifically denies all allegations of a purported defect.

436.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 436.  Beyond this, Ford specifically denies all allegations of a purported defect.

437.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 437.  Beyond this, Ford specifically denies all allegations of a purported defect.

438. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 438. Beyond this, Ford specifically denies all allegations of a purported defect.

439. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 439. Beyond this, Ford specifically denies all allegations of a purported defect.

440. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 440. Beyond this, Ford specifically denies all allegations of a purported defect.

**Texas**

441. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 441. Beyond this, Ford specifically denies all allegations of a purported defect.

442. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 442. Beyond this, Ford specifically denies all allegations of a purported defect.

443.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 443.  Beyond this, Ford specifically denies all allegations of a purported defect.

444.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 444.  Beyond this, Ford specifically denies all allegations of a purported defect.

445.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 445.  Beyond this, Ford specifically denies all allegations of a purported defect.

446.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 446.  Beyond this, Ford specifically denies all allegations of a purported defect.

447.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 447.  Beyond this, Ford specifically denies all allegations of a purported defect.

448.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 448.  Beyond this, Ford specifically denies all allegations of a purported defect.

449.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 449.  Beyond this, Ford specifically denies all allegations of a purported defect.

450.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 450.  Beyond this, Ford specifically denies all allegations of a purported defect.

451.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 451.  Beyond this, Ford specifically denies all allegations of a purported defect.

452.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 452.  Beyond this, Ford specifically denies all allegations of a purported defect.

453.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 453.  Beyond this, Ford specifically denies all allegations of a purported defect.

454.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 454.  Beyond this, Ford specifically denies all allegations of a purported defect.

455.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 455.  Beyond this, Ford specifically denies all allegations of a purported defect.

456.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 456.  Beyond this, Ford specifically denies all allegations of a purported defect.

457.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 457.  Beyond this, Ford specifically denies all allegations of a purported defect.

458.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 458.  Beyond this, Ford specifically denies all allegations of a purported defect.

459.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 459.  Beyond this, Ford specifically denies all allegations of a purported defect.

460.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 460.  Beyond this, Ford specifically denies all allegations of a purported defect.

461. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 461. Beyond this, Ford specifically denies all allegations of a purported defect.

462. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 462. Beyond this, Ford specifically denies all allegations of a purported defect.

463. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 463. Beyond this, Ford specifically denies all allegations of a purported defect.

464. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 464. Beyond this, Ford specifically denies all allegations of a purported defect.

465. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 465. Beyond this, Ford specifically denies all allegations of a purported defect.

**Utah**

466. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 466. Beyond this, Ford specifically denies all allegations of a purported defect.

467. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 467. Beyond this, Ford specifically denies all allegations of a purported defect.

468. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 468. Beyond this, Ford specifically denies all allegations of a purported defect.

469. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 469. Beyond this, Ford specifically denies all allegations of a purported defect.

470. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 470. Beyond this, Ford specifically denies all allegations of a purported defect.

471. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 471. Beyond this, Ford specifically denies all allegations of a purported defect.

472. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 472. Beyond this, Ford specifically denies all allegations of a purported defect.

**Virginia**

473.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 473.  Beyond this, Ford specifically denies all allegations of a purported defect.

474.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 474.  Beyond this, Ford specifically denies all allegations of a purported defect.

475.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 475.  Beyond this, Ford specifically denies all allegations of a purported defect.

476.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 476.  Beyond this, Ford specifically denies all allegations of a purported defect.

477.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 477.  Beyond this, Ford specifically denies all allegations of a purported defect.

478.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 478.  Beyond this, Ford specifically denies all allegations of a purported defect.

479. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 479. Beyond this, Ford specifically denies all allegations of a purported defect.

**Washington**

480. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 480. Beyond this, Ford specifically denies all allegations of a purported defect.

481. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 481. Beyond this, Ford specifically denies all allegations of a purported defect.

482. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 482. Beyond this, Ford specifically denies all allegations of a purported defect.

483. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 483. Beyond this, Ford specifically denies all allegations of a purported defect.

484. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 484. Beyond this, Ford specifically denies all allegations of a purported defect.

**Wisconsin**

485.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 485.  Beyond this, Ford specifically denies all allegations of a purported defect.

486.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 486.  Beyond this, Ford specifically denies all allegations of a purported defect.

487.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 487.  Beyond this, Ford specifically denies all allegations of a purported defect.

488.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 488.  Beyond this, Ford specifically denies all allegations of a purported defect.

489.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 489.  Beyond this, Ford specifically denies all allegations of a purported defect.

490.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 490.  Beyond this, Ford specifically denies all allegations of a purported defect.

491.    Paragraph 491 contains no actual allegations and instead states the plaintiff's claim is "scheduled to be dismissed," which requires no response from Ford. Plaintiff Tonya Terrell's claims should be dismissed pursuant to Rule 41.

## West Virginia

492.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 492.  Beyond this, Ford specifically denies all allegations of a purported defect.

493.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 493.  Beyond this, Ford specifically denies all allegations of a purported defect.

494.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 494.  Beyond this, Ford specifically denies all allegations of a purported defect.

495.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 495.  Beyond this, Ford specifically denies all allegations of a purported defect.

## COUNT I
## ALLEGED VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
## (15 U.S.C. § 2301. *et seq.*)

496.    Paragraph 496 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to

plaintiffs who do not and cannot assert claims under the Magnuson-Moss Warranty Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.   To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

497.   Paragraph 497 contains no allegations requiring a response from Ford. Beyond this, the Magnuson-Moss Warranty Act (MMWA) claim is no longer asserted by all plaintiffs, as the Court dismissed this claim for all plaintiffs from Alabama, Arizona, Florida, Illinois, New York, North Carolina, Ohio, Washington, and Wisconsin.  (ECF No. 50).

498.   The allegations in paragraph 498 contain legal conclusions to which no response is required.  To the extent a response is required, the statutes cited by the remaining plaintiffs for the surviving MMWA claims speak for themselves, and Ford denies any allegations inconsistent with the language contained in the statutes. Beyond that, Ford admits that this Court has jurisdiction over this action.

499.   The allegations in paragraph 499 contain legal conclusions to which no response is required.  To the extent a response is required, the statute cited by the remaining plaintiffs for the surviving MMWA claims speaks for itself, and Ford denies any allegations inconsistent with the language contained in the statute.

500.   The allegations in paragraph 500 contain legal conclusions to which no response is required.  To the extent a response is required, the statute cited by the

remaining plaintiffs for the surviving MMWA claims speaks for itself, and Ford denies any allegations inconsistent with the language contained in the statute.

501.   The allegations in paragraph 501 contain legal conclusions to which no response is required.  To the extent a response is required, the statute cited by the remaining plaintiffs for the surviving MMWA claims speaks for itself, and Ford denies any allegations inconsistent with the language contained in the statute.

502.   The allegations in paragraph 502 contain legal conclusions to which no response is required.  To the extent a response is required, the statute cited by the remaining plaintiffs for the surviving MMWA claims speaks for itself, and Ford denies any allegations inconsistent with the language contained in the statute.

503.   The allegations in paragraph 503 contain legal conclusions to which no response is required.  To the extent a response is required, the statute cited by the remaining plaintiffs for the surviving MMWA claims speaks for itself, and Ford denies any allegations inconsistent with the language contained in the statute.  Ford admits only that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Moreover, certain implied warranties arise by operation of law.  However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

504.   The allegations in paragraph 504 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits only that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves.  Ford denies any allegation that is inconsistent with the express terms of Ford's New Vehicle Limited Warranty (NVLW).

505.   The allegations in paragraph 505 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits only that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

506.   Ford neither admits nor denies paragraph 506 because it contains legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 506 are accurate or complete statements of law.  Ford further denies all allegations in paragraph 506 of purported breach of warranty, "materials and workmanship defects," "unreasonable risk," "not fully operational, safe, or reliable," "defects and nonconformities," "risk of loss and injury and death," and the like.

507.   The allegations in paragraph 507 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits only that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves.  Ford denies any allegation that is inconsistent with the express terms of Ford's New Vehicle Limited Warranty (NVLW) as well as any implied warranties that may have arisen by operation of law.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

508.   Ford denies the allegations in paragraph 508.

509.   The allegations in paragraph 509 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in paragraph 509, including but not limited to the assertion that the vehicles are "dangerous instrumentalities."

510.   The allegations in paragraph 510 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies the allegations in paragraph 510.

511.   The allegations in paragraph 511 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies all allegations in paragraph 511, including but not limited to any assertion of alleged defect.

512. Ford denies the allegations in paragraph 512. Beyond this, paragraph 512 contains no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

513. The allegations in paragraph 513 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 513 are accurate or complete statements of law. Ford also denies the allegations in paragraph 513, including any allegations of purported defect.

514. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 514.

515. Paragraph 515 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance. (ECF No. 50). Beyond this, the allegations in paragraph 515 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind. Ford further denies any remaining allegations in paragraph 515.

**STATE LAW CLAIMS**

516. Paragraph 516 contains no allegations requiring a response from Ford. Beyond this, the Court dismissed numerous claims for plaintiffs from several states, (ECF No. 50), which will be addressed in turn.

**ALABAMA**
**COUNT I**
**ALLEGED VIOLATION OF ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**(Ala. Code § 8-19-1, *et seq.*)**

517. Ford asserts paragraph 517 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Alabama Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

518. The allegations in paragraph 518 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 518 are accurate or complete statements of law. Ford also denies any allegation in paragraph 518 that the vehicles were defective, and that it breached any duty owed or violated any law. Ford further denies any remaining allegations in paragraph 518.

519. The allegations in paragraph 519 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 519 are accurate or complete statements of law.

520. Ford denies the allegations in paragraph 520.

521. The allegations in paragraph 521 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 521 are accurate or complete statements of law. Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

522. Ford denies the allegations in paragraph 522.

523. Ford denies the allegations in paragraph 523.

524. Paragraph 524 contains no allegations requiring a response from Ford. To the extent a response is required, Ford denies any allegations inconsistent with the applicable statute. Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Ala. Code § 7-2-313)**

525. Ford asserts paragraph 525 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Alabama Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

526.   The allegations in paragraph 526 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

527.   The allegations in paragraph 527 contain legal conclusions to which no response is required.   To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

528.   Ford denies the allegations in paragraph 528.

529.   The allegations in paragraph 529 contain legal conclusions to which no response is required.   To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 529.

530. The allegations in paragraph 530 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits only that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 530.

531. Ford denies the allegations in paragraph 531.

532. Ford denies the allegations in paragraph 532.

533. Ford denies the allegations in paragraph 533.

534. Ford denies the allegations in paragraph 534.

535. Ford denies the allegations in paragraph 535.

536. Paragraph 536 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance. (ECF No. 50).

537. Ford denies the allegations in paragraph 537.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Ala. Code § 7-3-314)**

538 – 543. Paragraphs 538 - 543 contain no allegations requiring a response from Ford as the Court dismissed the implied warranty claim under Count III for Alabama. (ECF No. 50).'

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Ala. Code § 7-2-608)**

544 – 554. Paragraphs 544 - 554 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).'

**COUNT V**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Alabama Law)**

555. Ford asserts paragraph 555 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Alabama Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

556. The allegations in paragraph 556 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in Ford's NVLW.

557. Ford denies the allegations in paragraph 557.

558. Ford denies the allegations in paragraph 558. ’

**COUNT VI**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Alabama Law)**

559. Ford asserts paragraph 559 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Alabama Fraud by Concealment. The allegation in this paragraph, therefore, is not “a short and plain statement of the claim” as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

560. Ford denies the allegations in paragraph 560.

561. Ford denies the allegations in paragraph 561.

562. Ford denies the allegations in paragraph 562.

563. Ford denies the allegations in paragraph 563.

564. Ford denies the allegations in paragraph 564.

565. Ford denies the allegations in paragraph 565.

566. Ford denies the allegations in paragraph 566.

567. Ford denies the allegations in paragraph 567. ’

**COUNT VII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Alabama Law)**

568 – 572. Paragraphs 568 - 572 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).'

**ARIZONA**
**COUNT I**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(Arizona Common Law)**

573 – 577. Paragraphs 573- 577 contains no allegations requiring a response from Ford as the Court dismissed the implied warranty claim under Count I for Arizona. (ECF No. 50). '

**COUNT II**
**IN THE ALTERNATIVE, ALLEGED UNJUST ENRICHMENT**
**(Based on Arizona Law)**

578 – 582. Paragraphs 578 - 582 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50). '

**ARKANSAS**
**COUNT I**
**ALLEGED ARKANSAS PRODUCTS LIABILITY ACT**
**(Ark. Code Ann. § 16-116-101, *et seq.*)**

583. Ford asserts paragraph 583 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Arkansas Products Liability Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

584. Ford denies the allegations in paragraph 584.

585. Ford denies the allegations in paragraph 585.

586. Ford denies the allegations in paragraph 586.

587. Ford admits only that each vehicle was manufactured and/or distributed by Ford. Ford denies the remaining allegations as stated in Paragraph 587.

588. Ford denies the allegations in paragraph 588.

589. Ford denies the allegations in paragraph 589.

590. Ford denies the allegations in paragraph 590.

591. Ford denies the allegations in paragraph 591.

592. Ford neither admits nor denies paragraph 592 because it contains statements or allegations of law for which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 592 are accurate or complete statements of law. Beyond this, Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 592.

593. Ford denies the allegations in paragraph 593.

**COUNT II**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Ark. Code Ann. §§ 4-2-314)**

594. Ford asserts paragraph 594 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with

respect to plaintiffs who do not and cannot assert claims under Arkansas Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

595. Ford neither admits nor denies paragraph 595 because it contains statements or allegations of law for which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 595 are accurate or complete statements of law. Ford also denies any allegations in paragraph 595 that the vehicles were not in "merchantable condition" or not "fit for their ordinary purpose." Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

596. Ford denies the allegations in paragraph 596.

597. Ford neither admits nor denies paragraph 597 because it contains statements or allegations of law for which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 597 are accurate or complete statements of law.

598. Ford denies the allegations in paragraph 598.

**COUNT III**
**ALLEGED NEGLIGENCE**

**(Under Arkansas Law)**

599.   Ford asserts paragraph 599 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Arkansas Negligence. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

600.   Ford admits only that each vehicle was manufactured and/or distributed by Ford.  Ford denies the remaining allegations as stated in Paragraph 600.

601.   Ford neither admits nor denies paragraph 601 because it contains statements or allegations of law for which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 601 are accurate or complete statements of law.  Ford also denies any allegations in paragraph 601 of breach and negligence.

602.   Ford denies the allegations in paragraph 602.

603.   Ford denies the allegations in paragraph 603.

604.   Paragraph 604 contains no allegations requiring a response from Ford.

605.   Ford denies the allegations in paragraph 605.

606.   Ford denies the allegations in paragraph 606.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Ark. Code Ann. § 4-2-608)**

607 – 617. Paragraphs 607 - 617 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED NEGLIGENT MISREPRESENTATION/FRAUD**
**(Ark. Code Ann. § 4-2-721)**

618. Ford asserts paragraph 618 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Arkansas Negligent Misrepresentation/Fraud. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

619. Ford denies the allegations in paragraph 619.

620. Ford neither admits nor denies paragraph 620 because it contains statements or allegations of law for which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 620

are accurate or complete statements of law.  Ford also denies any allegations and insinuations in paragraph 620 of fraud or that Ford omitted or concealed facts.

621.   Ford neither admits nor denies paragraph 621 because it contains statements or allegations of law for which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 621 are accurate or complete statements of law.  Ford also denies any allegations and insinuations in paragraph 621 of defect, that the vehicles were dangerous or unreliable, or that Ford omitted or concealed facts.

622.   Ford denies the allegations in paragraph 622.

623.   Ford denies the allegations in paragraph 623.

624.   Ford neither admits nor denies paragraph 624 because it contains statements or allegations of law for which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 624 are accurate or complete statements of law.  Ford also denies any allegation in paragraph 624 of misrepresentation, concealment, and suppression of facts.  Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

625.   Ford denies the allegations in paragraph 625.  Beyond this, Ford denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

**COUNT VI**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Arkansas Law)**

626 – 629. Paragraphs 626 - 629 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**CALIFORNIA**
**COUNT I**
**ALLEGED VIOLATION FOR THE SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH OF EXPRESS WARRANTIES**
**(Cal. Civ. Code §§ 1793.2(d) & 1791.2)**

630. Ford asserts paragraph 630 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Song-Beverly Consumer Warranty Act for Breach of Express Warranties. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

631. The allegations in paragraph 631 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "buyers" and deny on this additional ground.

632.   The allegations in paragraph 632 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

633.   The allegations in paragraph 633 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

634. Ford lacks sufficient information concerning whether plaintiffs' vehicles are new or used  because of the lack of any such well-pled allegations, and therefore must deny the allegations contained in paragraph 634.

635.   The allegations in paragraph 635 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

636.   The allegations in paragraph 636 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies that the statements or allegations in paragraph 636 are accurate or complete statements of law.  Ford also denies the allegations in paragraph 636 of breach and defect.  Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

637.   Ford denies the allegations in paragraph 637.

638. Ford denies the allegations in paragraph 638.

639. Ford denies the allegations in paragraph 639.

640. Ford denies the allegations in paragraph 640.

641. Ford denies the allegations in paragraph 641.

642. Ford denies the allegations in paragraph 642.

## COUNT II
## ALLEGED VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (Cal. Civ. Code §§ 1792 & 1791.1)

643. Ford asserts paragraph 643 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Song-Beverly Consumer Warranty Act for Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

644. The allegations in paragraph 644 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "buyers" and deny on this additional ground.

645.  The allegations in paragraph 645 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

646.  The allegations in paragraph 646 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

647.  The allegations in paragraph 647 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law.  However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

648.  The allegations in paragraph 648 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

649.  Ford denies the allegations in paragraph 649.

650.  Ford denies the allegations in paragraph 650.

651.  Ford denies the allegations in paragraph 651.

652. Ford denies the allegations in paragraph 652.

653. Ford denies the allegations in paragraph 653.

654. Ford denies the allegations in paragraph 654.

655. Ford denies the allegations in paragraph 655.

**COUNT III**
**ALLEGED VIOLATIONS FOR THE CONSUMER LEGAL REMEDIES ACT**
**(Cal. Civ. Code § 1750, *et seq.*)**

656. Ford asserts paragraph 656 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under California's Consumer Legal Remedies Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

657. The allegations in paragraph 657 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

658. The allegations in paragraph 658 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "consumer" and deny on this additional ground.

659.    Ford denies the allegations in paragraph 659.

660.    Ford denies the allegations in paragraph 660.

661.    Ford denies the allegations in paragraph 661.

662.    Ford denies the allegations in paragraph 662.

663.    Ford denies the allegations in paragraph 663.

664.    Ford denies the allegations in paragraph 664.

665.    Ford denies the allegations in paragraph 665, including all of its subparts.

666.    Ford denies the allegations in paragraph 666.

667.    Ford denies the allegations in paragraph 667.

668.    Ford denies the allegations in paragraph 668.

669.    Ford denies the allegations in paragraph 669.

670.    Ford denies the allegations in paragraph 670.

671.    The allegations in paragraph 671 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and denies liability or that Plaintiffs are entitled to monetary damages.

672. The allegations in paragraph 672 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and denies liability or that Plaintiffs are entitled to monetary damages.

673. Ford denies the allegations in paragraph 673.

674. Ford denies the allegations in paragraph 674.

675. Ford denies the allegations in paragraph 675.

676. The allegations in paragraph 676 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and denies liability or that Plaintiffs are entitled to monetary damages

**COUNT IV**
**ALLEGED VIOLATION OF THE**
**CALIFORNIA UNFAIR COMPETITION LAW**
**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

677. Ford asserts paragraph 677 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the California Unfair Competition Law. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

678. The allegations in paragraph 678 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

679. Ford denies the allegations in paragraph 679.

680. Ford denies the allegations in paragraph 680.

681. Ford denies the allegations in paragraph 681.

682. Ford denies the allegations in paragraph 682.

683. Ford denies the allegations in paragraph 683.

684. Ford denies the allegations in paragraph 684.

685. Ford denies the allegations in paragraph 685.

686. Ford denies the allegations in paragraph 686.

687. Ford denies the allegations in paragraph 687.

688. The allegations in paragraph 688 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and denies liability or that Plaintiffs are entitled to any damages.

## COUNT V
## ALLEGED VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW
## (Cal. Bus. & Prof. Code § 17500, *et seq.*)

689. Ford asserts paragraph 689 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the California False Advertising Law. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

690. The allegations in paragraph 690 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

691. Ford denies the allegations in paragraph 691.

692. Ford denies the allegations in paragraph 692.

693. Ford denies the allegations in paragraph 693.

694. Ford denies the allegations in paragraph 694.

695. Ford denies the allegations in paragraph 695.

696. The allegations in paragraph 696 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and denies liability or that Plaintiffs are entitled to any damages.

**COUNT VI**
**ALLEGED BREACH OF EXPRESS WARRANTY**

**(Cal. Com. Code § 2313)**

697.   Ford asserts paragraph 697 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under California Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

698.   The allegations in paragraph 698 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any liability or that Plaintiffs are entitled to any damages.

699.   The allegations in paragraph 699 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and denies liability or that Plaintiffs are entitled to monetary damages.

700.   The allegations in paragraph 700 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 700 are accurate or complete statements of law.  Ford also denies the allegations in paragraph 700 of breach and defect.  Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who

purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW

701. Ford denies the allegations in paragraph 701.

702. The allegations in paragraph 702 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 702 are accurate or complete statements of law. Ford also denies the allegations in paragraph 702 of breach and defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW

703. Ford denies the allegations in paragraph 703.

704. Ford denies the allegations in paragraph 704.

705. Ford denies the allegations in paragraph 705.

706. Ford denies the allegations in paragraph 706.

707. Ford denies the allegations in paragraph 707.

708. Ford denies the allegations in paragraph 708.

709. Ford denies the allegations in paragraph 709.

710. Ford denies the allegations in paragraph 710.

## COUNT VII
## ALLEGED BREACH OF THE IMPLIED WARRANTY OF

**MERCHANTABILITY**
**(Cal. Com. Code § 2314)**

711. Ford asserts paragraph 711 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under California Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

712. The allegations in paragraph 712 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

713. The allegations in paragraph 713 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

714. Ford denies the allegations in paragraph 714.

715. Ford denies the allegations in paragraph 715.

716. Ford denies the allegations in paragraph 716.

**COUNT VIII**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**

717. Ford asserts paragraph 717 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under California Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

718. The allegations in paragraph 718 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

719. Ford denies the allegations in paragraph 719.

720. Ford denies the allegations in paragraph 720.

**COUNT IX**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on California Law)**

721. Ford asserts paragraph 721 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under California Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain

statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

722. Ford denies the allegations in paragraph 722.

723. Ford denies the allegations in paragraph 723.

724. Ford denies the allegations in paragraph 724.

725. Ford denies the allegations in paragraph 725.

726. Ford denies the allegations in paragraph 726.

727. Ford denies the allegations in paragraph 727.

728. Ford denies the allegations in paragraph 728.

729. Ford denies the allegations in paragraph 729.

**COLORADO**
**COUNT I**
**ALLEGED VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT**
**(Col. Rev. Stat § 6-1-101 *et seq.*)**

730 – 741. Paragraphs 730 - 741 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Col. Rev. Stat. § 4-2-313)**

742. Ford asserts paragraph 742 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Colorado Breach of

Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

743.   The allegations in paragraph 743 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

744.   The allegations in paragraph 744 contain legal conclusions to which no response is required.   To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

745.   Ford denies the allegations in paragraph 745.

746.   The allegations in paragraph 746 contain legal conclusions to which no response is required.   To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs

who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 746.

747. The allegations in paragraph 747 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations contained in paragraph 747.

748. Ford denies the allegations in paragraph 748.

749. Ford denies the allegations in paragraph 749.

750. Ford denies the allegations in paragraph 750.

751. Ford denies the allegations in paragraph 751.

752. Ford denies the allegations in paragraph 752.

753. Paragraph 753 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance. (ECF No. 50).

754. Ford denies the allegations in paragraph 754.

**COUNT III**
**ALLEGED BREACH OF THE**
**IMPLIED WARRANTY OF MERCHANTABILITY**
**(Col. Rev. Stat § 4-2-314)**

755.   Ford asserts paragraph 755 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Colorado Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

756.   The allegations in paragraph 756 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

757.   The allegations in paragraph 757 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law.  However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

758.   Ford denies the allegations in paragraph 758.

759.   Ford denies the allegations in paragraph 759.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Col. Rev. Stat § 4-2-608)**

760 – 770. Paragraphs 760 - 770 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF COMMON LAW WARRANTY**
**(Based on Colorado Law)**

771. Ford asserts paragraph 771 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Colorado Breach of Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

772. The allegations in paragraph 772 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

773. Ford denies the allegations in paragraph 773.

774. Ford denies the allegations in paragraph 774.

**COUNT VI**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Colorado Law)**

775. Ford asserts paragraph 775 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with

respect to plaintiffs who do not and cannot assert claims under Colorado Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

776. Ford denies the allegations in paragraph 776.

777. Ford denies the allegations in paragraph 777.

778. Ford denies the allegations in paragraph 778.

779. Ford denies the allegations in paragraph 779.

780. Ford denies the allegations in paragraph 780.

781. Ford denies the allegations in paragraph 781.

782. Ford denies the allegations in paragraph 782.

783. Ford denies the allegations in paragraph 783.

**COUNT VII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Colorado Law)**

784 – 787. Paragraphs 784 - 787 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**DELAWARE**
**COUNT I**
**ALLEGED VIOLATION FOR THE DELAWARE CONSUMER FRAUD ACT**
**(6 Del. Code § 2513, *et seq,*)**

788. Ford asserts paragraph 788 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Delaware Consumer Fraud Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

789. The allegations in paragraph 789 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

790. The allegations in paragraph 790 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

791. Ford denies the allegations in paragraph 791.

792. Ford denies the allegations in paragraph 792.

793. Ford denies the allegations in paragraph 793.

794. Ford denies the allegations in paragraph 794.

795. Ford denies the allegations in paragraph 795.

**COUNT II**
**ALLEGED VIOLATION OF THE DELAWARE DECEPTIVE TRADE**

**PRACTICES ACT**
**(6 Del. Code § 2532, *et seq.*)**

796. Ford asserts paragraph 796 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Delaware Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

797. The allegations in paragraph 797 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

798. The allegations in paragraph 798 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

799. Ford denies the allegations in paragraph 799.

800. Ford denies the allegations in paragraph 800.

801. Ford denies the allegations in paragraph 801.

802. Ford denies the allegations in paragraph 802.

803.   The allegations in paragraph 803 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

804.   Ford denies the allegations in paragraph 804.

**COUNT III**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(6 Del. Code § 2-313)**

805.   Ford asserts paragraph 805 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Delaware Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.   To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

806.   The allegations in paragraph 806 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

807.   The allegations in paragraph 807 contain legal conclusions to which no response is required.   To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies the allegations with respect to those plaintiffs who purchased their

vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

808.  Ford denies the allegations in paragraph 808.

809.  The allegations in paragraph 809 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 809.

810.  The allegations in paragraph 810 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits only that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 810.

811.  Ford denies the allegations in paragraph 811.

812.  Ford denies the allegations in paragraph 812.

813. Ford denies the allegations in paragraph 813.

814. Ford denies the allegations in paragraph 814.

815. Ford denies the allegations in paragraph 815.

816. Paragraph 816 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance. (ECF No. 50).

817. Ford denies the allegations in paragraph 817.

**COUNT IV**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(6 Del. Code § 2-314)**

818. Ford asserts paragraph 818 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Delaware Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

819. The allegations in paragraph 819 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

820. The allegations in paragraph 820 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any

allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

821. Ford denies the allegations in paragraph 821.

822. Ford denies the allegations in paragraph 822.

**COUNT V**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(6 Del. Code § 2-608)**

823 – 833. Paragraphs 823 - 833 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT VI**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Delaware Law)**

834. Ford asserts paragraph 834 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Delaware Breach of

Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

835. The allegations in paragraph 835 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 835 are accurate or complete statements of law. Ford also denies the allegations in paragraph 835 of breach and defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

836. Ford denies the allegations in paragraph 836.

837. Ford denies the allegations in paragraph 837.

**COUNT VII**
**IN THE ALTERNATIVE, ALLEGED UNJUST ENRICHMENT**
**(Based on Delaware Law)**

838 -842. Paragraphs 838 - 842 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**FLORIDA**
**COUNT I**
**ALLEGED VIOLATION OF FLORIDA'S UNFAIR & DECEPTIVE TRADE PRACTICES ACT**
**(Fla. Stat. § 501.20-1, *et seq.*)**

843.   Ford asserts paragraph 843 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Florida Unfair & Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

844.   The allegations in paragraph 844 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 844 are accurate or complete statements of law.

845.   Ford denies the allegations in paragraph 845.

846.   Ford denies the allegations in paragraph 846.

847.   Ford denies the allegations in paragraph 847.

848.   Ford denies the allegations in paragraph 848.

849.   Ford denies the allegations in paragraph 849.

850.   Ford denies the allegations in paragraph 850.

851.   The allegations in paragraph 851 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the

statements or allegations in paragraph 851 are accurate or complete statements of law.

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Fla. Stat. § 672.313)**

852. Ford asserts paragraph 852 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Florida Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

853. The allegations in paragraph 853 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 853 are accurate or complete statements of law.

854. The allegations in paragraph 854 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 854 are accurate or complete statements of law.

855. The allegations in paragraph 855 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its

vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

856.   Ford denies the allegations in paragraph 856.

857.   The allegations in paragraph 857 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 857.

858.   The allegations in paragraph 858 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits only that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the

expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 858.

859. Ford denies the allegations in paragraph 859.

860. Ford denies the allegations in paragraph 860.

861. Ford denies the allegations in paragraph 861.

862. Ford denies the allegations in paragraph 862.

863. Ford denies the allegations in paragraph 863.

864. Ford denies the allegations in paragraph 864.

**COUNT III**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Florida Law)**

865 – 868. Paragraphs 865 - 868 contain no allegations requiring a response from Ford as the Court dismissed the implied warranty claim under Count III for Florida. (ECF No. 50).

**COUNT IV**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Florida Law)**

869. Ford asserts paragraph 869 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with

respect to plaintiffs who do not and cannot assert claims under Florida Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

870. Ford denies the allegations in paragraph 870.

871. Ford denies the allegations in paragraph 871.

872. Ford denies the allegations in paragraph 872.

873. Ford denies the allegations in paragraph 873.

874. Ford denies the allegations in paragraph 874.

875. Ford denies the allegations in paragraph 875.

876. Ford denies the allegations in paragraph 876.

**GEORGIA**
**COUNT I**
**ALLEGED VIOLATION OF GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(Ga. Code Ann. § 10-1-370, *et seq.*)**

877. Ford asserts paragraph 877 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Georgia Uniform Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer

is required, Ford incorporates its corresponding responses to the preceding paragraphs.

878. Ford denies the allegations in paragraph 878.

879. Ford denies the allegations in paragraph 879.

880. Ford denies the allegations in paragraph 880.

881. Ford denies the allegations in paragraph 881.

882. Ford denies the allegations in paragraph 882.

883. Ford denies the allegations in paragraph 883.

884. The allegations in paragraph 884 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 884 are accurate or complete statements of law.

**COUNT II**
**ALLEGED VIOLATION OF GEORGIA'S FAIR BUSINESS PRACTICES ACT**
**(Ga. Code Ann. § 10-1-390, *et seq.*)**

885. Ford asserts paragraph 885 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Georgia Fair Business Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

886. Ford denies the allegations in paragraph 886.

887. Ford denies the allegations in paragraph 887.

888. Ford denies the allegations in paragraph 888.

889. Ford denies the allegations in paragraph 889.

890. Ford denies the allegations in paragraph 890.

891. Ford denies the allegations in paragraph 891.

892. The allegations in paragraph 892 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 892 are accurate or complete statements of law.

**COUNT III**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Ga. Code Ann. § 11-2-313)**

893. Ford asserts paragraph 893 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Georgia Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

894. The allegations in paragraph 894 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the

statements or allegations in paragraph 894 are accurate or complete statements of law.

895.   The allegations in paragraph 895 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

896.   Ford denies the allegations in paragraph 896.

897.   The allegations in paragraph 897 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 897.

898.   The allegations in paragraph 898 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits only that its

vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 898.

899. Ford denies the allegations in paragraph 899.

900. Ford denies the allegations in paragraph 900.

901. Ford denies the allegations in paragraph 901.

902. Ford denies the allegations in paragraph 902.

903. Ford denies the allegations in paragraph 903.

904. Paragraph 904 contains no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

905. Ford denies the allegations in paragraph 905.

**COUNT IV**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(Ga. Code Ann. § 11-2-314)**

906. Ford asserts paragraph 906 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Georgia Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore,

is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

907.   The allegations in paragraph 907 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 907 are accurate or complete statements of law.

908.   The allegations in paragraph 908 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 908 are accurate or complete statements of law. Moreover, certain implied warranties arise by operation of law.  However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

909.   Ford denies the allegations in paragraph 909.

910.   Ford denies the allegations in paragraph 910.

911.   Ford denies the allegations in paragraph 911.


**COUNT V**
**ALLEGED REVOCATION FOR ACCEPTANCE**
**(Ga. Code Ann. § 11-2-608)**

912 -922. Paragraphs 912 - 922 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT VI**
**ALLEGED BREACH OF CONTACT/COMMON LAW WARRANTY**
**(Based on Georgia Law)**

923. Ford asserts paragraph 923 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Georgia Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

924. Ford denies the allegations in paragraph 924.

925. Ford denies the allegations in paragraph 925.

926. Ford denies the allegations in paragraph 926.

**COUNT VII**
**ALLEGED FRAUD BY CONCEALMENT**
**(Ga. Code Ann. § 51-6-2)**

927. Ford asserts paragraph 927 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Georgia Fraud by

Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

928. Ford denies the allegations in paragraph 928.

929. Ford denies the allegations in paragraph 929.

930. Ford denies the allegations in paragraph 930.

931. Ford denies the allegations in paragraph 931.

932. Ford denies the allegations in paragraph 932.

933. Ford denies the allegations in paragraph 933.

934. Ford denies the allegations in paragraph 934.

935. Ford denies the allegations in paragraph 935.

**COUNT VIII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Georgia Law)**

936 – 940. Paragraphs 936 - 940 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**ILLINOIS**
**COUNT I**
**ALLEGED VIOLATION FOR ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**(815 Ill. Comp. Stat. 505/1, *et seq.*)**

941. Ford asserts paragraph 941 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with

respect to plaintiffs who do not and cannot assert claims under the Illinois Consumer Fraud and Deceptive Business Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

942.   The allegations in paragraph 942 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

943.   The allegations in paragraph 943 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

944.   The allegations in paragraph 944 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "consumer" and deny on this additional ground.

945.   Ford denies the allegations in paragraph 945.

946.   Ford denies the allegations in paragraph 946.

**COUNT II**
**ALLEGED VIOLATION FOR THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 Ill. Comp. Stat. 510.1, *et seq.*)**

947. Ford asserts paragraph 947 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Illinois Uniform Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

948. The allegations in paragraph 948 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

949. The allegations in paragraph 949 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

950. Ford denies the allegations in paragraph 950.

951. Ford denies the allegations in paragraph 951.

952. Ford denies the allegations in paragraph 952.

953. Ford denies the allegations in paragraph 953.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(810 Ill. Comp. Stat. 5/2-314 and 810 Ill. Comp. Stat. 5/2A-212)**

954 – 958. Paragraphs 954 - 958 contain no allegations requiring a response from Ford as the Court dismissed the implied warranty claim under Count III for Illinois. (ECF No. 50).

**COUNT IV**
**ALLEGED BREACH OF EXPRESS WARRANTIES**
**(810 Ill. Comp. Stat. 5/2-313)**

959. Ford asserts paragraph 959 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Illinois Breach of Express Warranties. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

960. The allegations in paragraph 960 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 960 are accurate or complete statements of law. Ford also denies the allegations in paragraph 960 of breach and defect. Further,

Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

961. Ford denies the allegations in paragraph 961.

962. Ford denies the allegations in paragraph 962.

**COUNT V**
**ALLEGED NEGLIGENCE**
**(Based on Illinois Law)**

963. Ford asserts paragraph 963 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Illinois Negligence. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

964. The allegations in paragraph 964 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 964 are accurate or complete statements of law.

965. Ford denies the allegations in paragraph 965.

966. Ford denies the allegations in paragraph 966.

967. Ford denies the allegations in paragraph 967.

968. Ford denies the allegations in paragraph 968.

969. Ford denies the allegations in paragraph 969.

970. Ford denies the allegations in paragraph 970.

971. Ford denies the allegations in paragraph 971.

972. Ford denies the allegations in paragraph 972.

**COUNT VI**
**ALLEGED STRICT PRODUCT LIABILITY (DEFECTIVE DESIGN)**
**(Based on Illinois Law)**

973. Ford asserts paragraph 973 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Illinois Strict Product Liability (Defective Design). The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

974. The allegations in paragraph 974 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 974 are accurate or complete statements of law.

975. Ford denies the allegations in paragraph 975.

976. Ford denies the allegations in paragraph 976.

977. Ford denies the allegations in paragraph 977.

978. Ford denies the allegations in paragraph 978.

979. Ford denies the allegations in paragraph 979.

980. Ford denies the allegations in paragraph 980.

981. Ford denies the allegations in paragraph 981.

## COUNT VII
## ALLEGED STRICT PRODUCT LIABILITY (FAILURE TO WARN)
## (Based on Illinois Law)

982. Ford asserts paragraph 982 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Illinois Strict Product Liability (Failure to Warn). The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

983. The allegations in paragraph 983 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 983 are accurate or complete statements of law.

984. Ford denies the allegations in paragraph 984.

985. Ford denies the allegations in paragraph 985.

986. Ford denies the allegations in paragraph 986.

987. Ford denies the allegations in paragraph 987.

988. Ford denies the allegations in paragraph 988.

989. Ford denies the allegations in paragraph 989.

990. Ford denies the allegations in paragraph 990.

991. Ford denies the allegations in paragraph 991.

992. Ford denies the allegations in paragraph 992.

**COUNT VIII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Illinois Law)**

993 – 998. Paragraphs 993 - 998 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**COUNT IX**
**ALLEGED FRAUDULENT CONCEALMENT/FRAUD BY OMISSION**
**(Based on Illinois Law)**

999. Ford asserts paragraph 999 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Illinois Fraudulent Concealment/Fraud by Omission. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1000. Ford denies the allegations in paragraph 1000.

1001. Ford denies the allegations in paragraph 1001.

1002. Ford denies the allegations in paragraph 1002.

1003. Ford denies the allegations in paragraph 1003.

1004. Ford denies the allegations in paragraph 1004.

1005. Ford denies the allegations in paragraph 1005.

1006. Ford denies the allegations in paragraph 1006.

1007. Ford denies the allegations in paragraph 1007.

1008. Ford denies the allegations in paragraph 1008.

1009. Ford denies the allegations in paragraph 1009.

**COUNT X**
**ALLEGED BREACH OF LEASE / CONTRACT**
**(Based on Illinois Law)**

1010. Ford asserts paragraph 1010 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Illinois Breach of Lease/Contract. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1011. Ford lacks information/knowledge sufficient to know which if any plaintiffs entered into lease agreements with it because plaintiffs have failed to provide any lease agreements. To the extent further response is required, Ford denies the statements or allegations in paragraph 1011.

1012. Ford lacks information/knowledge sufficient to know which if any plaintiffs entered into lease agreements with it because plaintiffs have failed to provide any lease agreements. To the extent further response is required, Ford denies the statements or allegations in paragraph 1012.

1013. Ford denies the allegations in paragraph 1013.

1014. Ford denies the allegations in paragraph 1014.

1015. Ford denies the allegations in paragraph 1015.

**INDIANA**
**COUNT I**
**ALLEGED VIOLATION FOR THE INDIANA DECEPTIVE CONSUMER SALES ACT**
**(Ind. Code § 24-5-0.5-3)**

1016. Ford asserts paragraph 1016 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Indiana Deceptive Consumer Sales Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer

is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1017.   The allegations in paragraph 1017 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1018.   The allegations in paragraph 1018 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

1019.   Ford denies the allegations in paragraph 1019.

1020.   Ford denies the allegations in paragraph 1020.

1021.   Ford denies the allegations in paragraph 1021.

1022.   Ford denies the allegations in paragraph 1022.

1023.   The allegations in paragraph 1023 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1024.   The allegations in paragraph 1024 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any

allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Ind. Code § 26-1-2-313)**

1025. Ford asserts paragraph 1025 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Indiana Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1026. The allegations in paragraph 1026 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1026 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1026 of breach and defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

1027.    The allegations in paragraph 1027 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1028.    Ford denies the allegations in paragraph 1028.

1029.    The allegations in paragraph 1029 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1029.

1030.    The allegations in paragraph 1030 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits only that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation

that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1030.

1031. Ford denies the allegations in paragraph 1031.

1032. Ford denies the allegations in paragraph 1032.

1033. Ford denies the allegations in paragraph 1033.

1034. Ford denies the allegations in paragraph 1034.

1035. Ford denies the allegations in paragraph 1035.

1036. Paragraph 1036 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance. (ECF No. 50).

1037. Ford denies the allegations in paragraph 1037.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Ind. Code § 26-1-2-314)**

1038. Ford asserts paragraph 1038 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Indiana Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an

answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1039. The allegations in paragraph 1039 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

1040. The allegations in paragraph 1040 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1041. Ford denies the allegations in paragraph 1041.

1042. Ford denies the allegations in paragraph 1042.

**COUNT IV**
**ALLEGED REVOCATION ACCEPTANCE**
**(Ind. Code § 26.1.2-608)**

1043 – 1053. Paragraphs 1043 - 1053 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTACT/COMMON LAW WARRANTY**

**(Based on Indiana Law)**

1054. Ford asserts paragraph 1054 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Indiana Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1055. The allegations in paragraph 1055 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1055 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1055 of breach and defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

1056. Ford denies the allegations in paragraph 1056.

1057. Ford denies the allegations in paragraph 1057.

**COUNT VI**
**IN THE ALTERNATIVE, ALLEGED UNJUST ENRICHMENT**
**(Based on Indiana Law)**

1058 – 1062. Paragraphs 1058 - 1062 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**COUNT VII**
**ALLEGED FRAUDULENT CONCEALMENT**
**(Based on Indiana Law)**

1063. Ford asserts paragraph 1063 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Indiana Fraudulent Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1064. Ford denies the allegations in paragraph 1064.

1065. Ford denies the allegations in paragraph 1065.

1066. Ford denies the allegations in paragraph 1066.

1067. Ford denies the allegations in paragraph 1067.

1068. Ford denies the allegations in paragraph 1068.

1069. Ford denies the allegations in paragraph 1069.

1070. Ford denies the allegations in paragraph 1070.

1071. Ford denies the allegations in paragraph 1071.

1072. Ford denies the allegations in paragraph 1072.

1073. Ford denies the allegations in paragraph 1073.

**IOWA**
**COUNT I**
**ALLEGED VIOLATIONS FOR THE PRIVATE RICH OF ACTION FOR CONSUMER FRAUDS ACT**
**(Iowa Code § 714H.1 *et seq.*)**

1074. Ford asserts paragraph 1074 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Iowa's Private Rich of Action for Consumer Frauds Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1075. The allegations in paragraph 1075 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

1076. The allegations in paragraph 1076 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and

that plaintiffs are entitled to damages or that Ford is liable. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "consumer" and deny on this additional ground.

1077. Ford denies the allegations in paragraph 1077.

1078. Ford denies the allegations in paragraph 1078.

1079. Ford denies the allegations in paragraph 1079.

1080. Ford denies the allegations in paragraph 1080.

1081. Ford denies the allegations in paragraph 1081, including its subparts.

1082. Ford denies the allegations in paragraph 1082.

1083. Ford denies the allegations in paragraph 1083.

1084. Ford denies the allegations in paragraph 1084.

1085. Ford denies the allegations in paragraph 1085.

1086. Ford denies the allegations in paragraph 1086.

1087. Ford denies the allegations in paragraph 1087.

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Iowa Code § 554.2313)**

1088. Ford asserts paragraph 1088 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Iowa Breach of

Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1089.    The allegations in paragraph 1089 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

1090.    The allegations in paragraph 1090 contain legal conclusions to which no response is required.  To the extent a response is required, Ford  admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1091.    Ford denies the allegations in paragraph 1091.

1092.    The allegations in paragraph 1092 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits only that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the

allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1092.

1093. Ford denies the allegations in paragraph 1093.

1094. Ford denies the allegations in paragraph 1094.

1095. Ford denies the allegations in paragraph 1095.

1096. Ford denies the allegations in paragraph 1096.

1097. Ford denies the allegations in paragraph 1097.

1098. Paragraph 1098 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance. (ECF No. 50).

1099. Ford denies the allegations in paragraph 1099.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Iowa Code § 544.2314)**

1100. Ford asserts paragraph 1100 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Iowa Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1101. The allegations in paragraph 1101 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

1102. The allegations in paragraph 1102 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1103. Ford denies the allegations in paragraph 1103.

1104. Ford denies the allegations in paragraph 1104.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Iowa Code § 544.2608)**

1105 – 1115. Paragraphs 1105 - 1115 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTACT/COMMON LAW WARRANTY**
**(Based on Iowa Law)**

1116. Ford asserts paragraph 1116 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Iowa Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1117. The allegations in paragraph 1117 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1117 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1117 of breach and defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

1118. Ford denies the allegations in paragraph 1118.

1119. Ford denies the allegations in paragraph 1119.

**COUNT VI**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Iowa Law)**

1120. Ford asserts paragraph 1120 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs

with respect to plaintiffs who do not and cannot assert claims under Iowa Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1121. Ford denies the allegations in paragraph 1121.

1122. Ford denies the allegations in paragraph 1122.

1123. Ford denies the allegations in paragraph 1123.

1124. Ford denies the allegations in paragraph 1124.

1125. Ford denies the allegations in paragraph 1125.

1126. Ford denies the allegations in paragraph 1126.

1127. Ford denies the allegations in paragraph 1127.

**COUNT VII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Iowa law)**

1128 -1131. Paragraphs 1128 - 1131 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**KANSAS**
**COUNT I**
**ALLEGED VIOLATIONS FOR THE KANSAS CONSUMER PROTECTION ACT**
**(Kan. Stat. Ann. § 50-623, *et seq.*)**

1132 – 1146. Paragraphs 1132 -1146 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Kan. Stat. Ann. § 84-2-313)**

1147. Ford asserts paragraph 1147 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Kansas Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1148. The allegations in paragraph 1148 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

1149. The allegations in paragraph 1149 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who

purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1150.    Ford denies the allegations in paragraph 1150.

1151.    The allegations in paragraph 1151 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW. Ford denies all remaining allegations in paragraph 1151.

1152.    The allegations in paragraph 1151 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW. Ford denies all remaining allegations in paragraph 1152.

1153.    Ford denies the allegations in paragraph 1153.

1154. Ford denies the allegations in paragraph 1154.

1155. Ford denies the allegations in paragraph 1155.

1156. Ford denies the allegations in paragraph 1156.

1157. Ford denies the allegations in paragraph 1157.

1158. Paragraph 1158 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance. (ECF No. 50).

1159. Ford denies the allegations in paragraph 1159.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Kan. Stat. Ann. § 84-2-314)**

1160. Ford asserts paragraph 1160 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Kansas Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1161. The allegations in paragraph 1161 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

1162. The allegations in paragraph 1162 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

1163. The allegations in paragraph 1163 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1164. Ford denies the allegations in paragraph 1164.

1165. Ford denies the allegations in paragraph 1165.

1166. Ford denies the allegations in paragraph 1166.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Kan. Stat. Ann. § 84-2-608)**

1167 – 1178. Paragraphs 1167 - 1178 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Kansas Law)**

1179. Ford asserts paragraph 1179 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Kansas Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1180. The allegations in paragraph 1180 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1180 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1180 of breach and defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

1181. Ford denies the allegations in paragraph 1181.

1182. Ford denies the allegations in paragraph 1182.

1183. Ford denies the allegations in paragraph 1183.

**COUNT VI**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Kansas Law)**

1184. Ford asserts paragraph 1184 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Kansas Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1185. Ford denies the allegations in paragraph 1185.

1186. Ford denies the allegations in paragraph 1186.

1187. Ford denies the allegations in paragraph 1187.

1188. Ford denies the allegations in paragraph 1188.

1189. Ford denies the allegations in paragraph 1189.

1190. Ford denies the allegations in paragraph 1190.

1191. Ford denies the allegations in paragraph 1191.

1192. Ford denies the allegations in paragraph 1192.

**COUNT VII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Kansas Law)**

1193 – 1196. Paragraphs 1193 - 1196 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**KENTUCKY**
**COUNT I**

**ALLEGED VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT**
**(Ky. Rev. Stat. § 367.110, *et seq.*)**

1197 – 1204. Paragraphs 1197 - 1204 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Ky. Rev. Stat. § 355.2-313)**

1205. Ford asserts paragraph 1205 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Kentucky Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1206. The allegations in paragraph 1206 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1207. Ford denies the allegations in paragraph 1207.

1208. Ford denies the allegations in paragraph 1208.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY**
**(Ky. Rev. Stat. § 355.2-314)**

1209. Ford asserts paragraph 1209 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Kentucky Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1210. The allegations in paragraph 1210 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1210 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1210. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1211. Ford denies the allegations in paragraph 1211.

1212. Ford denies the allegations in paragraph 1212.

1213. Ford denies the allegations in paragraph 1213.

**COUNT IV**
**ALLEGED FRAUDULENT CONCEALMENT**
**(Based on Kentucky Law)**

1214. Ford asserts paragraph 1214 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Kentucky Fraudulent Concealment. The allegation in this paragraph, therefore, is not “a short and plain statement of the claim” as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1215. Ford denies the allegations in paragraph 1215.

1216. Ford denies the allegations in paragraph 1216.

1217. Ford denies the allegations in paragraph 1217.

1218. Ford denies the allegations in paragraph 1218.

1219. Ford denies the allegations in paragraph 1219.

1220. Ford denies the allegations in paragraph 1220.

1221. Ford denies the allegations in paragraph 1221.

1222. Ford denies the allegations in paragraph 1222. Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

1223. Ford denies the allegations in paragraph 1223.

**COUNT V**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Kentucky Law)**

1224 – 1229. Paragraphs 1224 - 1229 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**LOUISIANA**
**COUNT I**
**LOUISIANA PRODUCT LIABILITY ACT**
**(La. Rev. Stat. § 9:2800.51, et seq.)*seq.*)**

1230. Ford asserts paragraph 1230 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Louisiana Product Liability Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1231. Ford denies the allegations in paragraph 1231.

1232. The allegations in paragraph 1232 and its subparts contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1232 and its subparts are accurate or complete statements of law. Ford also denies any allegations in paragraph 1232 and its subparts that the vehicles were unreasonably dangerous.

1233.   The allegations in paragraph 1233 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1233 are accurate or complete statements of law.

1234.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 1234.  To the extent a response is required, Ford denies the allegations in paragraph 1234.

1235.   The allegations in paragraph 1235 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1235 are accurate or complete statements of law.  Ford also denies the allegations in paragraph 1235 of defect and that the vehicles were unreasonably dangerous.

1236.   The allegations in paragraph 1236 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1236 are accurate or complete statements of law.  Ford also denies the allegations in paragraph 1236 of defect and that the vehicles were unsafe.  Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

**COUNT II**
**ALLEGED REDHIBITION**
**(La. Civ. Code Art. 2520, *et seq.* and 2545)**

1237. Ford asserts paragraph 1237 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Louisiana Redhibition. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1238. Ford denies the allegations in paragraph 1238.

1239. Ford denies the allegations in paragraph 1239.

1240. Ford denies the allegations in paragraph 1240.

1241. Ford denies the allegations in paragraph 1241.

1242. Ford denies the allegations in paragraph 1242.

1243. Ford denies the allegations in paragraph 1243.

1244. Ford denies the allegations in paragraph 1244.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF FITNESS FOR ORDINARY USE**
**(La. Civ. Code Art. 2524)**

1245. Ford asserts paragraph 1245 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Louisiana Breach of Implied Warranty of Fitness for Ordinary Use. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8

requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1246.   Ford admits that each vehicle was marketed, manufactured and/or distributed by Ford.  Ford denies the remaining allegations in paragraph 1246. Moreover, certain implied warranties arise by operation of law.  However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1247.   Ford denies the allegations in paragraph 1247.

1248.   The allegations in paragraph 1248 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1248 are accurate or complete statements of law.  Ford also denies the allegations in paragraph 1248 that the vehicles contain "vices or defects which render them either absolutely useless or render their use inconvenient, imperfect, and unsafe".

1249.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 1249.  To the extent a response is required, Ford denies the allegations in paragraph 1249.

1250.   Ford denies the allegations in paragraph 1250.

1251.   Ford denies the allegations in paragraph 1251.

**COUNT IV**
**ALLEGED NEGLIGENCE**

**(La. Civ. Code Art. 2315)**

1252.   Ford asserts paragraph 1252 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Louisiana Negligence. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1253.   The allegations in paragraph 1253 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1253 are accurate or complete statements of law. Ford also denies any allegation in paragraph 1253 that the vehicles were unsafe or defective.

1254.   Ford denies the allegations in paragraph 1254.

1255.   Ford denies the allegations in paragraph 1255.

1256.   Ford denies the allegations in paragraph 1256.

1257.   Ford denies the allegations in paragraph 1257.

1258.   Ford denies the allegations in paragraph 1258.

1259.   Ford denies the allegations in paragraph 1259.

**MAINE**
**COUNT I**
**ALLEGED VIOLATION OF MAINE UNFAIR TRADE PRACTICES ACT**
**(Me. Rev. Stat. Ann. tit. 5 § 025-A, *et seq.*)**

1260.   Ford asserts paragraph 1260 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Maine Unfair Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1261.   The allegations in paragraph 1261 contain and/or reference legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1261 are accurate or complete statements of law.

1262.   The allegations in paragraph 1262 contain and/or reference legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1262 are accurate or complete statements of law.

1263.   Ford denies the allegations in paragraph 1263.

1264.   Ford denies the allegations in paragraph 1264.

1265.   Ford denies the allegations in paragraph 1265.  Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

1266.   Ford denies the allegations in paragraph 1266.

1267. Ford denies the allegations in paragraph 1267.

1268. The allegations in paragraph 1268 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1268 are accurate or complete statements of law.

**COUNT II**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Me. Rev. Stat. Ann. tit. 11 § 2-314)**

1269. Ford asserts paragraph 1269 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Maine Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1270. The allegations in paragraph 1270 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1271. The allegations in paragraph 1271 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1272. Ford denies the allegations in paragraph 1272.

1273. Ford denies the allegations in paragraph 1273.

**COUNT III**
**ALLEGED REVOCATION FOR ACCEPTANCE**
**(Me. Rev. Stat. Ann. tit. 11 § 2-608)**

1274 – 1283. Paragraphs 1274 - 1283 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT IV**
**ALLEGED BREACH OF CONTRACT**
**(Based on Maine Law)**

1284. Ford asserts paragraph 1284 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Maine Breach of Contract. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1285. The allegations in paragraph 1285 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the

statements or allegations in paragraph 1285 are accurate or complete statements of law. Ford also denies any allegation in paragraph 1285 that the vehicles were defective. Ford further denies any allegations in paragraph 1285 that are inconsistent with Ford's New Vehicle Limited Warranty (NVLW). Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

1286. Ford denies the allegations in paragraph 1286.

1287. Ford denies the allegations in paragraph 1287.

**COUNT V**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Maine Law)**

1288 – 1292. Paragraphs 1288 - 1292 contains no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**MARYLAND**
**COUNT I**
**ALLEGED VIOLATIONS FOR MARYLAND CONSUMER PROTECTION ACT**
**(Md. Code Com. Law § 13-101, *et seq.*)**

1293 – 1303. Paragraphs 1293 - 1303 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**

**(Md. Code Com. Law § 2-313)**

1304.   Ford asserts paragraph 1304 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Maryland Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1305.   The allegations in paragraph 1305 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1306.   The allegations in paragraph 1306 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1307.   Ford denies the allegations in paragraph 1307.

1308.   The allegations in paragraph 1308 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its

vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1308.

1309.    The allegations in paragraph 1309 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1309.

1310.    Ford denies the allegations in paragraph 1310.

1311.    Ford denies the allegations in paragraph 1311.

1312.    Ford denies the allegations in paragraph 1312.

1313.    Ford denies the allegations in paragraph 1313.

1314.    Ford denies the allegations in paragraph 1314.

1315. Paragraph 1315 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

1316. Ford denies the allegations in paragraph 1316.

**COUNT III**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(Md. Code Com. Law § 2-314)**

1317. Ford asserts paragraph 1317 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Maryland Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1318. The allegations in paragraph 1318 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1318 are accurate or complete statements of law. Ford also denies any allegations inconsistent with the language contained in the applicable statutes.

1319. The allegations in paragraph 1319 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1319 are accurate or complete statements of

law. Ford also denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1320. Ford denies the allegations in paragraph 1320.

1321. Ford denies the allegations in paragraph 1321.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Md. Code Com. Law § 2-608)**

1322 – 1332. Paragraphs 1322 - 1332 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Maryland Law)**

1333. Ford asserts paragraph 1333 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Maryland Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not “a short and plain statement of the claim” as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1334. The allegations in paragraph 1334 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1334 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1334 of breach and defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

1335. Ford denies the allegations in paragraph 1335.

1336. Ford denies the allegations in paragraph 1336.

**COUNT VI**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Maryland Law)**

1337. Ford asserts paragraph 1337 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Maryland Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1338. Ford denies the allegations in paragraph 1338.

1339. The allegations in paragraph 1339 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the

statements or allegations in paragraph 1339 are accurate or complete statements of law. Ford also denies any allegations in paragraph 1339 of fraud.

1340. The allegations in paragraph 1340 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1340 are accurate or complete statements of law. Ford also denies any allegations in paragraph 1340 that the vehicles were defective, unsafe, dangerous, and unreliable, and that Ford "omitted material facts".

1341. Ford denies the allegations in paragraph 1341.

1342. Ford denies the allegations in paragraph 1342.

1343. The allegations in paragraph 1343 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1343 are accurate or complete statements of law. Ford also denies any allegations in paragraph 1343 that Ford omitted, concealed, and/or suppressed facts.

1344. Ford denies the allegations in paragraph 1344.

1345. Ford denies the allegations in paragraph 1345.

**COUNT VII**
**ALLEGED NEGLIGENCE**
**(Based on Maryland Law)**

1346. Ford asserts paragraph 1346 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs

with respect to plaintiffs who do not and cannot assert claims under Maryland Negligence. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1347. The allegations in paragraph 1347 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1347 are accurate or complete statements of law.  Ford also denies any allegations in paragraph 1347 of defect.

1348.   Ford denies the allegations in paragraph 1348.

1349.   Ford denies the allegations in paragraph 1349.

1350.   Ford denies the allegations in paragraph 1350.

1351.   Ford denies the allegations in paragraph 1351.

1352.   Ford denies the allegations in paragraph 1352.

1353.   The allegations in paragraph 1353 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1353 are accurate or complete statements of law.  Ford also denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

**COUNT VIII**
**ALLEGED STRICT PRODUCTS LIABILITY – DESIGN DEFECT**
**(Based on Maryland Law)**

1354.    Ford asserts paragraph 1354 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Maryland Strict Products Liability – Design Defect. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1355.    Ford admits only that it generally designs, manufactures, assembles, and promotes motor vehicles in the United States, in its ordinary course of business. Ford further admits that it is in the business of distributing motor vehicles to its authorized, independent dealerships for sale to the public.  Ford denies that it sells vehicles directly to the public.  Ford also denies any remaining allegations in paragraph 1355.

1356.    The allegations in paragraph 1356 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1356 are accurate or complete statements of law.

1357.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 1357.  To the extent a response is required, Ford denies the allegations in paragraph 1357.

1358.   The allegations in paragraph 1358 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1358 are accurate or complete statements of law.  Ford also denies the allegations in paragraph 1358 of defect and that the vehicles were unreasonably dangerous.

1359.   The allegations in paragraph 1359 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1359 are accurate or complete statements of law.  Ford also denies the allegations in paragraph 1359 of defect and that the vehicles were  dangerous.

1360.   Ford denies the allegations in paragraph 1360.

1361.   Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 1361.  To the extent a response is required, Ford denies the allegations in paragraph 1361.

1362.   Ford denies the allegations in paragraph 1362.

1363.   Ford denies the allegations in paragraph 1363.

1364.   The allegations in paragraph 1364 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1364 are accurate or complete statements of law.  Ford also denies the allegations in paragraph 1364 of defect.  Ford further

denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

**COUNT IX**
**ALLEGED STRICT PRODUCTS LIABILITY – DEFECTIVE MANUFACTURING**
**(Based on Maryland Law)**

1365. Ford asserts paragraph 1365 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Maryland Strict Products Liability – Defective Manufacturing. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1366. Ford admits only that it generally designs and manufactures motor vehicles in the United States, in its ordinary course of business. Ford further admits that it is in the business of distributing motor vehicles to its authorized, independent dealerships for sale to the public. Ford denies that it sells vehicles directly to the public. Ford also denies any remaining allegations in paragraph 1366.

1367. Ford denies the allegations in paragraph 1367.

1368. Ford denies the allegations in paragraph 1368.

1369. Ford denies the allegations in paragraph 1369.

1370. Ford denies the allegations in paragraph 1370.

1371. The allegations in paragraph 1371 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1371 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1371 of defect. Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

**COUNT X**
**ALLEGED STRICT PRODUCTS LIABILITY – DEFECT DUE TO NONCONFORMANCE WITH REPRESENTATIONS**
**(Based on Maryland Law)**

1372. Ford asserts paragraph 1372 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Maryland Strict Products Liability – Defect Due to Nonconformance with Representations. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1373. Ford admits only that it generally designs, manufactures, and promotes motor vehicles in the United States, in its ordinary course of business. Ford further admits that it is in the business of distributing motor vehicles to its authorized, independent dealerships for sale to the public. Ford denies that it sells

vehicles directly to the public. Ford also denies any remaining allegations in paragraph 1373.

1374. Ford denies the allegations in paragraph 1374.

1375. Ford denies the allegations in paragraph 1375.

1376. Ford denies the allegations in paragraph 1376.

1377. The allegations in paragraph 1377 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1377 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1377 of defect. Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

**COUNT XI**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Maryland Law)**

1378 – 1381. Paragraphs 1378 - 1381 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**MASSACHUSETTS**
**COUNT I**
**ALLEGED VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT**
**(Chapter 93A)**

1382 – 1386. Paragraphs 1382 - 1386 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(ALM GL ch. 106, § 2-313)**

1387. Ford asserts paragraph 1387 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Massachusetts Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1388. The allegations in paragraph 1388 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1389. The allegations in paragraph 1389 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect

to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1390.    Ford denies the allegations in paragraph 1390.

1391.    The allegations in paragraph 1391 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1391.

1392.    The allegations in paragraph 1392 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1392.

1393.    Ford denies the allegations in paragraph 1393.

1394. Ford denies the allegations in paragraph 1394.

1395. Ford denies the allegations in paragraph 1395.

1396. Ford denies the allegations in paragraph 1396.

1397. Ford denies the allegations in paragraph 1397.

1398. Paragraph 1398 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50). .

1399. Ford denies the allegations in paragraph 1399.

**COUNT III**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(ALM GL ch. 106, § 2.314)**

1400. Ford asserts paragraph 1400 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Massachusetts Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1401. The allegations in paragraph 1401 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1402. The allegations in paragraph 1402 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1403. Ford denies the allegations in paragraph 1403.

1404. Ford denies the allegations in paragraph 1404.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(ALM GL ch. 106, § 2-608)**

1405 – 1415. Paragraphs 1405 - 1415 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT / COMMON LAW WARRANTY**
**(Based on Massachusetts Law)**

1416. Ford asserts paragraph 1416 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Massachusetts Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To

the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1417. The allegations in paragraph 1417 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1417 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1417 of defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

1418. Ford denies the allegations in paragraph 1418.

1419. Ford denies the allegations in paragraph 1419.

**COUNT VI**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Massachusetts Law)**

1420 – 1424. Paragraphs 1420 - 1424 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**MICHIGAN**
**COUNT I**
**ALLEGED VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT**
**(Mich. Comp. Law § 445.901, *et seq.*)**

1425 – 1432. Paragraphs 1425 - 1432 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Mich. Comp. Law § 440.2313)**

1433. Ford asserts paragraph 1433 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Michigan Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1434. The allegations in paragraph 1434 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

1435. Ford denies the allegations in paragraph 1435.

1436. Ford denies the allegations in paragraph 1436.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Mich. Comp. Law § 440.2314)**

1437. Ford asserts paragraph 1437 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Michigan Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1438. The allegations in paragraph 1438 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1438 are accurate or complete statements of law. Ford further denies the allegations in paragraph 1438. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1439. Ford denies the allegations in paragraph 1439.

1440. Ford denies the allegations in paragraph 1440.

**MINNESOTA**
**COUNT I**
**ALLEGED VIOLATION OF MINNESOTA FALSE STATEMENT IN ADVERTISING STATUTE**
**(Minn. Stat. §§ 325F.67 *et seq.*)**

1441.    Ford asserts paragraph 1441 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Minnesota False Statement in Advertising Statute. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1442.    The allegations in paragraph 1442 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1442 are accurate or complete statements of law.  Ford also denies the allegations in paragraph 1442 that Ford was deceptive or misleading in any way regarding the safety and reliability of the vehicles, and of defect.

1443.    Ford denies the allegations in paragraph 1443.

1444.    Ford denies the allegations in paragraph 1444.

1445.    Ford denies the allegations in paragraph 1445.

1446.    Ford denies the allegations in paragraph 1446.

1447.    Ford denies the allegations in paragraph 1447.

1448.    Ford denies the allegations in paragraph 1448.

**COUNT II**

**ALLEGED VIOLATION OF MINNESOTA UNIFORM DECEPTIVE TRADE**
**PRACTICES TRADE**
**(Minn. Stat. § 325D.43-48, *et***

1449. Ford asserts paragraph 1449 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Minnesota Uniform Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1450. The allegations in paragraph 1450 and its subparts contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1450 and its subparts are accurate or complete statements of law. Ford also denies the allegations in paragraph 1450 and its subparts that the vehicles were defective.

1451. Ford denies the allegations in paragraph 1451.

1452. Ford denies the allegations in paragraph 1452.

1453. Ford denies the allegations in paragraph 1453.

**COUNT III**
**ALLEGED VIOLATION FOR MINNESOTA PREVENTION OF CONSUMER FRAUD ACT**
**(Minn. Stat. § 325F.68, *et seq.*)**

1454. Ford asserts paragraph 1454 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Minnesota Prevention of Consumer Fraud Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1455. Ford denies the allegations in paragraph 1455.

1456. The allegations in paragraph 1456 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1456 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1456.

1457. Ford denies the allegations in paragraph 1457.

1458. The allegations in paragraph 1458 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1458 are accurate or complete statements of law. Ford also denies the allegations in paragraph 1458.

1459. Ford denies the allegations in paragraph 1459.

1460. Ford denies the allegations in paragraph 1460.

1461. Ford denies the allegations in paragraph 1461.

**COUNT IV**
**ALLEGED FRAUDULENT MISREPRESENTATION &**
**FRAUDULENT CONCEALMENT**
**(Based on Minnesota Law)**

1462.    Ford asserts paragraph 1462 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Minnesota Fraudulent Misrepresentation and Fraudulent Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1463.    Ford denies the allegations in paragraph 1463.

1464.    Ford denies the allegations in paragraph 1464.

1465.    Ford denies the allegations in paragraph 1465.

1466.    The allegations in paragraph 1466 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1466 are accurate or complete statements of law.  Ford also denies the allegations in paragraph 1466 that the vehicles were defect, unsafe, and unreliable.

1467.    Ford denies the allegations in paragraph 1467.

1468.    Ford denies the allegations in paragraph 1468.

1469.    Ford denies the allegations in paragraph 1469.

1470. Ford denies the allegations in paragraph 1470.

**COUNT V**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Minn. Stat. § 325G.19 Express Warranties)**

1471. Ford asserts paragraph 1471 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Minnesota Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1472. The allegations in paragraph 1472 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1473. The allegations in paragraph 1473 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1474. Ford denies the allegations in paragraph 1474.

1475. Ford denies the allegations in paragraph 1475.

1476. Ford denies the allegations in paragraph 1476.

1477. Ford denies the allegations in paragraph 1477.

**COUNT VI**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(STRICT LIABILITY)**
**(Minn. Stat. § 336.2-314 Implied Warranty; Merchantability; Usage of Trade)**

1478. Ford asserts paragraph 1478 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Minnesota Breach of Implied Warranty of Merchantability (Strict Liability). The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1479. The allegations in paragraph 1479 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1476 are accurate or complete statements of law. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1480. Ford denies the allegations in paragraph 1480.

1481. Ford denies the allegations in paragraph 1481.

1482. Ford denies the allegations in paragraph 1482.

**COUNT VII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Minnesota Law)**

1483 – 1488. Paragraphs 1483 -1488 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**COUNT VIII**
**ALLEGED STRICT LIABILITY (DESIGN DEFECT)**
**(Based on Minnesota Law)**

1489. Ford asserts paragraph 1489 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Minnesota Strict Liability (Design Defect). The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1490. Ford admits only that it generally designs, manufactures, assembles, and promotes motor vehicles in the United States, in its ordinary course of business. Ford further admits that it is in the business of distributing motor vehicles to its authorized, independent dealerships for sale to the public. Ford denies that it sells

vehicles directly to the public.  Ford also denies any remaining allegations in paragraph 1490.

1491.    The allegations in paragraph 1491 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1491 are accurate or complete statements of law.  Ford also denies the remaining allegations in paragraph 1491.

1492.    Ford denies the allegations in paragraph 1492.

1493.    The allegations in paragraph 1493 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1491 are accurate or complete statements of law.  Ford also denies any allegation in paragraph 1493 of defect.

1494.    The allegations in paragraph 1494 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1494 are accurate or complete statements of law.

1495.    The allegations in paragraph 1495 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1495 are accurate or complete statements of law.  Ford also denies any allegations in paragraph 1495 of defect.

1496.    Ford denies the allegations in paragraph 1496.

**COUNT IX**
**ALLEGED STRICT LIABILITY (FAILURE TO WARN)**
**(Based on Minnesota Law)**

1497. Ford asserts paragraph 1497 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Minnesota Strict Liability (Failure to Warn). The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1498. Ford admits only that it generally designs, manufactures, assembles, and promotes motor vehicles in the United States, in its ordinary course of business. Ford further admits that it is in the business of distributing motor vehicles to its authorized, independent dealerships for sale to the public. Ford denies that it sells vehicles directly to the public. Ford also denies any remaining allegations in paragraph 1498.

1499. Ford denies the allegations in paragraph 1499.

1500. Ford denies the allegations in paragraph 1500.

1501. The allegations in paragraph 1501 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1501 are accurate or complete statements of

law.  Ford also denies the allegations in paragraph 1501 that the vehicles were defective or unreasonably dangerous.

1502.    Ford denies the allegations in paragraph 1502.

1503.    Ford denies the allegations in paragraph 1503.

1504.    Ford denies the allegations in paragraph 1504.

1505.    The allegations in paragraph 1505 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1505 are accurate or complete statements of law.  Ford also denies any allegation in paragraph 1505 of defect.

1506.    Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 1506.  To the extent a response is required, Ford denies the allegations in paragraph 1506.

1507.    Ford denies the allegations in paragraph 1507.

**MISSISSIPPI**
**COUNT I**
**MISSISSIPPI PRODUCTS LIABILITY ACT**
**(Miss. Code Ann. § 11-1-63, *et seq.*)**

1508.    Ford asserts paragraph 1508 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Mississippi Products Liability Act. The allegation in this paragraph, therefore, is not "a short and

plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1509. Ford denies the allegations in paragraph 1509.

1510. Ford denies the allegations in paragraph 1510.

1511. The allegations in paragraph 1511 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1511 are accurate or complete statements of law. Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

1512. The allegations in paragraph 1512 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1512 are accurate or complete statements of law. Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

1513. The allegations in paragraph 1513 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1513 are accurate or complete statements of law. Ford also denies any allegation in paragraph 1513 of defect. Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

1514. Ford denies the allegations in paragraph 1514.

1515. The allegations in paragraph 1515 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1515 are accurate or complete statements of law. Ford also denies any allegation in paragraph 1515 of defect.

1516. The allegations in paragraph 1516 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1516 are accurate or complete statements of law. Ford also denies any allegation in paragraph 1516 of defect.

1517. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 1517. To the extent a response is required, Ford denies the allegations in paragraph 1517.

1518. Ford denies the allegations in paragraph 1518.

**COUNT II**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Miss. Code Ann. § 75-2-314)**

1519. Ford asserts paragraph 1519 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Mississippi Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To

the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1520. Ford denies the allegations in paragraph 1520.

1521. The allegations in paragraph 1521 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1521 are accurate or complete statements of law. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1522. Ford denies the allegations in paragraph 1522.

**COUNT III**
**ALLEGED NEGLIGENCE**
**(Under Mississippi Law)**

1523. Ford asserts paragraph 1523 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Mississippi Negligence. The allegation in this paragraph, therefore, is not “a short and plain statement of the claim” as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1524. Ford denies the allegations in paragraph 1524.

1525. The allegations in paragraph 1525 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1525 are accurate or complete statements of law. Ford also denies any allegation in paragraph 1525 of negligence.

1526. Ford denies the allegations in paragraph 1526.

1527. Ford denies the allegations in paragraph 1527.

1528. Paragraph 1528 contains no allegations requiring a response from Ford. To the extent a response is required, Ford denies any allegations in paragraph 1528 that are inconsistent with the applicable statute.

1529. The allegations in paragraph 1529 and its subparts contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1529 and its subparts are accurate or complete statements of law. Ford also denies any allegations in paragraph 1529 and its subparts that Ford supplied vehicles directly to consumers, that the vehicle was dangerous, and that Ford was negligent.

1530. Ford denies the allegations in paragraph 1530.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Miss. Code Ann. § 75-2-608)**

1531 – 1541. Paragraphs 1531 - 1541 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED NEGLIGENT MISREPRESENTATION/FRAUD**
**(Based on Mississippi Law)**

1542. Ford asserts paragraph 1542 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Mississippi Negligent Misrepresentation/Fraud. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1543. Ford denies the allegations in paragraph 1543.

1544. The allegations in paragraph 1544 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1544 are accurate or complete statements of law. Ford also denies any allegation in paragraph 1544 that Ford omitted or concealed any facts.

1545. The allegations in paragraph 1545 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the

statements or allegations in paragraph 1545 are accurate or complete statements of law. Ford also denies any allegation in paragraph 1545 that Ford omitted or concealed any facts, that the vehicles were defect, and that the vehicles were “dangerous and unreliable”.

1546. The allegations in paragraph 1546 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1546 are accurate or complete statements of law. Ford also denies any allegation in paragraph 1546 that Ford concealed or suppressed any facts.

1547. Ford denies the allegations in paragraph 1547.

1548. Ford denies the allegations in paragraph 1548.

1549. The allegations in paragraph 1549 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1549 are accurate or complete statements of law. Ford also denies any allegation in paragraph 1549 that Ford misrepresented, concealed or suppressed any facts. Ford further denies that it has committed any wrongful acts or practices and denies that plaintiffs are entitled to relief of any kind.

1550. Ford denies the allegations in paragraph 1550.

## COUNT VI
## ALLEGED UNJUST ENRICHMENT
## (Based on Mississippi Law)

1551 – 1554. Paragraphs 1551 - 1554 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**MISSOURI**
**COUNT I**
**ALLEGED VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT**
**(Mo. Rev. Stat. § 407.010, *et seq.*)**

1555. Ford asserts paragraph 1555 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Missouri Merchandising Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1556. Ford denies the allegations in paragraph 1556.

1557. Ford denies the allegations in paragraph 1557.

1558. Ford denies the allegations in paragraph 1558.

1559. Ford denies the allegations in paragraph 1559.

1560. Ford denies the allegations in paragraph 1560.

1561. Ford denies the allegations in paragraph 1561.

1562. The allegations in paragraph 1562 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Mo. Rev. Stat. § 400.2-313)**

1563. Ford asserts paragraph 1563 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Missouri Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1564. The allegations in paragraph 1564 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1564 are accurate or complete statements of law.

1565. The allegations in paragraph 1565 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who

purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1566.   Ford denies the allegations in paragraph 1566.

1567.   The allegations in paragraph 1567 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1567.

1568.   The allegations in paragraph 1568 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a New Vehicle Limited Warranty (NVLW), the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1568.

1569.   Ford denies the allegations in paragraph 1569.

1570. Ford denies the allegations in paragraph 1570.

1571. Ford denies the allegations in paragraph 1571.

1572. Ford denies the allegations in paragraph 1572.

1573. Ford denies the allegations in paragraph 1573.

1574. Paragraph 1574 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50) .

1575. Ford denies the allegations in paragraph 1575.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Mo. Rev. Stat. § 400.2-314)**

1576. Ford asserts paragraph 1576 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Missouri Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1577. The allegations in paragraph 1577 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1577 are accurate or complete statements of law.

1578. The allegations in paragraph 1578 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1579. Ford denies the allegations in paragraph 1579.

1580. Ford denies the allegations in paragraph 1580.

1581. Ford denies the allegations in paragraph 1581.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Mo. Rev. Stat. § 400.2-608)**

1582 – 1592. Paragraphs 1582 - 1592 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Missouri Law)**

1593. Ford asserts paragraph 1593 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Missouri Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is

not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1594. Ford denies the allegations in paragraph 1594.

1595. Ford denies the allegations in paragraph 1595.

1596. Ford denies the allegations in paragraph 1596.

**COUNT VI**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Missouri Law)**

1597. Ford asserts paragraph 1597 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Missouri Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1598. Ford denies the allegations in paragraph 1598.

1599. The allegations in paragraph 1599 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1599 are accurate or complete statements of law.

1600. The allegations in paragraph 1600 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1600 are accurate or complete statements of law.

1601. Ford denies the allegations in paragraph 1601.

1602. Ford denies the allegations in paragraph 1602.

1603. Ford denies the allegations in paragraph 1603.

1604. Ford denies the allegations in paragraph 1604.

1605. Ford denies the allegations in paragraph 1605.

**COUNT VII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Missouri Law)**

1606 – 1610. Paragraphs 1606 - 1610 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**NEBRASKA**
**COUNT I**
**ALLEGED VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT**
**(Neb. Rev. Stat. § 59-1601, *et seq.*)**

1611 – 1618. Paragraphs 1611 - 1618 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(Neb. Rev. Stat. § 2-314)**

1619. Ford asserts paragraph 1619 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Nebraska Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1620. The allegations in paragraph 1620 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1620 are accurate or complete statements of law.

1621. The allegations in paragraph 1621 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs

purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1622. Ford denies the allegations in paragraph 1622.

1623. Ford denies the allegations in paragraph 1623.

**COUNT III**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Nev. Rev. Stat. NEB. § 2-608)**

1624 – 1634. Paragraphs 1624 - 1634 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT IV**
**IN THE ALTERNATIVE, ALLEGED UNJUST ENRICHMENT**
**(Based on Nebraska Law)**

1635 – 1639. Paragraphs 1635 - 1639 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**NEVADA**
**COUNT I**
**ALLEGED VIOLATION FOR THE NEVADA DECEPTIVE TRADE PRACTICES ACT**
**(Nev. Rev. Stat. § 598.0903, *et seq.*)**

1640. Ford asserts paragraph 1640 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Nevada

Deceptive Trade Practice Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1641.   The allegations in paragraph 1641 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

1642.   The allegations in paragraph 1642 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1642 are accurate or complete statements of law.

1643.   The allegations in paragraph 1643 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1644.   The allegations in paragraph 1644 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1645.   Ford denies the allegations in paragraph 1645.

1646. Ford denies the allegations in paragraph 1646.

1647. Ford denies the allegations in paragraph 1647.

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Nev. Rev. Stat. § 104.2313)**

1648. Ford asserts paragraph 1648 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Nevada Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1649. The allegations in paragraph 1649 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1650. The allegations in paragraph 1650 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1651.   Ford denies the allegations in paragraph 1651.

1652.   The allegations in paragraph 1652 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1652.

1653.   The allegations in paragraph 1653 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1653.

1654.   Ford denies the allegations in paragraph 1654.

1655.   Ford denies the allegations in paragraph 1655.

1656.   Ford denies the allegations in paragraph 1656.

1657. Ford denies the allegations in paragraph 1657.

1658. Ford denies the allegations in paragraph 1658.

1659. Ford denies the allegations in paragraph 1659.

**COUNT III**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(Nev. Rev. Stat. § 104.2314)**

1660. Ford asserts paragraph 1660 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Nevada Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1661. The allegations in paragraph 1661 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1662. The allegations in paragraph 1662 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law. However, many

plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1663. Ford denies the allegations in paragraph 1663.

1664. Ford denies the allegations in paragraph 1664.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Nev. Rev. Stat. § 104.2608)**

1665 – 1674. Paragraphs 1665 – 1674 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Nevada Law)**

1675. Ford asserts paragraph 1675 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Nevada Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1676. Ford denies the allegations in paragraph 1676.

1677. Ford denies the allegations in paragraph 1677.

1678. Ford denies the allegations in paragraph 1674.

**COUNT VI**
**ALLEGED BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Based on Nevada Law)**

1679. Ford asserts paragraph 1679 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Nevada Breach of Implied Covenant of Good Faith and Fair Dealing. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1680. The allegations in paragraph 1680 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1680 are accurate or complete statements of law.

1681. The allegations in paragraph 1681 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1681 are accurate or complete statements of law.

1682. The allegations in paragraph 1682 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the

statements or allegations in paragraph 1682 are accurate or complete statements of law.

1683. Ford denies the allegations in paragraph 1683.

1684. Ford denies the allegations in paragraph 1684.

**COUNT VII**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Nevada Law)**

1685. Ford asserts paragraph 1685 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Nevada Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1686. Ford denies the allegations in paragraph 1686.

1687. The allegations in paragraph 1687 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1687 are accurate or complete statements of law.

1688. The allegations in paragraph 1688 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the

statements or allegations in paragraph 1687 are accurate or complete statements of law.

1689. Ford denies the allegations in paragraph 1689.

1690. Ford denies the allegations in paragraph 1690.

1691. Ford denies the allegations in paragraph 1691.

1692. Ford denies the allegations in paragraph 1692.

1693. Ford denies the allegations in paragraph 1693.

1694. Ford denies the allegations in paragraph 1694.

**COUNT VIII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Nevada Law)**

1695 – 1698. Paragraphs 1695 -1698 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**NEW HAMPSHIRE**
**COUNT I**
**ALLEGED VIOLATION OF THE N.H. CONSUMER PROTECTION ACT**
**(N.H. Rev. Stat. Ann § 358A:1, *et seq.*)**

1699 -1706. Paragraphs 1699 - 1706 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(N.H. Rev. Stat. Ann. § 382-A:2-313)**

1707.    Ford asserts paragraph 1707 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New Hampshire Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1708.    The allegations in paragraph 1708 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1709.    The allegations in paragraph 1709 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1710.    Ford denies the allegations in paragraph 1710.

1711.    The allegations in paragraph 1711 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its

vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1711.

1712.   The allegations in paragraph 1712 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1712.

1713.   Ford denies the allegations in paragraph 1713.

1714.   Ford denies the allegations in paragraph 1714.

1715.   Ford denies the allegations in paragraph 1715.

1716.   Ford denies the allegations in paragraph 1716.

1717.   Ford denies the allegations in paragraph 1717.

1718. Paragraph 1718 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance.

1719. Ford denies the allegations in paragraph 1719.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(N.H. Rev. Stat. Ann. § 382-A:2-314)**

1720. Ford asserts paragraph 1720 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New Hampshire Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1721. The allegations in paragraph 1721 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1721 are accurate or complete statements of law.

1722. The allegations in paragraph 1772 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves.

Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1723. Ford denies the allegations in paragraph 1723.

1724. Ford denies the allegations in paragraph 1724.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(N.H. Rev. Stat. Ann. § 382-A:2-608)**

1725 – 1735. Paragraphs 1725 - 1735 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF COMMON LAW WARRANTY**
**(Based on New Hampshire Law)**

1736. Ford asserts paragraph 1736 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New Hampshire Breach of Common Law Warranty. The allegation in this paragraph, therefore, is not

"a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1737. Ford denies the allegations in paragraph 1737.

1738. Ford denies the allegations in paragraph 1738.

1739. Ford denies the allegations in paragraph 1739.

**COUNT VI**
**ALLEGED UNJUST ENRICHMENT**
**(Based on New Hampshire Law)**

1740 – 1744. Paragraphs 1740 - 1744 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**NEW JERSEY**
**COUNT I**
**ALLEGED VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT**
**(N.J. Stat. Ann. § 56:8-1, *et seq.*)**

1745. Ford asserts paragraph 1745 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the New Jersey Consumer Fraud Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1746.   The allegations in paragraph 1746 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1747.   The allegations in paragraph 1747 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

1748.   Ford denies the allegations in paragraph 1748.

1749.   Ford denies the allegations in paragraph 1749.

1750.   Ford denies the allegations in paragraph 1750.

1751.   Ford denies the allegations in paragraph 1751.

1752.   Ford denies the allegations in paragraph 1752.

1753.   Ford denies the allegations in paragraph 1753.

1754.   The allegations in paragraph 1754 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(N.J. Stat. Ann. § 12A:2-313)**

1755.   Ford asserts paragraph 1755 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New Jersey Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1756.   The allegations in paragraph 1756 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1756 are accurate or complete statements of law.

1757.   The allegations in paragraph 1757 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1758.   Ford denies the allegations in paragraph 1758.

1759.    The allegations in paragraph 1759 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1759.

1760.    The allegations in paragraph 1760 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1760.

1761.    Ford denies the allegations in paragraph 1761.

1762.    Ford denies the allegations in paragraph 1762.

1763.    Ford denies the allegations in paragraph 1763.

1764.    Ford denies the allegations in paragraph 1764.

1765. Ford denies the allegations in paragraph 1765.

1766. Paragraph 1766 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance.

1767. Ford denies the allegations in paragraph 1767.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(N. J. Stat. Ann. § 12A:2-314)**

1768. Ford asserts paragraph 1768 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New Jersey Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1769. The allegations in paragraph 1769 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1769 are accurate or complete statements of law.

1770. The allegations in paragraph 1770 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its

vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1771. Ford denies the allegations in paragraph 1771.

1772. Ford denies the allegations in paragraph 1772.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(N.J. Stat. Ann. § 12A:2-608)**

1773 – 1782. Paragraphs 1773 - 1782 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT**
**(Based on New Jersey Law)**

1783. Ford asserts paragraph 1783 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New Jersey

Breach of Contract. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1784. Ford denies the allegations in paragraph 1784.

1785. Ford denies the allegations in paragraph 1785.

1786. Ford denies the allegations in paragraph 1786.

**COUNT VI**
**IN THE ALTERNATIVE, ALLEGED UNJUST ENRICHMENT**
**(Based on New Jersey Law)**

1787 – 1791. Paragraphs 1787 - 1791 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**NEW MEXICO**
**COUNT I**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(N.M. Stat. Ann. § 55-2-313)**

1792. Ford asserts paragraph 1792 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New Mexico Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer

is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1793. The allegations in paragraph 1793 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1794. The allegations in paragraph 1794 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1795. Ford denies the allegations in paragraph 1795.

1796. The allegations in paragraph 1796 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the

expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1796.

1797. The allegations in paragraph 1797 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1797.

1798. Ford denies the allegations in paragraph 1798.

1799. Ford denies the allegations in paragraph 1799.

1800. Ford denies the allegations in paragraph 1800.

1801. Ford denies the allegations in paragraph 1801.

1802. Ford denies the allegations in paragraph 1802.

1803. Paragraph 1803 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

1804. Ford denies the allegations in paragraph 1804.

**COUNT II**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(N.M. Stat. Ann. § 55-2-314)**

1805.   Ford asserts paragraph 1805 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New Mexico Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1806.   The allegations in paragraph 1806 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1807.   The allegations in paragraph 1807 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law.  However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1808.   Ford denies the allegations in paragraph 1808.

1809.   Ford denies the allegations in paragraph 1809.

## COUNT III
## ALLEGED REVOCATION OF ACCEPTANCE

**(N.M. Stat. Ann. § 55-2-608)**

1810 – 1820. Paragraphs 1810 - 1820 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT IV**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on New Mexico Laws)**

1821. Ford asserts paragraph 1821 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New Mexico Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1822. Ford denies the allegations in paragraph 1822.

1823. Ford denies the allegations in paragraph 1823.

1824. Ford denies the allegations in paragraph 1824.

1825. Ford denies the allegations in paragraph 1825.

**COUNT V**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on New Mexico Law)**

1826. Ford asserts paragraph 1826 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New Mexico Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1827. Ford denies the allegations in paragraph 1827.

1828. The allegations in paragraph 1828 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1828 are accurate or complete statements of law.

1829. The allegations in paragraph 1829 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1829 are accurate or complete statements of law.

1830. Ford denies the allegations in paragraph 1830.

1831. Ford denies the allegations in paragraph 1831.

1832. Ford denies the allegations in paragraph 1832.

1833. Ford denies the allegations in paragraph 1833.

1834. Ford denies the allegations in paragraph 1834.

## COUNT VI
## ALLEGED UNJUST ENRICHMENT
## (Based on New Mexico Law)

1835 – 1838. Paragraphs 1835 - 1838 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

## COUNT VII
## ALLEGED VIOLATIONS FOR THE NEW MEXICO UNFAIR TRADE PRACTICES ACT
## (N.M. Stat. Ann. §§ 57-12-1, *et seq.*)

1839. Ford asserts paragraph 1839 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the New Mexico Unfair Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1840. Ford denies the allegations in paragraph 1840.

1841. Ford denies the allegations in paragraph 1841.

1842. Ford denies the allegations in paragraph 1842.

1843. Ford denies the allegations in paragraph 1843.

1844. Ford denies the allegations in paragraph 1844.

1845. Ford denies the allegations in paragraph 1844.

**COUNT VIII**
**ALLEGED VIOLATIONS OF THE NEW MEXICO MOTOR VEHICLE DEALERS FRANCHISING ACT**
**(N.M. Stat. Ann. §§ 57-16-1, *et seq.*)**

1846. Ford asserts paragraph 1846 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the New Mexico Motor Vehicle Dealers Franchising Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1847. Ford denies the allegations in paragraph 1847.

1848. Ford denies the allegations in paragraph 1848.

1849. Ford denies the allegations in paragraph 1849.

**NEW YORK**
**COUNT I**
**ALLEGED DECEPTIVE ACTS OR PRACTICES**
**(N.Y. Gen. Bus. Law § 340)**

1850. Ford asserts paragraph 1850 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New York Deceptive Acts or Practices. The allegation in this paragraph, therefore, is not "a

short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1851. The allegations in paragraph 1851 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1851 are accurate or complete statements of law.

1852. The allegations in paragraph 1852 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1853. Ford denies the allegations in paragraph 1853.

1854. Ford denies the allegations in paragraph 1854.

1855. Ford denies the allegations in paragraph 1855.

1856. Ford denies the allegations in paragraph 1856.

1857. Ford denies the allegations in paragraph 1857.

1858. Ford denies the allegations in paragraph 1858.

1859. Ford denies the allegations in paragraph 1859.

**COUNT II**
**ALLEGED FALSE ADVERTISING**
**(N.Y. Gen. Bus. Law § 350)**

1860.   Ford asserts paragraph 1860 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New York False Advertising. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1861.   The allegations in paragraph 1861 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1861 are accurate or complete statements of law.

1862.   The allegations in paragraph 1862 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1863.   Ford denies the allegations in paragraph 1863.

1864.   The allegations in paragraph 1864 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1865.   Ford denies the allegations in paragraph 1865.

1866.   Ford denies the allegations in paragraph 1866.

1867.   Ford denies the allegations in paragraph 1867.

**COUNT III**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(N.Y. U.C.C. § 2-313)**

1868. Ford asserts paragraph 1868 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New York Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1869. The allegations in paragraph 1869 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1869 are accurate or complete statements of law.

1870. The allegations in paragraph 1870 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1871. Ford denies the allegations in paragraph 1871.

1872. The allegations in paragraph 1872 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves.

Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1873.    Ford denies the allegations in paragraph 1873.

1874.    The allegations in paragraph 1874 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1874.

1875.    The allegations in paragraph 1875 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the

expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1875.

1876. Ford denies the allegations in paragraph 1876.

1877. Ford denies the allegations in paragraph 1877.

1878. Ford denies the allegations in paragraph 1878.

1879. Ford denies the allegations in paragraph 1879.

1880. Ford denies the allegations in paragraph 1880.

1881. Ford denies the allegations in paragraph 1880.

**COUNT IV**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(N.Y. U.C.C. § 2-314)**

1882 – 1888. Paragraphs 1882 - 1888 contain no allegations requiring a response from Ford as the Court dismissed the implied warranty claim under Count IV for New York. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on New York Law)**

1889. Ford asserts paragraph 1889 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New York Breach of Contract/Common Law Warranty. The allegation in this paragraph,

therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1890. The allegations in paragraph 1890 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1890 are accurate or complete statements of law.

1891. The allegations in paragraph 1891 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1892. Ford denies the allegations in paragraph 1892.

1893. Ford denies the allegations in paragraph 1893.

**COUNT IV**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on New York Law)**

1894. Ford asserts paragraph 1894 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under New York Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1895. The allegations in paragraph 1895 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1895 are accurate or complete statements of law.

1896. The allegations in paragraph 1896 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1896 are accurate or complete statements of law.

1897. The allegations in paragraph 1897 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1897 are accurate or complete statements of law.

1898. Ford denies the allegations in paragraph 1898.

1899. Ford denies the allegations in paragraph 1899.

1900. Ford denies the allegations in paragraph 1900.

1901. Ford denies the allegations in paragraph 1901.

1902. Ford denies the allegations in paragraph 1902.

**NORTH CAROLINA**
**COUNT I**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(N.C. Gen. Stat. § 25-2-314)**

1903 – 1907. Paragraphs 1903 - 1907 contain no allegations requiring a response from Ford as the Court dismissed the implied warranty claim under Count I for North Carolina. (ECF No. 50)

**COUNT II**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on North Carolina Law)**

1908. Ford asserts paragraph 1908 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under North Carolina Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1909. Ford denies the allegations in paragraph 1909.

1910. The allegations in paragraph 1910 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1910 are accurate or complete statements of law.

1911. The allegations in paragraph 1911 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1911 are accurate or complete statements of law.

1912. Ford denies the allegations in paragraph 1912.

1913. Ford denies the allegations in paragraph 1913.

1914. Ford denies the allegations in paragraph 1914.

1915. Ford denies the allegations in paragraph 1915.

1916. Ford denies the allegations in paragraph 1916.

**COUNT III**
**ALLEGED UNJUST ENRICHMENT**
**(Based on North Carolina Law)**

1917 – 1920. Paragraphs 1917 - 1920 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**COUNT IV**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on North Carolina Law)**

1921. Ford asserts paragraph 1921 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under North Carolina Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1922. Ford denies the allegations in paragraph 1922.

1923.   Ford denies the allegations in paragraph 1923.

1924.   Ford denies the allegations in paragraph 1924.

**NORTH DAKOTA**
**COUNT I**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(N.D. Cent. Code § 41-02-30)**

1925.   Ford asserts paragraph 1925 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under North Dakota Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1926.   The allegations in paragraph 1926 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 1926 are accurate or complete statements of law.

1927.   The allegations in paragraph 1927 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's

NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

1928.   Ford denies the allegations in paragraph 1928.

1929.   The allegations in paragraph 1929 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1929.

1930.   The allegations in paragraph 1930 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 1930.

1931. Ford denies the allegations in paragraph 1931.

1932. Ford denies the allegations in paragraph 1932.

1933. Ford denies the allegations in paragraph 1933.

1934. Ford denies the allegations in paragraph 1934.

1935. Ford denies the allegations in paragraph 1935.

1936. Paragraph 1936 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

1937. Ford denies the allegations in paragraph 1937.

**COUNT II**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(N.D. Cent. Code § 41-02-31)**

1938. Ford asserts paragraph 1938 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under North Dakota Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1939. The allegations in paragraph 1939 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the

statements or allegations in paragraph 1939 are accurate or complete statements of law.

1940. The allegations in paragraph 1940 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1940 are accurate or complete statements of law. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

1941. Ford denies the allegations in paragraph 1941.

1942. Ford denies the allegations in paragraph 1942.

**COUNT III**
**ALLEGED UNJUST ENRICHMENT**
**(Based on North Dakota Law)**

1943 – 1949. Paragraphs 1943 - 1949 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**COUNT IV**
**ALLEGED VIOLATION FOR THE NORTH DAKOTA CONSUMER FRAUD ACT**
**(N.D. Cent. Code § 51-15-02)**

1950. Ford asserts paragraph 1950 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs

with respect to plaintiffs who do not and cannot assert claims under the North Dakota Consumer Fraud Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1951. Ford denies the allegations in paragraph 1951.

1952. Ford denies the allegations in paragraph 1952.

1953. Ford denies the allegations in paragraph 1953.

1954. Ford denies the allegations in paragraph 1954.

**COUNT V**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(N.D. Cent. Code § 41-02-71 (2-608))**

1955 – 1965. Paragraphs 1955 - 1965 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT VI**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on North Dakota Law)**

1966. Ford asserts paragraph 1966 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under North Dakota Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To

the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1967. Ford denies the allegations in paragraph 1967.

1968. Ford denies the allegations in paragraph 1968.

1969. Ford denies the allegations in paragraph 1969.

**COUNT VII**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on North Dakota Law)**

1970. Ford asserts paragraph 1970 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under North Dakota Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1971. Ford denies the allegations in paragraph 1971.

1972. The allegations in paragraph 1972 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 1972 are accurate or complete statements of law.

1973. The allegations in paragraph 1973 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the

statements or allegations in paragraph 1973 are accurate or complete statements of law.

1974. Ford denies the allegations in paragraph 1974.

1975. Ford denies the allegations in paragraph 1975.

1976. Ford denies the allegations in paragraph 1976.

1977. Ford denies the allegations in paragraph 1977.

1978. Ford denies the allegations in paragraph 1978.

**OHIO**
**COUNT I**
**ALLEGED VIOLATION OF OHIO CONSUMER SALES PRACTICES ACT**
**(Ohio Rev. Code Ann. § 1345.01, *et seq.*)**

1979 – 1986. Paragraphs 1979 - 1986 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED VIOLATION OF OHIO DECEPTIVE TRADE PRACTICES ACT**
**(Ohio Rev. Code Ann. § 4165.01, *et seq.*)**

1987. Ford asserts paragraph 1987 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Ohio Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer

is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1988. The allegations in paragraph 1988 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

1989. The allegations in paragraph 1989 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

1990. Ford denies the allegations in paragraph 1990.

1991. Ford denies the allegations in paragraph 1991.

1992. Ford denies the allegations in paragraph 1992.

1993. Ford denies the allegations in paragraph 1993.

1994. Ford denies the allegations in paragraph 1994.

1995. Ford denies the allegations in paragraph 1995.

1996. Ford denies the allegations in paragraph 1996.

**COUNT III**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Ohio Rev. Code § 1302.26, *et seq.* (U.C.C. § 2-313))**

1997. Ford asserts paragraph 1997 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Ohio Consumer Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

1998. Ford denies the allegations in paragraph 1998.

1999. Ford denies the allegations in paragraph 1999.

2000. Ford denies the allegations in paragraph 2000.

**COUNT IV**
**ALLEGED OHIO BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY STRICT LIABILITY**
**(Ohio Rev. Code Ann. § 1302.27 (U.C.C. § 2-314))**

2001 – 2005. Paragraphs 2001 - 2005 contain no allegations requiring a response from Ford as the Court dismissed the implied warranty claim under Count IV for Ohio. (ECF No. 50).

**COUNT V**
**ALLEGED OHIO NEGLIGENT DESIGN, ENGINEERING & MANUFACTURE**
**(Based on Ohio Law)**

2006. Ford asserts paragraph 2006 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs

with respect to plaintiffs who do not and cannot assert claims under Ohio Negligent

Design, Engineering, and Manufacture. The allegation in this paragraph, therefore,

is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an

answer is required, Ford incorporates its corresponding responses to the preceding

paragraphs.

2007.    The allegations in paragraph 2007 contain legal conclusions to which

no response is required.  To the extent a response is required, Ford denies that the

statements or allegations in paragraph 2007 are accurate or complete statements of

law.

2008.    The allegations in paragraph 2008 contain legal conclusions to which

no response is required.  To the extent a response is required, Ford denies that the

statements or allegations in paragraph 2008 are accurate or complete statements of

law.

2009.    The allegations in paragraph 2009 contain legal conclusions to which

no response is required.  To the extent a response is required, Ford denies that the

statements or allegations in paragraph 2009 are accurate or complete statements of

law.

2010.    The allegations in paragraph 2010 contain legal conclusions to which

no response is required.  To the extent a response is required, Ford denies that the

statements or allegations in paragraph 2010 are accurate or complete statements of law.

2011. Ford denies the allegations in paragraph 2011.

2012. Ford denies the allegations in paragraph 2012.

2013. Ford denies the allegations in paragraph 2013.

2014. Ford denies the allegations in paragraph 2014.

2015. Ford denies the allegations in paragraph 2015.

2016. Ford denies the allegations in paragraph 2016.

2017. Ford denies the allegations in paragraph 2017.

**COUNT VI**
**ALLEGED FRAUD & FRAUDULENT CONCEALMENT**
**(Based on Ohio Law)**

2018. Ford asserts paragraph 2018 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Ohio Fraud and Fraudulent Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2019. Ford denies the allegations in paragraph 2019.

2020. Ford denies the allegations in paragraph 2020.

2021. Ford denies the allegations in paragraph 2021.

2022. The allegations in paragraph 2022 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2022 are accurate or complete statements of law.

2023. Ford denies the allegations in paragraph 2023.

2024. Ford denies the allegations in paragraph 2024.

2025. Ford denies the allegations in paragraph 2025.

2026. Ford denies the allegations in paragraph 2026.

**COUNT VII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Ohio Law)**

2027 – 2032. Paragraphs 2027 - 2032 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**OKLAHOMA**
**COUNT I**
**ALLEGED VIOLATION OF OKLAHOMA CONSUMER PROTECTION ACT**
**(Okla. Stat. tit. 15 § 751, *et seq.*)**

2033 – 2040. Paragraphs 2033 - 2040 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED VIOLATION OF OKLAHOMA DECEPTIVE TRADE**

**PRACTICES ACT**
**(78 Okla. Stat. Ann. § 51, *et seq.*)**

2041. Ford asserts paragraph 2041 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Oklahoma Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2042. Ford denies the allegations in paragraph 2042.

2043. Ford denies the allegations in paragraph 2043.

2044. Ford denies the allegations in paragraph 2044.

2045. Ford denies the allegations in paragraph 2045.

2046. Ford denies the allegations in paragraph 2046.

2047. Ford denies the allegations in paragraph 2047.

2048. The allegations in paragraph 2048 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

**COUNT III**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(12A Okla. Stat. Ann. § 2-313)**

2049.    Ford asserts paragraph 2049 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Oklahoma Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2050.    The allegations in paragraph 2050 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 2050 are accurate or complete statements of law.

2051.    The allegations in paragraph 2051 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

2052.    Ford denies the allegations in paragraph 2052.

2053.   The allegations in paragraph 2053 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2053.

2054.   The allegations in paragraph 2054 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2054.

2055.   Ford denies the allegations in paragraph 2055.

2056.   Ford denies the allegations in paragraph 2056.

2057.   Ford denies the allegations in paragraph 2057.

2058.   Ford denies the allegations in paragraph 2058.

2059. Ford denies the allegations in paragraph 2059.

2060. The allegations in paragraph 2060 are nonsensical and incomplete. Ford denies the allegations in paragraph 2060.

2061. Paragraph 2061 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

2062. Ford denies the allegations in paragraph 2062.

**COUNT IV**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(12A Okla. Stat. Ann. § 2-314)**

2063. Ford asserts paragraph 2063 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Oklahoma Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2064. The allegations in paragraph 2064 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2064 are accurate or complete statements of law.

2065. The allegations in paragraph 2065 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

2066. Ford denies the allegations in paragraph 2066.

2067. Ford denies the allegations in paragraph 2067.

2068. Ford denies the allegations in paragraph 2068.

**COUNT V**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(12A Okla. Stat. Ann. § 2-608)**

2069 – 2079. Paragraphs 2069 - 2079 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT VI**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Oklahoma Law)**

2080. Ford asserts paragraph 2080 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Oklahoma Breach of Contract/Common Law Warranty. The allegation in this paragraph,

therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2081. Ford denies the allegations in paragraph 2081.

2082. Ford denies the allegations in paragraph 2082.

2083. Ford denies the allegations in paragraph 2083.

**COUNT VII**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Oklahoma Law)**

2084. Ford asserts paragraph 2084 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Oklahoma Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2085. Ford denies the allegations in paragraph 2085.

2086. Ford denies the allegations in paragraph 2086.

2087. Ford denies the allegations in paragraph 2087.

2088. Ford denies the allegations in paragraph 2088.

2089. Ford denies the allegations in paragraph 2089.

2090. Ford denies the allegations in paragraph 2090.

2091. Ford denies the allegations in paragraph 2091.

2092. Ford denies the allegations in paragraph 2092.

**COUNT VIII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Oklahoma Law)**

2093 – 2097. Paragraphs 2093 - 2097 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**OREGON**
**COUNT I**
**ALLEGED VIOLATION OF THE OREGON UNLAWFUL TRADE PRACTICES ACT**
**(Or. Rev. Stat. §§ 646.605, *et seq.*)**

2098. Ford asserts paragraph 2098 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Oregon Unlawful Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2099. The allegations in paragraph 2099 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2100. The allegations in paragraph 2100 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

2101. The allegations in paragraph 2101 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2102. The allegations in paragraph 2102 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2103. Ford denies the allegations in paragraph 2103.

2104. Ford denies the allegations in paragraph 2104.

2105. Ford denies the allegations in paragraph 2105.

2106. Ford denies the allegations in paragraph 2106.

2107. Ford denies the allegations in paragraph 2107.

2108. The allegations in paragraph 2108 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

**COUNT II**
**ALLEGED BREACH OF IMPLIED WARRANTY OF**

**MERCHANTABILITY**
**(Or. Rev. Stat. § 72.3140)**

2109. Ford asserts paragraph 2109 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Oregon Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2110. The allegations in paragraph 2110 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2110 are accurate or complete statements of law.

2111. The allegations in paragraph 2111 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2111 are accurate or complete statements of law. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

2112. Ford denies the allegations in paragraph 2112.

2113. Ford denies the allegations in paragraph 2113.

**COUNT III**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Or. Rev. Stat. § 72.6080)**

2114 – 2124. Paragraphs 2114 - 2124 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT IV**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Oregon Law)**

2125. Ford asserts paragraph 2125 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Oregon Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2126. Ford denies the allegations in paragraph 2126.

2127. The allegations in paragraph 2127 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2127 are accurate or complete statements of law.

2128. Ford denies the allegations in paragraph 2128.

2129. Ford denies the allegations in paragraph 2129.

2130. Ford denies the allegations in paragraph 2130.

2131. Ford denies the allegations in paragraph 2131.

2132. Ford denies the allegations in paragraph 2132.

2133. Ford denies the allegations in paragraph 2133.

**COUNT V**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Oregon Law)**

2134 – 2138. Paragraphs 2134 - 2138 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**PENNSYLVANIA**
**COUNT I**
**ALLEGED VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**
**(73 P.S. § 201-1, *et seq.*)**

2139. Ford asserts paragraph 2139 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2140. Ford denies the allegations in paragraph 2140.

2141. Ford denies the allegations in paragraph 2141.

2142. Ford denies the allegations in paragraph 2142.

2143. Ford denies the allegations in paragraph 2143.

2144. Ford denies the allegations in paragraph 2144.

2145. Ford denies the allegations in paragraph 2145.

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(13 Pa. Cons. Stat. Ann. § 2313)**

2146. Ford asserts paragraph 2146 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Pennsylvania Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2147. The allegations in paragraph 2147 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2147 are accurate or complete statements of law.

2148. The allegations in paragraph 2148 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its

vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

2149.    Ford denies the allegations in paragraph 2149.

2150.    The allegations in paragraph 2150 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2150.

2151.    The allegations in paragraph 2151 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the

expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2151.

2152. Ford denies the allegations in paragraph 2152.

2153. Ford denies the allegations in paragraph 2153.

2154. Ford denies the allegations in paragraph 2154.

2155. Ford denies the allegations in paragraph 2155.

2156. Ford denies the allegations in paragraph 2156.

2157. Paragraph 2157 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

2158. Ford denies the allegations in paragraph 2158.

**COUNT III**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(13 Pa. Cons. Stat. Ann. § 2314)**

2159. Ford asserts paragraph 2159 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Pennsylvania Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2160. The allegations in paragraph 2160 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2160 are accurate or complete statements of law.

2161. The allegations in paragraph 2161 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2161 are accurate or complete statements of law. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

2162. Ford denies the allegations in paragraph 2162.

2163. Ford denies the allegations in paragraph 2163.

**COUNT IV**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Pennsylvania Law)**

2164 – 2168. Paragraphs 2164 - 2168 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Pennsylvania Law)**

2169. Ford asserts paragraph 2169 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Pennsylvania Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2170. The allegations in paragraph 2170 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2170 are accurate or complete statements of law. Ford also denies the allegations in paragraph 2170 of breach and defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

2171. Ford denies the allegations in paragraph 2171.

2172. Ford denies the allegations in paragraph 2172.

**SOUTH CAROLINA**
**COUNT I**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(S.C. Code § 36-2-314)**

2173.    Ford asserts paragraph 2173 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under South Carolina Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2174.    The allegations in paragraph 2174 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to the damages or that Ford is liable.

2175.    The allegations in paragraph 2175 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

2176.    Ford denies the allegations in paragraph 2176.

2177.    Ford denies the allegations in paragraph 2177.

**COUNT II**
**ALLEGED UNJUST ENRICHMENT**
**(Based on South Carolina Law)**

2178 – 2181. Paragraphs 2178 – 2181 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**COUNT III**
**ALLEGED VIOLATIONS OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**
**(S.C. Code Ann. § 39-5-10, *et seq.*)**

2182. Ford asserts paragraph 2182 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the South Carolina Unfair Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2183. The allegations in paragraph 2183 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "person" and deny on this additional ground.

2184. Ford denies the allegations in paragraph 2184.

2185. Ford denies the allegations in paragraph 2185.

2186. Ford denies the allegations in paragraph 2186.

2187. Ford denies the allegations in paragraph 2187.

2188. Ford denies the allegations in paragraph 2188.

2189. Ford denies the allegations in paragraph 2189.

2190. Ford denies the allegations in paragraph 2190.

2191. Ford denies the allegations in paragraph 2191.

2192. Ford denies the allegations in paragraph 2192.

2193. Ford denies the allegations in paragraph 2193.

2194. Ford denies the allegations in paragraph 2194.

2195. Ford denies the allegations in paragraph 2195.

2196. Ford denies the allegations in paragraph 2196.

2197. Ford denies the allegations in paragraph 2197.

2198. Ford denies the allegations in paragraph 2198.

2199. Ford denies the allegations in paragraph 2199.

**COUNT IV**
**ALLEGED VIOLATIONS FOR THE SOUTH CAROLINA REGULATION OF MANUFACTURERS, DISTRIBUTORS, AND DEALERS ACT**
**(S.C. Code Ann. § 56-15, *et seq.*)**

2200 – 2206. Paragraphs 2200 - 2206 contain no allegations requiring a response from Ford as the Court dismissed "South Carolina Count IV". (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT/COMMON LAW**
**(Based on South Carolina Law)**

2207. Ford asserts paragraph 2207 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under South Carolina Breach of Contract/Common Law. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2208. The allegations in paragraph 2208 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2209. Ford denies the allegations in paragraph 2209.

2210. Ford denies the allegations in paragraph 2210.

**SOUTH DAKOTA**
**COUNT I**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(S.D. Codified Laws § 57A-2-313)**

2211. Ford asserts paragraph 2211 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under South Dakota Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer

is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2212.    Ford denies the allegations in paragraph 2212.

2213.    The allegations in paragraph 2213 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2214.    The allegations in paragraph 2214 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express term of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

2215.    Ford denies the allegations in paragraph 2215.

2216.    The allegations in paragraph 2216 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the

expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2216.

2217. The allegations in paragraph 2217 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2217.

2218. Ford denies the allegations in paragraph 2218.

2219. Ford denies the allegations in paragraph 2219.

2220. Ford denies the allegations in paragraph 2220.

2221. Ford denies the allegations in paragraph 2221.

2222. Ford denies the allegations in paragraph 2222.

2223. Paragraph 2223 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

2224. Ford denies the allegations in paragraph 2224.

**COUNT II**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(S.D. Codified Laws § 57A-2-314)**

2225.   Ford asserts paragraph 2225 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under South Dakota Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.   To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2226.   The allegations in paragraph 2226 contain legal conclusions to which no response is required.   To the extent a response is required, Ford denies that the statements or allegations in paragraph 2226 are accurate or complete statements of law.

2227.   The allegations in paragraph 2227 contain legal conclusions to which no response is required.   To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express term of Ford's NVLW.   Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Moreover, certain implied warranties arise by operation of law.   However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

2228. The allegations in paragraph 2228 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2229. Ford denies the allegations in paragraph 2229.

2230. Ford denies the allegations in paragraph 2230.

**COUNT III**
**ALLEGED UNJUST ENRICHMENT**
**(Based on South Carolina Law)**

2231 – 2236. Paragraphs 2231- 2236 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**COUNT IV**
**ALLEGED VIOLATION OF THE SOUTH DAKOTA DECEPTIVE TRADE PRACTICES ACT**
**(S.D. Codified Laws § 37-24-6)**

2237. Ford asserts paragraph 2237 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the South Dakota Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2238. Ford denies the allegations in paragraph 2238.

2239. Ford denies the allegations in paragraph 2239.

2240. Ford denies the allegations in paragraph 2240.

2241. Ford denies the allegations in paragraph 2241.

**COUNT V**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(S.D. Codified Laws § 57A-2-608)**

2242 – 2252. Paragraphs 2242 - 2252 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT VI**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on South Dakota Law)**

2253. Ford asserts paragraph 2253 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under South Dakota Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2254. Ford denies the allegations in paragraph 2254.

2255. Ford denies the allegations in paragraph 2255.

2256. Ford denies the allegations in paragraph 2256.

**TENNESSEE**
**COUNT I**
**ALLEGED VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT**
**(Tenn. Code Ann. § 47-18-101, *et seq.*)**

2257 – 2264. Paragraphs 2257 - 2264 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED FRAUDULENT MISREPRESENTATION & FRAUDULENT CONCEALMENT**
**(Based on Tennessee Law)**

2265. Ford asserts paragraph 2265 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Tennessee Fraudulent Misrepresentation and Fraudulent Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2266. Ford denies the allegations in paragraph 2266.

2267. Ford denies the allegations in paragraph 2267.

2268. Ford denies the allegations in paragraph 2268.

2269. Ford denies the allegations in paragraph 2269.

2270. Ford denies the allegations in paragraph 2270.

2271. Ford denies the allegations in paragraph 2271.

2272. Ford denies the allegations in paragraph 2272.

2273. Ford denies the allegations in paragraph 2273.

**COUNT III**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Tenn. Code Ann. § 47-2-313)**

2274. Ford asserts paragraph 2274 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Tennessee Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2275. The allegations in paragraph 2275 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2276. Ford denies the allegations in paragraph 2276.

2277. Ford denies the allegations in paragraph 2277.

2278. Ford denies the allegations in paragraph 2278.

2279. Ford denies the allegations in paragraph 2279.

2280. Ford denies the allegations in paragraph 2280.

**COUNT IV**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Tenn. Code Ann. § 47-2-314)**

2281. Ford asserts paragraph 2281 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Tennessee Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2282. Ford neither admits nor denies paragraph 2282 because it contains statements or allegations of law for which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2282 are accurate or complete statements of law. Ford also denies any allegations in paragraph 2282 that the vehicle was not in "merchantable condition" or not "fit for their ordinary purpose." Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

2283. Ford denies the allegations in paragraph 2283.

2284. Ford denies the allegations in paragraph 2284.

2285. Ford denies the allegations in paragraph 2285.

**COUNT V**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Tennessee Law)**

2286 – 2291. Paragraphs 2286 - 2291 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**TEXAS**
**ALLEGED VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**
**(Tex. Bus. & Com. Code §§ 17.41, *et seq.*)**

2292. Ford asserts paragraph 2292 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Texas Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2293. Ford denies the allegations in paragraph 2293.

2294. Ford denies the allegations in paragraph 2294.

2295. Ford denies the allegations in paragraph 2295.

2296. Ford denies the allegations in paragraph 2296.

2297. Ford denies the allegations in paragraph 2297.

2298. Ford denies the allegations in paragraph 2298.

2299. Ford denies the allegations in paragraph 2299.

2300. Ford denies the allegations in paragraph 2300.

2301. Ford denies the allegations in paragraph 2301.

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Tex. Bus. & Com. Code § 2.313)**

2302. Ford asserts paragraph 2302 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Texas Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2303. The allegations in paragraph 2303 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

2304.    The allegations in paragraph 2304 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

2305.    Ford denies the allegations in paragraph 2305.

2306.    The allegations in paragraph 2306 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2306..

2307.    The allegations in paragraph 2307 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that

is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2307.

2308. Ford denies the allegations in paragraph 2308.

2309. Ford denies the allegations in paragraph 2309.

2310. Ford denies the allegations in paragraph 2310.

2311. Ford denies the allegations in paragraph 2311.

2312. Ford denies the allegations in paragraph 2312.

2313. Paragraph 2313 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

2314. Ford denies the allegations in paragraph 2314.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Tex. Bus. & Com. Code § 2.314)**

2315. Ford asserts paragraph 2315 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Texas Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an

answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2316. The allegations in paragraph 2316 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2317. The allegations in paragraph 2317 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

2318. Ford denies the allegations in paragraph 2318.

2319. Ford denies the allegations in paragraph 2319.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Tex. Bus. & Com. Code § 2.608)**

2320 – 2330. Paragraphs 2320 - 2330 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**

**(Based on Texas Law)**

2331. Ford asserts paragraph 2331 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Texas Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2332. The allegations in paragraph 2332 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2333. Ford denies the allegations in paragraph 2333.

2334. Ford denies the allegations in paragraph 2334.

**COUNT VI**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Texas Law)**

2335. Ford asserts paragraph 2335 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Texas Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain

statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2336. Ford denies the allegations in paragraph 2336.

2337. The allegations in paragraph 2337 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2338. Ford denies the allegations in paragraph 2338.

2339. Ford denies the allegations in paragraph 2339.

2340. Ford denies the allegations in paragraph 2340.

2341. Ford denies the allegations in paragraph 2341.

2342. Ford denies the allegations in paragraph 2342.

2343. Ford denies the allegations in paragraph 2343.

**COUNT VII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Texas Law)**

2344 – 2347. Paragraphs 2344 - 2347 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**UTAH**
**COUNT I**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Utah Code Ann. § 70A-2313)**

2348.    Ford asserts paragraph 2348 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Utah Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2349.    The allegations in paragraph 2349 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2350.    The allegations in paragraph 2350 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

2351.    Ford denies the allegations in paragraph 2351.

2352.    The allegations in paragraph 2352 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its

vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2352..

2353.   The allegations in paragraph 2353 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2353..

2354.   Ford denies the allegations in paragraph 2354.

2355.   Ford denies the allegations in paragraph 2355.

2356.   Ford denies the allegations in paragraph 2356.

2357.   Ford denies the allegations in paragraph 2357.

2358.   Ford denies the allegations in paragraph 2358.

2359. Paragraph 2359 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

2360. Ford denies the allegations in paragraph 2360.

**COUNT II**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(Utah Code Ann. § 70A-2-314)**

2361. Ford asserts paragraph 2361 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Utah Breach of the Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2362. The allegations in paragraph 2362 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

2363. The allegations in paragraph 2363 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and

that plaintiffs are entitled to damages or that Ford is liable. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

2364. Ford denies the allegations in paragraph 2364.

2365. Ford denies the allegations in paragraph 2365.

**COUNT III**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Utah Code Ann. § 70A-2-608)**

2366 – 2376. Paragraphs 2366 - 2376 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT IV**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Utah Law)**

2377. Ford asserts paragraph 2377 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Utah Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2378. The allegations in paragraph 2378 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2378 are accurate or complete statements of law. Ford also denies the allegations in paragraph 2378 of breach and defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

2379. Ford denies the allegations in paragraph 2379.

2380. Ford denies the allegations in paragraph 2380.

**COUNT V**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Utah Law)**

2381 – 2384. Paragraphs 2381 - 2384 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**VIRGINIA**
**COUNT I**
**ALLEGED VIOLATIONS OF THE VIRGINIA CONSUMER PROTECTIONS**
**(Va. Code § 59.1-1-96 *et seq.*)**

2385 – 2396. Paragraphs 2385 - 2396 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Va. Code § 8.2.313)**

2397. Ford asserts paragraph 2397 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Virginia Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2398. The allegations in paragraph 2398 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2399. The allegations in paragraph 2399 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who

purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

2400.    Ford denies the allegations in paragraph 2400.

2401.    The allegations in paragraph 2401 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2401.

2402.    The allegations in paragraph 2402 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2402..

2403.    Ford denies the allegations in paragraph 2403.

2404. Ford denies the allegations in paragraph 2404.

2405. Ford denies the allegations in paragraph 2405.

2406. Ford denies the allegations in paragraph 2406.

2407. Ford denies the allegations in paragraph 2407.

2408. Paragraph 2408 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

2409. Ford denies the allegations in paragraph 2409.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Va. Code § 8.2-314)**

2410. Ford asserts paragraph 2410 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Virginia Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2411. The allegations in paragraph 2411 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and

that plaintiffs are entitled to damages or that Ford is liable. Further, Ford lacks sufficient information to determine if plaintiffs meet the definition of "natural persons" and deny on this additional ground.

2412. The allegations in paragraph 2412 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

2413. The allegations in paragraph 2413 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable. Moreover, certain implied warranties arise by operation of law. However, many plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

2414. Ford denies the allegations in paragraph 2414.

2415. Ford denies the allegations in paragraph 2415.

2416. Ford denies the allegations in paragraph 2416.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Va. Code § 8.2.608)**

2417 – 2428. Paragraphs 2417 - 2428 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT IV**
**ALLEGED NEGLIGENCE**
**(Based on Virginia Law)**

2429. Ford asserts paragraph 2429 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Virginia Negligence. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2430. Ford admits only that each vehicle was manufactured and/or distributed by Ford. Ford denies the remaining allegations as stated in paragraph 2430.

2431. Ford neither admits nor denies paragraph 2431 because it contains statements or allegations of law for which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2431 are accurate or complete statements of law. Ford also denies any allegations in paragraph 2431 of breach and negligence.

2432. Ford denies the allegations in paragraph 2432.

2433. Ford denies the allegations in paragraph 2433.

2434. Ford denies the allegations in paragraph 2434 and its subparts.

2435. Ford denies the allegations in paragraph 2435.

**COUNT VI**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Virginia Law)**

2436. Ford asserts paragraph 2436 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Virginia Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2437. Ford denies the allegations in paragraph 2437.

2438. Ford denies the allegations in paragraph 2438.

2439. Ford denies the allegations in paragraph 2439.

2440. Ford denies the allegations in paragraph 2440.

2441. Ford denies the allegations in paragraph 2441.

2442. Ford denies the allegations in paragraph 2442.

2443. Ford denies the allegations in paragraph 2443.

2444. Ford denies the allegations in paragraph 2444.

**COUNT VII**

**ALLEGED UNJUST ENRICHMENT**
**(Based on Virginia Law)**

2445 – 2449. Paragraphs 2445 - 2449 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**WASHINGTON**
**ALLEGED VIOLATION OF THE CONSUMER PROTECTION ACT**
**(Rev. Code Wash. Ann. §§ 19.86.010, *et seq.*)**

2450 – 2457. Paragraphs 2450 - 2457 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Rev. Code Wash. § 62A.2-313)**

2458. Ford asserts paragraph 2458 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Washington Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2459.    The allegations in paragraph 2459 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2460.    The allegations in paragraph 2460 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

2461.    Ford denies the allegations in paragraph 2461.

2462.    The allegations in paragraph 2462 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2462.

2463. The allegations in paragraph 2463 contain legal conclusions to which no response is required. To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2463.

2464. Ford denies the allegations in paragraph 2464.

2465. Ford denies the allegations in paragraph 2465.

2466. Ford denies the allegations in paragraph 2466.

2467. Ford denies the allegations in paragraph 2467.

2468. Ford denies the allegations in paragraph 2468.

2469. Paragraph 2469 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

2470. Ford denies the allegations in paragraph 2470.

**COUNT III**
**ALLEGED BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(Rev. Code Wash. § 62A.2-614)**

2471 – 2476. Paragraphs 2471 - 2476 contain no allegations requiring a response from Ford as the Court dismissed the implied warranty claim under Count III for Washington. (ECF No. 50).

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Rev. Code Wash. § 62.A.2-608)**

2477 – 2487. Paragraphs 2477 - 2487 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Washington Law)**

2488. Ford asserts paragraph 2488 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Washington Breach of Contract/Common Law Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2489. The allegations in paragraph 2489 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2490. Ford denies the allegations in paragraph 2490.

2491. Ford denies the allegations in paragraph 2491.

**COUNT VI**
**ALLEGED FRAUD BY CONCEALMENT**
**(Based on Washington Law)**

2492. Ford asserts paragraph 2492 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Washington Fraud by Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2493. Ford denies the allegations in paragraph 2493.

2494. Ford denies the allegations in paragraph 2494.

2495. Ford denies the allegations in paragraph 2495.

2496. Ford lacks the knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 2496. Beyond this, Ford specifically denies all allegations of purported concealment or suppression of any facts.

2497. Ford lacks knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 2497. Beyond this, Ford specifically denies all allegations of purported fraud and concealment or suppression of any facts. Ford further denies that plaintiffs are entitled to relief of any kind.

2498. Ford denies the allegations in paragraph 2498.

**COUNT VII**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Washington Law)**

2499 – 2503. Paragraphs 2499 - 2503 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**WEST VIRGINIA**
**COUNT I**
**ALLEGED VIOLATIONS OF THE CONSUMER CREDIT AND PROTECTION ACT**
**(W. Va. Code § 46A-1-101, *et seq.*)**

2504 – 2521. Paragraphs 2504 - 2521 contain no allegations requiring a response from Ford as the Court dismissed all consumer-protection claims. (ECF No. 50).

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(W. Va. Code § 46.2.313)**

2522.    Ford asserts paragraph 2522 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under West Virginia Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2523.    The allegations in paragraph 2523 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2524.    The allegations in paragraph 2524 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

2525.    Ford denies the allegations in paragraph 2525.

2526.    The allegations in paragraph 2526 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its

vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2526.

2527.    The allegations in paragraph 2527 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2527.

2528.    Ford denies the allegations in paragraph 2528.

2529.    Ford denies the allegations in paragraph 2529.

2530.    Ford denies the allegations in paragraph 2530.

2531. Ford denies the allegations in paragraph 2531.

2532.    Ford denies the allegations in paragraph 2532.

2533. Ford denies the allegations in paragraph 2533.

2534. Paragraph 2534 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

2535. Ford denies the allegations in paragraph 2535.

**COUNT III**
**ALLEGED BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(W. Va. Code § 46-2-314)**

2536. Ford asserts paragraph 2536 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under West Virginia Breach of Implied Warranty of Merchantability. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2537. The allegations in paragraph 2537 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes.

2538. The allegations in paragraph 2538 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes. Moreover, certain implied warranties arise by operation of law. However, many

plaintiffs purchased their vehicles used, and beyond the expiration of any express and implied warranties.

2539. Ford denies the allegations in paragraph 2539.

2540. Ford denies the allegations in paragraph 2540.

2541. Ford denies the allegations in paragraph 2541.

**COUNT IV**
**ALLEGED REVOCATION OF ACCEPTANCE / STATUTORY CLAIM FOR DIMINISHED VALUE**
**(W. Va. Code § 45A-6A-1, *et seq.* and W. Va. Code § 46-2-608)**

2542 – 2552. Paragraphs 2542 - 2552 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT V**
**ALLEGED UNJUST ENRICHMENT**
**(Based on West Virginia Law)**

2553 – 2556. Paragraphs 2553 - 2556 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**COUNT VI**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY/BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**
**(Based on West Virginia Law)**

2557. Ford asserts paragraph 2557 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under West Virginia Breach of Contract/Common Law Warranty/Breach of Duty of Good Faith and Fair Dealing. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2558. The allegations in paragraph 2558 contain legal conclusions to which no response is required. To the extent a response is required, Ford denies that the statements or allegations in paragraph 2558 are accurate or complete statements of law. Ford also denies the allegations in paragraph 2558 of breach and defect. Further, Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW. Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW.

2559. Ford denies the allegations in paragraph 2559.

2560. Ford denies the allegations in paragraph 2560.

2561. Ford denies the allegations in paragraph 2561.

**WISCONSIN**
**COUNT I**
**ALLEGED VIOLATIONS OF THE WISCONSIN DECEPTIVE TRADE PRACTICES ACT**
**(Wisc. Stat. § 110.18)**

2562. Ford asserts paragraph 2562 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under the Wisconsin Deceptive Trade Practices Act. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2563. Ford denies the allegations in paragraph 2563.

2564. Ford denies the allegations in paragraph 2564.

2565. Ford denies the allegations in paragraph 2565.

2566. Ford denies the allegations in paragraph 2566.

2567. Ford denies the allegations in paragraph 2567.

2568. Ford denies the allegations in paragraph 2568.

2569. Ford denies the allegations in paragraph 2569.

**COUNT II**
**ALLEGED BREACH OF EXPRESS WARRANTY**
**(Wisc. Stat. § 402.313)**

2570. Ford asserts paragraph 2570 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Wisconsin Breach of Express Warranty. The allegation in this paragraph, therefore, is not "a

short and plain statement of the claim" as Rule 8 requires.  To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2571.    The allegations in paragraph 2571 contain legal conclusions to which no response is required.  To the extent a response is required, Ford denies any allegations inconsistent with the language contained in the applicable statutes and that plaintiffs are entitled to damages or that Ford is liable.

2572.    The allegations in paragraph 2572 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves. Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW or who otherwise failed to comply with the terms of the NVLW.

2573.    Ford denies the allegations in paragraph 2573.

2574.    The allegations in paragraph 2574 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the

allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2574.

2575.    The allegations in paragraph 2575 contain legal conclusions to which no response is required.  To the extent a response is required, Ford admits that its vehicles are accompanied by a NVLW, the terms of which speak for themselves, and denies the existence of any other express warranty.  Ford denies any allegation that is inconsistent with the express terms of Ford's NVLW.  Ford further denies the allegations with respect to those plaintiffs who purchased their vehicles outside the expiration of their vehicles' NVLW. Ford denies all remaining allegations in paragraph 2575.

2576.    Ford denies the allegations in paragraph 2576.

2577.    Ford denies the allegations in paragraph 2577.

2578.    Ford denies the allegations in paragraph 2578.

2579.    Ford denies the allegations in paragraph 2579.

2580.    Ford denies the allegations in paragraph 2580.

2581.    Ford denies the allegations in paragraph 2581.

2582.    Paragraph 2582 contains no allegations requiring a response from Ford as the Court dismissed all claims for revocation of acceptance (ECF No. 50).

2583.    Ford denies the allegations in paragraph 2583.

**COUNT III**
**ALLEGED REVOCATION OF ACCEPTANCE**
**(Wisc. Stat. § 402.608)**

2584 – 2594. Paragraphs 2584 - 2594 contain no allegations requiring a response from Ford as the Court dismissed all revocation of acceptance claims. (ECF No. 50).

**COUNT IV**
**ALLEGED BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(Based on Wisconsin Law)**

2595 – 2598. Paragraphs 2595 - 2598 contain no allegations requiring a response from Ford as the Court dismissed the implied warranty claim under Count IV for Wisconsin. (ECF No. 50).

**COUNT V**
**ALLEGED FRAUD CONCEALMENT**
**(Based on Wisconsin Law)**

2599. Ford asserts paragraph 2599 violates Fed. R. Civ. P. 8(a)(2) because it incorporates all preceding paragraphs into this paragraph, including paragraphs with respect to plaintiffs who do not and cannot assert claims under Wisconsin Fraud Concealment. The allegation in this paragraph, therefore, is not "a short and plain statement of the claim" as Rule 8 requires. To the extent an answer is required, Ford incorporates its corresponding responses to the preceding paragraphs.

2600. Ford denies the allegations in paragraph 2600.

2601.   Ford neither admits nor denies the allegations in paragraph 2601 because it contains statements or allegations of law for which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 2601 are accurate or complete statements of law.  Ford also denies any allegations in paragraph 2601 of fraud and that it omitted or concealed any information.

2602.   Ford neither admits nor denies the allegations in paragraph 2602 because it contains statements or allegations of law for which no response is required.  To the extent a response is required, Ford denies that the statements or allegations in paragraph 2602 are accurate or complete statements of law.  Ford also denies any allegation in paragraph 2602 of fraud and that it omitted or concealed any information.

2603.   Ford denies the allegations in paragraph 2603.

2604.   Ford denies the allegations in paragraph 2604.

2605.   Ford lacks the knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 2605.  Beyond this, Ford specifically denies all allegations of purported concealment or suppression of any facts.

2606.   Ford denies the allegations in paragraph 2606.

2607.   Ford denies the allegations in paragraph 2607.

**COUNT VI**
**ALLEGED UNJUST ENRICHMENT**
**(Based on Wisconsin Law)**

2608 – 2611. Paragraphs 2608 - 2611 contain no allegations requiring a response from Ford as the Court dismissed all unjust enrichment claims. (ECF No. 50).

**PRAYER FOR RELIEF**

Ford denies any allegations not specifically and expressly admitted, and further denies any liability to or owing any amount or anything to any plaintiff on any ground or theory; legal or equitable. Ford therefore asks that the SAC be dismissed in its entirety, and that Ford be awarded its costs along with any other such relief to which it may be entitled.

**AFFIRMATIVE DEFENSES**

Defendant Ford Motor Company (Ford), may assert and rely on the following Affirmative Defenses to plaintiffs' Second Amended Complaint as applicable and as supported by the evidence developed in discovery and at trial:

1. Plaintiffs' claims may be barred in whole or in part by plaintiffs' and/or his/her agents' failure to mitigate damages to the extent plaintiffs failed to mitigate their damages.

2. Some of Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations and/or repose and/or the doctrine of laches.

3.      Plaintiffs and their agents and/or servants and/or another as of yet undetermined non-party may be the proximate cause of any defective condition in the subject vehicles, to the extent any defective condition exists and to the extent the condition is due to others.

4.      Ford has satisfied any warranty obligations to the extent they exist.

5.      Plaintiffs' claims may be barred in whole or in part by their failure to comply with or by breaches of their obligations under Ford's applicable NVLW.

6.      Plaintiffs' claims may be barred as a result of plaintiffs' or plaintiffs' agents' negligence which contributed to or was the sole cause of the damages allegedly sustained to the plaintiffs' property.

7.      The vehicles in question may have been changed, modified, or altered in a manner that voided any applicable warranty.

8.      The vehicles in question may have been abused, misused, or used in a manner not intended by the manufacturer.

9.      Plaintiffs failed to go through the BBB Autoline, which is a pre-requisite to filing a lawsuit under the Magnuson-Moss Warranty Act.

10.      To the extent the plaintiffs assert the existence of and obligations owed under a contract separate and apart from the Ford issued NVLW, then their claims may be barred by the Statute of Frauds for lack of evidence of such a written contract.

11.    All non-resident plaintiffs should be dismissed under the doctrine of forum non conveniens.

12.    To the extent Plaintiffs failed to give Ford notice of the alleged breach under the Uniform Commercial Code, their claims are barred.

13.    Adjudication of the plaintiffs' claims will require a choice-of-law/conflicts-of-law analysis, as Ford maintains that, with limited exception, Michigan law is generally not applicable to claims by plaintiffs who purchased their vehicles outside of Michigan.  Moreover, while the plaintiffs have asserted claims under various states' laws, choice of law and conflicts of laws is a case and fact-specific inquiry which may ultimately inform that the laws of a state other than what the plaintiffs have pled under applies.  Ford therefore reserves the right to assert any defenses applicable under the laws of the state that is ultimately determined to control each individual plaintiff's claims.

14.    Pending further investigation and discovery, Ford reserves the right to assert all affirmative defenses available under the Federal Rules of Civil Procedure and applicable state laws.

**RELIANCE ON JURY DEMAND**

Defendant Ford Motor Company, by its attorneys, Bowman and Brooke LLP, relies on plaintiffs' demand for a jury trial.

**BOWMAN AND BROOKE LLP**

BY: /s/ Thomas P. Branigan

THOMAS P. BRANIGAN (P41774)
JODI MUNN SCHEBEL (P55889)
MATTHEW G. BERARD (P77024)
Attorneys for Defendant, Ford Motor Company
41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304-4132
Telephone: 248.205.3300
Facsimile: 248.205.3309
Email: tom.branigan@bowmanandbrooke.com
Email: jodi.schebel@bowmanandbrooke.com
Email: matthew.berard@bowmanandbrooke.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System, which will send notification to all ECF counsel of record.

**BOWMAN AND BROOKE LLP**

BY: /s/ Thomas P. Branigan
THOMAS P. BRANIGAN (P41774)
JODI MUNN SCHEBEL (P55889)
MATTHEW G. BERARD (P77024)
Attorneys for Defendant, Ford Motor Company
41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304-4132
Telephone: 248.205.3300
Facsimile: 248.205.3309
Email: tom.branigan@bowmanandbrooke.com
Email: jodi.schebel@bowmanandbrooke.com
Email: matthew.berard@bowmanandbrooke.com